# FILED

JUN 1 7 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

CV 08    2992

*PJH*

*(PR)*

# EXHIBIT COVER PAGE



EXHIBT

Description of this Exhibit:  *U.S. Dpt of Justice.*
*Board of Immigration Review.*

Case No.
People v.

Number of pages to this Exhibit ___*10*___ pages.

## JURISDICTION:  (Check only one)

☐ Municipal Court
☐ Superior Court
☐ Appellate Court
☐ State Supreme Court
☐ United States District Court
☐ State Circuit Court
☐ United State Supreme Court
☐ Grand Jury



**U.S. Department of Justice**
Executive Office for Immigration Review
Board of Immigration Appeals, Office of the Clerk
P.O. Box 8530
5107 Leesburg Pike, Suite 2000
Falls Church, Virginia 22041
Tel. (703) 605-1000

---

EOIR status toll free telephone line:  ( 800)  898-7180
Board's Practice Manual:  www.usdoj.gov/eoir

Date : _3/4/08_        Alien  number: _7 7 7_ · · ·

---

❏ Your submission is being returned for the reason(s) indicated.   No record has been made of this
correspondence and should you write again concerning this same matter,
please return this notice along with your correspondence.

---

❏   The alien's registration number referenced in your submission does not correspond to the alien's
name. This material is returned to you so that this information can be verified or corrected.

✗    Cases at the Board of Immigration Appeals are retrievable primarily by the alien's 8-digit (or, in
some cases, 9-digit)  registration number ("A" number).  As your submission does not provide the
"A" number, this case cannot be located.

❏   The Board of Immigration Appeals shows no record that this case, as referenced in your
submission, is currently pending before it.

❏   The Immigration Judge entered a decision in this case on _____.   The Board shows
no record that the judge's decision was appealed to the Board.

❏   The Board entered a decision on _____.
There is nothing presently pending before the Board concerning this case.

❏   The record of proceedings has been returned to the Immigration Court in_____.

❏   Your submission was received subsequent to the Board's decision.

❏   The Board of Immigration Appeals is not permitted to give guidance or legal advice.  Immigration
law is both voluminous and complex.   To help you understand your situation, and determine how
you should proceed, you are encouraged to seek guidance from an attorney or legal aid
organization familiar with immigration law.   The Immigration Court or Department of Homeland
Security can give you a list of pro bono attorneys and organizations in your area that can provide
assistance at little or no cost.

X *If you don't provide your alien
number, we are unable to determin
your status.*

_Patricia E. Wegner, Appeals Examiner_

Tyrrall Farrow Cannon

CDCR # T-91710   (ISP)

Post Office Box 2199

Blythe, California. 92226.


Board of Immigration
Appeals

Tyrrall Farrow Cannon
                Complainant.          S.S. 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
                                      DofB Jan 02 1960
                                      State of California
Response to Patricia Wegner.   City of Compton.


I was born in america, President J.W. Clinton
Put into effect in 1994 a sign bill, that has
been applied in the State of California aimed
at return People of Color to the condition
of Slavery Prior to the Civil war Amendment
13th 14th and 15th amendment. Should this
State maintain the Statuse Que to denied
to Person born in this Country the Protection
Governed by United States Congressional act
and amendments over the veto of the Presid-
ent, and at the same time that the Presid-
ent Bush's Congressional acts of 2003, 2006

and 2007, use's the same language that
makes the ongoing federal Program illegal
(See Homeland Security act, Patriot act, And
the Military Commission act.

I feel that the Federal Government
has allow for an known Subversive group
to have its way with the so called Federal
Protected rights by failure to uproot Calif-
ornia (Justices) Judge from legislating
from the bench.

(See President Bush's speeches to the
nation the first 3, And the opening
use of Code's aimed at the idea's at the
time of United States Court "Supreme"
in the case of Dred Scott V. Sandford (1857).

People of Color, or Slave's never signed
or swan to the rules. only did the 14th
U.S. amendment gave Protection to Due Process,
and equal Protection of the law and
enforced by 42 USCA § 1985 (3).


The foregoing is true and Correct by
my undersigned and Date Per. 28 USCA 1746(2)


                                    Respectfully Submitted
Dated: 05/22/2008               Jurell Hanson
                                    Riverside California.

1

`Priority
Send
Enter
Closed
JS-5/JS-6
JS-2/JS-3
Scan Only`

FILED
CLERK, U.S. DISTRICT COURT.

JUL 1 1 2006

CENTRAL DISTRICT OF CALIFORNIA
BY                        DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

TYRRALL FARROW CANNON,      )    NO. CV 04-1287-CJC(CT)
                            )
            Petitioner,     )    JUDGMENT
                            )
        v.                  )
                            )
D. L. OLLISON, Warden,      )
                            )
            Respondent.     )
_____)

Pursuant to the Order Accepting the Magistrate Judge's Report and Recommendation,

IT IS ADJUDGED that the petition is denied and dismissed with prejudice.

DATED: _July 11, 2006_

Cormac J. Carney
UNITED STATES DISTRICT JUDGE

THIS DOCUMENT WAS SERVED BY FIRST CLASS M
ON ALL COUNSEL (OR PARTIES) AT THEIR MOST RE
ADDRESS OF RECORD IN THIS ACTION ON THIS D

DATED   7-14-06
BY _____

pg7.



1   Priority
    Send
2   Enter
    Closed
3   JS-5/JS-6
    JS-2/JS-3
4   Scan Only

5

6

7                      UNITED STATES DISTRICT COURT

8                     CENTRAL DISTRICT OF CALIFORNIA

    TYRRALL FARROW CANNON,        )    NO. CV 04-1287-CJC (CT)
9                                 )
                Petitioner,       )    ORDER ACCEPTING
10                                )    MAGISTRATE JUDGE'S
          v.                      )    REPORT AND RECOMMENDATION ON
11                                )    PETITION FOR WRIT OF HABEAS
                                  )    CORPUS BY A PERSON IN
12  D. L. OLLISON, Warden,        )    STATE CUSTODY
                                  )
13              Respondent.       )
                                  )
14  ─────────────────────────────

15      Pursuant to 28 U.S.C. § 636, the court has reviewed the entire

16  file de novo, including but not limited to, the magistrate judge's

17  report and recommendation, petitioner's objections and petitioner's

18  "complaint" against the magistrate judge and the California Attorney

19  General, which the court liberally construes as part of petitioner's

20  objections.  This court concurs with the magistrate judge's report and

21  recommendation.

22      In his objections, petitioner appears to raise an issue

23  concerning his attorney's representation during the preliminary

24  hearing.  Specifically, petitioner appears to contend that he was held

25  to answer to felony charges, rather than misdemeanor charges, due to

26  evidence concerning the crime scene offered at the preliminary

27

28                                      1

Page 3

1  hearing,[7] and his attorney's purported failure to investigate the

2  crime scene. (Objections at 2-3). To the extent that petitioner is

3  attempting to raise a new ground for relief in his objections that was

4  not raised in the first amended petition, the court declines to

5  exercise its discretion to consider such a ground for relief. See

6  United States v. Howell, 231 F.3d 615, 622 (9th Cir. 2000)(district

7  court has discretion, but is not required, to consider evidence

8  offered for the first time in the objections to the magistrate judge's

9  report and recommendation). Even if this court were to consider such

10  a belatedly-raised ground, which the court does not, petitioner's

11  conclusory allegations are insufficient to state a basis for habeas

12  relief. See James v. Borg, 24 F.3d 20, 26 (9th Cir. 1994)("Conclusory

13  allegations which are not supported by a statement of specific facts

14  do not warrant habeas relief").

15  Petitioner also contends that the magistrate judge allowed

16  respondent to raise new grounds in the answer while cautioning

17  petitioner that he should not raise any new grounds for relief in the

18  reply. (Objections at 7, 8). Respondent did not raise new grounds

19  for relief in the answer. Respondent responded to the grounds for

20  relief asserted in the first amended petition.

21  Petitioner also objects to the magistrate judge's denial of his

22  request for appointment of counsel. Appointment of counsel is not

23

24  ───────────────
   [7]The evidence offered at the preliminary hearing consisted
25  of the testimony of the victim and the police officer who went to
   the victim's apartment and interviewed the victim on the day of
26  the crime. (See Clerk's Transcript in petitioner's state court
   case, which was lodged by respondent concurrently with the answer
27  as Lodgement No. 17, at 40-75).

28

Page 4

1  required under these circumstances.  See Bonin v. Vasquez, 999 F.2d

2  425, 429 (9th Cir. 1993)("Clearly there is no constitutional right to

3  counsel on habeas"); Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir.

4  1986)(there is no entitlement to appointment of counsel in habeas

5  proceedings "unless circumstances of a particular case indicate that

6  appointed counsel is necessary to prevent due process violations").

7       Finally, petitioner lodges a "complaint" regarding the magistrate

8  judge and California Attorney General, in which he essentially

9  restates his grounds for relief and asserts that, by recommending

10  denial of the first amended petition, the magistrate judge is guilty

11  of "treason" and is "engaged in a communist conspiracy" with the

12  California Attorney General to "overthrow the government of

13  California." (See Complaint at I-II).  Based on these complaints,

14  petitioner "recommends" that the magistrate judge be removed from the

15  case. (See Objections at 12).  The court has considered petitioner's

16  complaints and finds that they are unfounded.  It is apparent from the

17  report and recommendation that the magistrate judge reviewed the

18  record and carefully considered each of petitioner's grounds for

19  relief.

20       Accordingly, IT IS ORDERED:

21       1.   The report and recommendation is accepted.

22       2.   Judgment shall be entered consistent with this order.

23       3.   The clerk shall serve this order and the judgment on all

24  counsel or parties of record.

25       DATED: July 11, 2006

26                                   Cormac J. Carney
                                     UNITED STATES DISTRICT JUDGE

27

28

3

Pg. 5.

# SUPREME COURT OF THE UNITED STATES
## OFFICE OF THE CLERK
## WASHINGTON, DC 20543-0001

April 19, 2007

Tyrrall F. Cannon
CDCR # T-91710
P.O. Box 2199
Blythe, CA 92226

RE: USCA 9 Case No. 06-89077

Dear Mr. Cannon:

The application for an extension of time within which to file a petition for a writ of certiorari in the above-entitled case was postmarked April 8, 2007 and received April 18, 2007. The application is returned for the following reason(s):

The application is out-of-time. The date of the lower court judgment or order denying a timely petition for rehearing was September 14, 2006. Therefore the application for an extension of time was due on or before December 13, 2006. Rules 13.1, 30.1 and 30.2. When the time to file a petition for a writ of certiorari in a civil case has expired (including any habeas action), the Court no longer has the power to review the petition or to consider an application for an extension of time to file the petition.

Sincerely,
William K. Suter, Clerk
By:

M. Blalock
(202) 479-3023

Enclosures

*Pg. 1.*

JUDICIAL COUNCIL

FOR THE NINTH CIRCUIT

FILED

SEP 1 4 2006

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

In re Charge of

Judicial Misconduct

No. 06-89077
ORDER AND
MEMORANDUM

Before:   SCHROEDER, Chief Judge

A complaint of misconduct has been filed against five
district judges and one magistrate judge of this circuit.
Administrative consideration of such complaints is governed by the
Rules of the Judicial Council of the Ninth Circuit Governing
Complaints of Judicial Misconduct or Disability (Misconduct
Rules), issued pursuant to the Judicial Council's Reform and
Judicial Conduct and Disability Act of 1980. 28 U.S.C. §§ 351-
364.

Complainant, a pro se prisoner, alleges that
California's "three strikes" law is unconstitutional and that the
criminal justice system as applied in California to people of
color equates to slavery. He accuses the judges of conspiring to
deprive him of his rights. Complainant's exhibits have been
carefully reviewed.

A limited inquiry indicates that complainant has filed
18 cases in the district court and numerous appeals over the past
several years. This complaint appears to relates to the judges'
decisions in complainant's cases. A complaint will be dismissed

093

if it is directly related to the merits of a judge's ruling or
decision in the underlying case.  28 U.S.C. § 352(b)(1)(A)(ii);
Misconduct Rule 4(c)(1).  A challenge to the judges' rulings
should be sought through the correct review procedure and not
through the procedures for judicial misconduct.  See In re Charge
of Judicial Misconduct, 685 F.2d 1226, 1227 (9th Cir. Jud. Council
1982)(If complainant wants to challenge the judge's rulings,
correct review procedure, "not the procedures for judicial
misconduct, [is] the proper remedy.")  Only a court has the power
to change a decision or ruling.  The judicial council, the body
that takes action under the misconduct complaint procedure, does
not have that authority.  Even multiple or very wrong legal
decisions may be addressed under the ordinary course of appellate
review.  The charges related to the judges' rulings and decisions,
therefore, are dismissed.

     Furthermore, although complainant submitted some
exhibits, they do not provide any objectively verifiable proof
supporting his allegation of conspiracy.  Conclusory charges that
are wholly unsupported, as here, will be dismissed.  28 U.S.C. §
352(b)(1)(A)(iii); Misconduct Rule 4(c)(3).  This charge,
therefore, is also dismissed.

          COMPLAINT DISMISSED.

                              _____
                              Mary M Schroeder
                              Chief Judge

2

pg 4.

PROOF OF SERVICE

Declaration of Service by Mail

I, _Tyrrall F. Cannon_, declare that I am over the age of eighteen (18) and that I (am~~not~~) a party to this action. On _May 22 2008_, I deposited a copy of the following document(s):

_Board of Immigration._
_Response, Patricia Wegner_

In a sealed envelope with the postage prepaid into the United States mail outlet via an authorized California Department of Corrections employee at State Prison, in _____, California, and addressed as follows:

_U.S. Dept of Justice._
_office of the Clerk._
_Board of Immigration._
_P.O. Box 8530._

_Clerk_

_C.I.A._
_F.B.I._
_United Nations._
_U.S. Court of Appeals_
_9th cir._
_San Bernardino,_
_Superior Court._
_Justice,_
_Frederick Mandabach_

I declare under penalty of perjury by the laws of the State of California that the foregoing is true and correct (pursuant to 28 USCA §1746(2)).

DATE _May 22 2008_          SIGNATURE _Tyrrall F. Cannon_

# EXHIBIT COVER PAGE 

EXHIBT *A*

Description of this Exhibit: *FBI, 602 Prisoner Complaint forms.*

Case No.
People v. *(FBI)*

Number of pages to this Exhibit _____ pages.

JURISDICTION: (Check only one)

☐ Municipal Court
☐ Superior Court
☐ Appellate Court
☐ State Supreme Court
☐ United States District Court
☐ State Circuit Court
☐ United State Supreme Court
☐ Grand Jury



**U.S. Department of Justice**

Federal Bureau of Investigation



Washington, D. C. 20535-0001

May 21, 2008

Mr. Tyrrall Cannon, #T-91710
Post Office Box 2199
Blythe, CA   92226

Dear Mr. Cannon:

This letter is in response to the correspondence
that you addressed to the FBI.

The allegations that you have brought to our attention
do not warrant any action by the FBI.  You may wish to pursue
these issues through the prison grievance process with the
assistance of an attorney.

Sincerely yours,

Carlton L. Peeples

Carlton L. Peeples
Chief, Civil Rights Unit
Criminal Investigative Division

Food Services.  4 USC 1983,

**INMATE/PAROLEE
APPEAL FORM**
CDC 602 (12/87)

Location: Institution/Parole Region    ISP-A    Category  9

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| CANNON, Tyrall F. | T-91710 | UNASSIGNED | 4-207UP |

A. Describe Problem: I Am A Prisoner under the Sentencing scheme of the (3) Three Strike's law, This law imposing Punishment by use of Plea Bargain Contract and with cdc and court officials. The Problem is that I Am along with other Prisoners is being subjected to Food Storage And Denied Vim-12(B), AND (C) Meat And Orange's, the amount of food is inadequate Per Serving. Being Sentenced under the 3 Strike law 25 years to life, Prison food administration know or Should have known that the U.S. Surgeant General declare

If you need more space, attach one additional sheet. Continue on Next Page.

B. Action Requested: Investigation in to criminal activities by denied Proper Food Nutrition, and enterprise to create condition of genocide of People of Color, Food Services Staff be fired And inmate(s) compensated for abuse(s)

Inmate/Parolee Signature: Tyrall Cannon    Date Submitted: 06/16/06.

C. INFORMAL LEVEL (Date Received: 6-28-06 )

Staff Response: See Attached

Staff Signature: X Carlos Kunt    Date Returned to Inmate: 7/13/06

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

It came to my attention, that the budget was pass early this year, then it has ever, Surely there appears to be apple Juices and milk served for dinning for one week, approx 3 years before the 3 Strikes 25 year to life, the U.S. Sargeant
(Continue additional Page (1)

Signature: Tyrall Cannon    Date Submitted: 07/18/06.

Note: Property/Funds appeals must be accompanied by a completed
Board of Control form BC-1E, Inmate Claim

CDC Appeal Number:

(Continue 602 Formal Level (D.)
Attached Page).

MR

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA  94283-0001

## DIRECTOR'S LEVEL APPEAL DECISION

Date:   NOV 2 9 2006

In re:   Cannon, T-91710
         Ironwood State Prison
         P.O. Box 2229
         Blythe, CA  92226

         IAB Case No.:  0603321          Local Log No.:  ISP  06-01280

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner J. Stocker, Facility Captain. All submitted documentation and supporting arguments of the parties have been considered.

I   APPELLANT'S ARGUMENT: It is the appellant's position that he is being fed insufficient food to sustain him through his life sentence based on his ethnicity. He states, "On Monday and Wednesday dinners was terrible and in a soup like serving, like pictured on showings of an Nazi German camp. All meals are out of code in the State of California." He requests investigation of the denial of proper food nutrition and genocide, dismissal of Food Services staff, and compensation.

II   SECOND LEVEL'S DECISION: The reviewer found that the CDCR standardized menu is established at 2900 calories per day on a weekly average and is developed by the CDCR Food Administrator. Ironwood State Prison (ISP) serves a menu that averages approximately 3100 calories per day on a weekly average. If the appellant consumed all of the food served to him, he would be consuming a very well-balanced heart-healthy diet. There is no cause to dismiss staff or to award monetary compensation to the appellant.

III   DIRECTOR'S LEVEL DECISION: Appeal is denied.

A.   FINDINGS: According to S. Summersett, CDCR Food Administrator, the CDCR inmate meal policy is provided in CDC Operations Manual Section (DOM) 54080. The CDCR does not observe the USDA pyramid that is provided for individual monitoring of nutritional needs. The CDCR menus follow heart-health goals with a target of 2500 to 3000 calories. The DOM 54080.1 states that the CDCR "shall supply inmates with a wholesome, nutritious, and adequate diet, served in an orderly manner with food flavor, texture, temperature, appearance and palatability taken into consideration. Recommended daily allowances, as established by the Food and Nutrition Board of the National Academy of Sciences, shall be considered authoritative in setting levels of nutritional need." The appellant has failed to demonstrate that ISP is not serving meals in accordance with CDCR policy.

B.   BASIS FOR THE DECISION:
California Code of Regulations, Title 15, Section: 3050, 3380
DOM: 54080.1, 54080.4

C.   ORDER: No changes or modifications are required by the institution.

This decision exhausts the administrative remedy available to the appellant within CDCR.

N. GRANNIS, Chief
Inmate Appeals Branch

cc:     Warden, ISP
        Appeals Coordinator, ISP

STATE OF CALIFORNIA — DEPARTMENT OF CORRECTIONS AND REHABILITATION                    ARNOLD SCHWARZENEGGER, GOVERNOR

**DIVISION OF ADULT INSTITUTIONS**
IRONWOOD STATE PRISON
P.O. BOX 2229
Blythe, CA 92226-2229



Appellant: Cannon, T.
CDC #: T-91710
Housing: A4-241L
Ironwood State Prison
P. O. Box 2199
Blythe, CA 92226

Dear Mr. Cannon:

## INFORMAL LEVEL APPEAL RESPONSE

### SUMMARY OF APPEAL
You are alleging that the Standardized State Menu denies you adequate intake of Vitamin B 12 and Vitamin C (meat and oranges). You also allege that the standardized serving sizes are inadequate.

You are requesting an investigation be conducted, regarding food items you are allegedly being denied, and into any related criminal activities. Additionally you would like the Food Services staff employment be terminated and that the inmate population be compensated for these alleged abuses.

### SUMMARY OF INQUIRY
After careful review of your appeal, the Standardized State Menu, and the CDCR Food Service Handbook, I was unable to find any information to support your claims.

It is required that all male inmates receive a minimum of 2900 calories daily, based on a weekly average. Ironwood State prison averages approximately 3100 calories daily based on a weekly average. This exceeds the daily requirement by 200 plus calories per day.

Vitamin C can be received from a variety of sources; the combination of fruits, vegetables, and juices served at ISP far exceeds what you consume from eating 1 orange per day. The same is true for the vitamin B-12. If you eat all of the food served to you, you would be consuming a very well balanced heart healthy menu.

### APPEAL RESPONSE
For the reasons stated above, your appeal is **PARTIALLY/GRANTED** at the Informal Level of Review.

I did, at your request conduct a thorough inquiry into the nutritional value of the States Standardized Menu, and have found it more than adequate to sustain life in normal healthy adult males.



Appellant: Cannon, T.
CDC#: T-91710





Page 2

Regarding the termination of Food Service Staff, no wrong doing has been found. However in the event that disciplinary action should be taken against staff, it would be kept strictly confidential, that information would not be available for your review.

Lastly since no wrong doing has occurred, there is no reason to compensate any inmates regarding Food Service issues.

Please be advised, per CCR Title 15, Section 3084.4 (b) Appeal System Abuse, is very clear regarding the use of inappropriate statements used while filing 602's.

Further attempts to falsely accuse the CDCR of attempting to exterminate any entire race of people could result in disciplinary action for violation of the CCR Title 15, Section 3084.4 (b).

If you are dissatisfied with the Informal Level of Response, complete Section F of the CDC 602 and forward to the Inmate Appeals Office for a Second Level Review.

Sincerely,

C. Luna
Correctional Supervising Cook

**DIVISION OF ADULT INSTITUTIONS**
IRONWOOD STATE PRISON
P.O. BOX 2229
Blythe, CA 92226-2229





AUG 3 1 2006

Appellant: Cannon, T.
CDC #: T-91710
Housing: B3-119L
Ironwood State Prison
P. O. Box 2199
Blythe, CA 92226

Dear Mr. Cannon:

### SECOND LEVEL APPEAL RESPONSE LOG # ISP-A-06-01280

#### SUMMARY OF APPEAL
You continue to allege, as in your Informal Level Appeal, that the Standardized State Menu deprives you adequate intake of nutritional foods. You also allege that the Standardized State Menu cannot sustain the human life for twenty-five years.

You are also quoting various State and Federal Court rulings, and you are alleging that the state passed Proposition #184, Three Strike Law, to target people of color that have been denied Equal Opportunity. You allege that the state has engaged in criminal activities denying you of various Canteen and Packaged vendor items. You allege that the Food Administration must be aware of the lack of various meals i.e., Liver, Pork Chops, Bacon, Beef Ribs, Roast Beef, and Fish. You allege that there are other concerns, than just a healthy heart such as the Kidneys, Pancreas, and Prostate that is important to life expectancy.

You are requesting an investigation be conducted, regarding the food items you are allegedly being denied.

#### SUMMARY OF INQUIRY
Your appeal was **partially granted** at the Informal Level and it was bypassed at the First Level.

An interview was conducted with you for the purpose of this Response on August 29, 2006.

A thorough inquiry has been conducted for the purpose of this response. An investigation has been conducted into your allegations, regarding food items you are allegedly being denied, and into any related criminal activities. You allege that all information mentioned in your appeal will be made known to the Federal Doctors and Judges.

During the interview you went on to add that even though the Standardized State Menu is approved by the Department of Food Administrator (DFA), there needs to be a variety of fruits and vegetables that may be purchased and substituted weekly or every other week.

Appellant: Cannon, T.
CDC#: T-91710
Log #: ISP-A-06-01280
Page 2



You also stated that recently you were out-to-court and you were temporarily housed at California Institution for Men, while there you received a better selection of food. This is what you are requesting more variety and better nutrition in the quality of food that is served here at ISP.

After careful review of your appeal, the Standardized State Menu, the CDCR Food Service Handbook and the DFA Manual, I was unable to find any information to support your claims.

As stated in the informal response; It is required that all male inmates receive a minimum of 2900 calories daily, Ironwood State Prison (ISP) averages approximately, 3100 calories daily based on a weekly average. This exceeds the daily requirement by 200 calories per day.

Vitamin C can be received from a variety of sources; the combination of fruits, vegetables, and juices served at ISP far exceeds what you consume from eating 1 orange per day. The same is true for the vitamin B-12. If you consumed all food served to you daily, you would be consuming a very well balanced Heart Healthy and Nutritional Meal.

**APPEAL RESPONSE**
For the reasons stated above and below, your appeal is **DENIED** at the Second Level of Review.

As per your request, a thorough inquiry into the **Nutritional Value** of the States Standardized Menu, has been done, conclusion is that the menu is more than adequate to sustain life in a normal healthy adult male.

Regarding the allegations of Criminal Acts and denial of Equal Opportunity by Food Services Staff and other State departments, no wrong doing has been found.

Please be advised, per CCR Title 15, Section 3084.4 (b) Appeal System Abuse, is very clear regarding the use of inappropriate statements used while filing 602's.

Further attempts to falsely accuse the CDCR of attempting to exterminate any entire race of people could result in disciplinary action for violation of the CCR Title 15, Section 3084.4 (b).

If you are dissatisfied with the Second Level of Response, complete Section H of the CDC 602 and forward for Directors Review.

Sincerely,

FIDEL MARTINEZ
Assistant Correctional Food Manager

S. J. RYAN
Chief Deputy Warden

# EXHIBIT COVER PAGE 

EXHIBIT $\beta$.

Description of this Exhibit:

Case No.

Number of pages to this Exhibit _____ pages.

JURISDICTION:

42 USCA. 1997 e.
42 USCAS 1983, 1985.

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

**INMATE/PAROLEE
APPEAL FORM**
CDC 602 (12/87)

Location: Institution/Parole Region    Log No.    Category

1. _ISP._    1. _____    _____

2. _____    2. _____

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

NAME Cannon, Tyrrall F.    NUMBER T-91710    ASSIGNMENT Med- Unassigned    UNIT/ROOM NUMBER D-1-1102.

A. Describe Problem: On or about May 01, 2008, total of 5 years that I have been held or hold in Prison on charge founded Guilty of by Jury and by County Judge ruling on Prior Prison Terms alleged paid to be sentenced under the 3 strikes law after the fact Dec 1994, to suffer 25 years to life, the California Constitution and United States establish law constitute 3 year max for conviction, AND 1 year for each Prior Prison terms. And that on May 01st 2003 (See Additional Page. 1.

If you need more space, attach one additional sheet.

B. Action Requested: Request for 1,000.00 Dollar a day after May 1 2008 And/or 10,000 Dollars a year for each Constitutional violation of the United States Constitution. That I am being held to pay off an illegal debt, and by those holding me,

Inmate/Parolee Signature: Tyrrall F Cannon.    Date Submitted: 06/03/08.

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: _____

_____

_____

_____

_____

Staff Signature: _____    Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

_____

_____

_____

_____

Signature: _____    Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed
Board of Control form BC-1E, Inmate Claim

CDC Appeal Number:

TO: FBI.

1. continue 602 CANNON, (Illegal Holding. 3x.) Of /c
2. I was excepted into the Prison system
3. herein the state of California County of Kern
4. WASCO state Prison to begin my sentence
5. by superior Court Judge of San Bernardino
6. arbitrary action to impose a sentence Politically
7. motivated scheme contrary to the United States
8. Constitution, Contractual law, and taking Clause
9. 5th, and 14th constitution § (1)(2). wherefore in the
10. allege rights set out in CAL. Pen. Code 667 (b)(1), _
11. 667 (b)(1), common sense usage of the language
12. (shall) is mandatory and must not be given
13. surplus meaning or construed as meanless, where
14. have one rights to be Free from involuntary Servitude
15. 13th USCA. §(1)(2). The state of California and
16. its Department was clearly in compliance with
17. the work details of the contracts made in the
18. court of law under the (Prior Act Prop. 8 of 1982)
19. and that one could not Plea Bargain to a Serious
20. or violent offense 1192.7. as did in Prior
21. Plea Bargain in 1985, and 1992. (see attached
22. Contracts). According to the Title 15 CCR. under
23. Recall of Sentence (see App. Coordinator May
24. 12, 2003, and May 28, 2003,) that makes this
25. appeals timely also (see 43USCA§ 1997e) (1983)
26. 1985, (1986). After Complained of.) Exh# 1 thru 10.)
27. That this holding is in violation of Homeland
28. Security Act. and other Federal Criminal

OVER.

Continue. #2

Statuse. (See 18 USCA § 371, 18 USCA § 1201, 18 USCA § 1202, 18 USCA § 1951, 18 USCA § 1961, 1962, 18 USCA 1581, et seq. Smith Act, Anti trust law Sherman Act and treaties Prohibition Slavery, Kidnap for Slavery, Kidnap for Profit, inciting citizens to take part in Slavery and or Genocide 42 USCA § 1994, 18 USCA 1091. et seq. by breeches of Contract's and denied Due Processe's and equal Protection of all Laws and rules that Govern Citizens in America, United States. and at all times, by those sworn by OATH to execute power to protect the Constitution from all enemies. (See 18 USCA § 2381-2386.)

I declare under penalty of Perjury and under the Constitution of the United States, that I Am being held or hold herein the State of California, County of Riverside. City of Blythe in violation of my citizenship by shareholder, sharecropper in breeches of Contracts And after Complaint of. 18 USCA § 1746 ①.

Dated: June 03 2008 .          Tynall Hannum.
                              Ironwood State Prison.
                              # T-91710 Prisoner.

/ / /
/ / /
/ / /



## ABSTRACT OF JUDGEMENT - PRISON COMMITMENT INDETERMINATE SENTENCE

FORM CR 292

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF | SAN BERNARDINO | | | SUPERIOR COURT COUNTY OF SAN BERNARDINO RANCHO CUCAMONGA DISTRICT |
|---|---|---|---|---|
| COURT I.D. | BRANCH | RANCHO | CASE NUMBER(S) | |
| 36110 | | | FWV026177 · A | APR 2 8 2003 |
| PEOPLE OF THE STATE OF CALIFORNIA versus | | ☑ PRESENT | · B | |
| DEFENDANT: TYRRALL FARROW CANNON | | | · C | |
| AKA: | | ☐ NOT PRESENT | · D | BY |
| COMMITMENT TO STATE PRISON | AMENDED | | · E | DEPUTY |
| ABSTRACT OF JUDGEMENT | ABSTRACT ☐ | | | |

| DATE OF HEARING (MO) (DAY) (YR) | DEPT. NO | JUDGE | | CLERK | |
|---|---|---|---|---|---|
| 04/25/03 | R19 | FREDERICK A MANDABACH | | E KEMATT | |
| REPORTER | | COUNSEL FOR PEOPLE | COUNSEL FOR DEFENDANT | | PROBATION NO. OR PROBATION OFFICER |
| GEORGIA BRACAMONTE | | MICHELE DALY | PRO PER | | 0134717 |

1. DEFENDANT WAS CONVICTED OF THE COMMISSION OF THE FOLLOWING FELONIES:

☐ ADDITIONAL COUNTS ARE LISTED ON ATTACHMENT          (NUMBER OF PAGES)

| COUNT | CODE | SECTION NUMBER | CRIME | YEAR CRIME COMMITTED | DATE OF CONVICTION | | | CONVICTED BY | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | MO | DAY | YEAR | | | | | |
| 7 | PC | 273.5(A) | CORPORAL INJURY TO SPOU | 02 | 02 | 28 | 03 | X | | | | |

2. ENHANCEMENTS charged and found true TIED TO SPECIFIC COUNTS (mainly in the § 12022-series) including WEAPONS, INJURY, LARGE AMOUNTS OF CONTROLLED SUBSTANCES, BAIL STATUS, ETC.: For each count list enhancements horizontally. Enter time imposed for each or 'S' for stayed or stricken, DO NOT LIST enhancements charged but not found true or stricken under § 1385. Add up time for enhancements on each line and enter line total in right-hand column.

| Count | Enhancement | Yrs or 'S' | Enhancement | Yrs or 'S' | Enhancement | Yrs or 'S' | Enhancement | Yrs or 'S' | Enhancement | Yrs or 'S' | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | |

3. ENHANCEMENTS charged and found true FOR PRIOR CONVICTIONS OR PRIOR PRISON TERMS (mainly § 667-series) and OTHER: List all enhancements based on prior convictions or prior prison terms charged and found true. If 2 or more under the same section, repeat it for each enhancement (e.g., if 2 non-violent prior prison terms under § 667.5(b) list § 667.5(b) 2 times). Enter time imposed for each or 'S' for stayed or stricken, DO NOT LIST enhancements charged but not found true or stricken under § 1385. Add time for these enhancements and enter total in right-hand column. Also enter here any other enhancement if enhancement not provided for in space 2.

| Enhancement | Yrs or 'S' | Enhancement | Yrs or 'S' | Enhancement | Yrs or 'S' | Enhancement | Yrs or 'S' | Enhancement | Yrs or 'S' | Total |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | |
| Enhancement | Yrs or 'S' | Enhancement | Yrs or 'S' | Enhancement | Yrs or 'S' | Enhancement | Yrs or 'S' | Enhancement | Yrs or 'S' | Total |
| | | | | | | | | | | |

4. Defendant was sentenced to State Prison for an indeterminate term:

A. ☐ For LIFE WITHOUT THE POSSIBILITY OF PAROLE on counts _____     C. ☐ For 15 years to life, WITH POSSIBILITY OF PAROLE on counts _____

B. ☐ For LIFE WITH POSSIBILITY OF PAROLE on counts _____     D. ☐ For 25 years to life, WITH POSSIBILITY OF PAROLE on counts 7

E. ☐ For other term prescribed by law on counts _____          (Specify term on separate sheet if necessary.)

PLUS enhancement time shown above.

5. ☐ Indeterminate sentence shown on this abstract to be served     ☐ consecutive to     ☐ concurrent with any prior incompleted sentence(s).

6. Other Orders(List all consecutive / concurrent sentence relationships, fines, etc. if not shown above.)

TOTAL INDETERMINATE SENTENCE
OF 25 YEARS TO LIFE

5. Other orders: PC1202.4(b)Restitution Fine $ 200.00 payable to the Restitution Fund to be collected by the Dept. of Corrections. ☐ PC1202.45-Restitution Fine $ 200.00 stayed pending successful completion of parole. ☐ PC1202.4 Restitution Fine $ 840.00 payable to the victim State board of control to be collected by the Dept of Corrections.
☐ Sentence is run concurrent to _____
☐Sentenced per PC1170.12(c)/667(e)(1)

(Use an additional page if necessary.)

7. ☑ The Court advised the defendant of all appeal rights in accordance with rule 470, California Rules of _____

8. EXECUTION OF SENTENCE IMPOSED:

A. ☑ AT INITIAL SENTENCING     B. ☐ AT RESENTENCING PURSUANT TO DECISION ON APPEAL     C. ☐ AFTER REVOCATION OF PROBATION     D. ☐ AT RESENTENCING PURSUANT TO RECALL OF COMMITMENT (PC 1170(d))     E. ☐ OTHER
HEARING

| 9. DATE OF SENTENCE PRONOUNCED (MO) (DAY) (YR) | CREDIT FOR TOTAL DAYS TIME SPENT IN CUSTODY | | ACTUAL LOCAL TIME | LOCAL CONDUCT CREDITS | STATE INSTITUTIONS |
|---|---|---|---|---|---|
| 04/25/03 | 330 | INCLUDING: | 220 | 110 | ☐ DMH     ☐ CDC |

10. DEFENDANT IS REMANDED TO THE CUSTODY OF THE SHERIFF, TO BE DELIVERED:

☑ FORTHWITH          INTO THE CUSTODY OF THE DIRECTOR OF          ☐ CALIF. INSTITUTION FOR WOMEN - FRONTERA          ☐ CCWF - CHOWCHILLA          ☑ CALIF. INSTITUTION FOR MEN - CHINO          ☐ DEUEL VOC. INST.
☐ AFTER 48 HOURS, EXCLUDING SATURDAYS, SUNDAYS AND HOLIDAYS     CORRECTIONS AT THE RECEPTION-GUIDANCE CENTER LOCATED AT:          ☐ WASCO          ☐ SAN QUENTIN          ☐ R.J. DONOVAN
          ☐ OTHER (SPECIFY)

### CLERK OF THE SUPERIOR COURT

I hereby certify the foregoing to be a correct abstract of the judgement made in this action.

| DEPUTY'S SIGNATURE | DATE |
|---|---|
| | 04/28/03 |

This form is prescribed under Penal Code § 1213.5 to satisfy the requirements of § 1213 for indeterminate sentences. Attachments may be used but must be referred to in this document.

Form Adopted by the Judicial Council of California Effective January 1, 1989

ABSTRACT OF JUDGMENT - PRISON COMMITMENT - INDETERMINATE
FORM CR 292

Pen C § 1213.5

*Appendix (A).*

SUPERIOR COURT OF THE STATE OF CALIFORNIA
FOR THE COUNTY OF LOS ANGELES

PEOPLE vs. TYRRALL CANNON

CASE NUMBER
A 465064

GUILTY PLEA IN THE SUPERIOR COURT

1.  My full name is TYRRALL CANNON . I am represented
    by TOM REITANO , who is my attorney

2.  I understand that I am pleading guilty and admitting the following offenses, prior convictions and special punishment allegations carrying possible penalties as follows:

| CT. | CHARGE | MAX TERM | YRS. | ENHANCEMENTS | YRS. | TERM FOR PRIORS | YRS. | TOTAL PENALTY YEARS |
|-----|--------|----------|------|--------------|------|-----------------|------|---------------------|
| 3 | 496 | 16 mo 2 3 | 3 mo if consecutive | | | | | 8 mo |
| 4 | 211 | 2,3 5 | 5 | | | | | 5 YR |
| | | | | 12022.5 | | | | 2 YR |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |

Maximum Total Punishment 12 YRS 8 mo

3.  I understand that for persons sentenced to state prison the following terms of parole apply after expiration of the prison term
    Determinate sentence up to 3-year parole plus up to 1 year maximum confinement on revocation.
    Life sentence up to 5 years parole plus up to 18 months maximum confinement on revocation.

4.  I understand that the courts and the Legislature have approved plea bargaining. That it is absolutely necessary all plea agreements promises of particular sentences or sentence recommendations be completely disclosed to the court on this form.

5.  I understand that I have the right to be represented by an attorney at all stages of the proceedings until the case is terminated and that if I cannot afford an attorney, one will be appointed free of charge.

6.  I understand that I have a right to a trial by jury, which means that 12 citizens selected by my lawyer and the prosecutor would hear all the facts in this case and decide whether or not I am guilty of the crime charged against me. All 12 citizens would have to agree that I am guilty in order for me to be convicted of any crime charged against me or all 12 citizens would have to agree that I am not guilty in order to acquit me. I hereby waive and give up this right.

7.  I understand that I have the right to be confronted with witness(es) against me; in other words, that they testify under oath in my presence, and to cross-examine them through my attorney. I hereby waive and give up this right.

8.  I understand that I have the right to testify on my own behalf, but that I cannot be compelled to be a witness against myself, and may remain silent if I so choose. I hereby give up these rights.

9.  I understand that I have the right to call witnesses to testify in my behalf and to use the assistance and processes of the court to subpoena those witnesses and to compel them to come to court to testify. I hereby waive and give up these rights.

10. I understand that if I am not a citizen of the United States, the conviction for the offense charged may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States.

11. I understand that I may be required to register as a sex offender to section 290 of the Penal Code.

12. I understand that I may be required to register as a narcotic offender pursuant to section 11590 of the Health and Safety Code.

13. I understand that a conviction in this case would constitute a violation of any probation or parole that I may have at this time; that the court or authority that has me on probation or parole can take me back on a violation and impose a separate sentence for the violation.

14. ☒ My lawyer has told me that if I plead guilty to the above charge(s), enhancement(s) and prior conviction(s), the court will sentenc me as follows:

    ☒ State prison for the term prescribed by law, which term is a maximum of ___5___ years imprisonment in the peniten tiary. I waive my right to make application for probation and request immediate sentence.

    ☒ That I make an application for probation which will be considered by the court before sentence is pronounced. I understan the court may send me to state prison for a maximum of _____ years.

    ☒ Probation under the conditions to be set by the court. I understand that a violation of probation may cause the court to sen me to the penitentiary for a maximum of _____ years on this case.

    ☒ Commitment to CYA         ☒ 1203.03 PC Commitment
    ☒ Institution of MDSO     ☒ CRC Proceedings
    ☒ Other ___SENTENCE IS FIVE YEARS STATE PRISON___

15. ☒ I understand that the court may make me pay a sum of money to the State Indemnity Fund, as part of my sentence (Section 13967 of the Government Code).

16. ☒ I have discussed the charge(s), the facts and the possible defenses with my attorney.

17. ☒ I offer my plea of "Guilty" freely and voluntarily and with full understanding of all the matters set forth in the pleading and in this form. No one has made any threats, used any force against myself, family or loved ones, or made any promises to me except as set out in this form, in order to convince me to plead guilty.

18. ☒ I offer to the court the following as the basis for my plea of guilty:

    ☒ Factual Basis _____

    ☒ I am pleading guilty to take advantage of a plea bargain.
    ☐ My attorney will stipulate to a factual basis for my plea.
    ☒ Other: _____

19. ☒ I have personally initialed each of the above boxes and discussed them with my attorney. I understand each and every one of the rights outlined above and I hereby waive and give up each of them in order to enter my plea to the above charge(s).

DATED: __5/27/85__      SIGNED: _____
                                       Defendant

20. ☐ DEFENDANT'S ATTORNEY ONLY — I am attorney of record and I have explained each of the above rights to the defendant, and having explored the facts with him/her and studied his/her possible defenses to the charge(s), I concur in his/her decision to waive the above rights and to enter a plea of guilty. I further stipulate this document may be received by the court as evidence of defendant's intelligent waiver of these rights, and that it should be filed by the clerk as a permanent record of that waiver. No promises of a particular sentence or sentence recommendation have been made by myself or to my knowledge by the prosecuting attorney or the court which have not been fully disclosed in this form.

DATED: __5/27/85__      SIGNED: __Thomas A Reitano__
                                       Attorney

21. ☐ FOR THE PEOPLE: Date: __3/27/85__      SIGNED: _____
                                       DEPUTY DISTRICT ATTORNEY

SUPERIOR COURT OF THE STATE OF CALIFORNIA
FOR THE COUNTY OF LOS ANGELES

CASE NUMBER

PEOPLE vs. _Tyrall Cannon_          _KA-013879_

### GUILTY PLEA IN THE SUPERIOR COURT

1. My full name is _Tyrall Cannon_ _____. I am represented
   by _A Johnson_ _____, who is my attorney.

2. I understand that I am pleading guilty and admitting the following offenses, prior convictions and special punishment allegations, carrying possible penalties as follows:

| CT. | CHARGE | MAX TERM | YRS. | ENHANCEMENTS | YRS. | TERM FOR PRIORS | YRS. | TOTAL PENALTY YEARS |
|-----|--------|----------|------|--------------|------|-----------------|------|---------------------|
| 1 | 245 (a)(1) | | 4 | | | | | |
| | | | | 12022.7 | 3 | | | |
| | | | | 667(a) | 5 | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |

Maximum Total Punishment _12_

OCT 9 1992
FRANK S.

3. ☑ I understand that for persons sentenced to state prison the following terms of parole apply after expiration of the prison term:
   ☐ Determinate sentence up to 3-year parole plus up to 1 year maximum confinement on revocation.
   ☑ Life sentence up to 5 years parole plus up to 18 months maximum confinement on revocation.

4. ☑ I understand that the courts and the Legislature have approved plea bargaining. That it is absolutely necessary all plea agreements, promises of particular sentences or sentence recommendations be completely disclosed to the court on this form.

5. ☑ I understand that I have the right to be represented by an attorney at all stages of the proceedings until the case is terminated and that if I cannot afford an attorney, one will be appointed free of charge.

6. ☑ I understand that I have a right to a trial by jury, which means that 12 citizens selected by my lawyer and the prosecutor would hear all the facts in this case and decide whether or not I am guilty of the crime charged against me. All 12 citizens would have to agree that I am guilty in order for me to be convicted of any crime charged against me or all 12 citizens would have to agree that I am not guilty in order to acquit me. I hereby waive and give up this right.

7. ☑ I understand that I have the right to be confronted by witness(es) against me; in other words, that they testify under oath in my presence, and to cross-examine them through my attorney. I hereby waive and give up this right.

8. ☑ I understand that I have the right to testify on my own behalf, but that I cannot be compelled to be a witness against myself, and may remain silent if I so choose. I hereby give up these rights.

9. ☑ I understand that I have the right to call witnesses to testify in my behalf and to use the assistance and processes of the court to subpoena those witnesses and to compel them to come to court to testify. I hereby waive and give up these rights.

10. ☐ I understand that if I am not a citizen of the United States, the conviction for the offense charged may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States.

11. ☑ I understand that I may be required to register as a sex offender to section 290 of the Penal Code.

12. ☑ I understand that I may be required to register as a narcotic offender pursuant to section 11590 of the Health and Safety Code.

13. ☑ I understand that a conviction in this case would constitute a violation of any probation or parole that I may have at this time; that the court or authority that has me on probation or parole can take me back on a violation and impose a separate sentence for the violation.

14. My lawyer has told me that if I plead guilty to the above charge(s), enhancement(s) and prior conviction(s), the court will *sentence me* as follows:

☐ State prison for the term prescribed by law, which term is a maximum of _____ years imprisonment in the penitentiary. I waive my right to make application for probation and request immediate sentence.

☐ That I make an application for probation which will be considered by the court before sentence is pronounced. I understand the court may send me to state prison for a maximum of _____ years.

☐ Probation under the conditions to be set by the court. I understand that a violation of probation may cause the court to send me to the penitentiary for a maximum of _____ years on this case.

☐ Commitment to CYA                    ☐ 1203.03 PC Commitment

☐ Institution of MDSO                   ☐ CRC Proceedings

☐ Other _____

15. ☐ I understand that the court may make me pay a sum of money to the State Indemnity Fund, as part of my sentence (Section 13967 of the Government Code).

16. ☐ I have discussed the charge(s), the facts and the possible defenses with my attorney.

17. ☐ I offer my plea of "Guilty" freely and voluntarily and with full understanding of all the matters set forth in the pleading and in this form. No one has made any threats, used any force against myself, family or loved ones, or made any promises to me except as set out in this form, in order to convince me to plead guilty.

18. ☐ I offer to the court the following as the basis for my plea of guilty:

☐ Factual Basis _____

☐ I am pleading guilty to take advantage of a plea bargain.

☐ My attorney will stipulate to a factual basis for my plea.

☐ Other: _____

19. ☐ I have personally initialed each of the above boxes and discussed them with my attorney. I understand each and every one of the rights outlined above and I hereby waive and give up each of them in order to enter my plea to the above charge(s).

DATED: 10/9/92                    SIGNED: _Yrroll Cannson_
                                           Defendant

20. ☐ DEFENDANT'S ATTORNEY ONLY – I am attorney of record and I have explained each of the above rights to the defendant, and having explored the facts with him/her and studied his/her possible defenses to the charge(s), I concur in his/her decision to waive the above rights and to enter a plea of guilty. I further stipulate this document may be received by the court as evidence of defendant's intelligent waiver of these rights, and that it should be filed by the clerk as a permanent record of that waiver. No promises of a particular sentence or sentence recommendation have been made by myself or to my knowledge by the prosecuting attorney or the court which have not been fully disclosed in this form.

DATED: 16/9/92                    SIGNED: _____
                                           Attorney

21. ☐ FOR THE PEOPLE: Date: _____    SIGNED: _____
                                           DEPUTY DISTRICT ATTORNEY

probation to life in prison.

The sentencing reform law passed in 1977 sought to take some power away from judges in the hopes that prison terms would be fairer. For each crime, the new California law set a lower, middle and upper term.

The law also said the judge "shall order imposition of the middle term," unless the judge decides certain "aggravating circumstances" that call for the upper term.

Justice Ruth Bader Ginsburg, who wrote Monday's majority opinion, pointed to this "shall order" mandate as the flaw that makes California's system unconstitutional.

In the case before the court, John Cunningham, a former police officer from Contra Costa County, was convicted by a jury of sexually molesting his son over several years. The crime had a lower term of six years, a middle term of 12 years and an upper term of 16 years. During a sentencing hearing, the judge agreed with the prosecutor, who said there were several "aggravating circumstances" — including that the crime was violent, that Cunningham had preyed upon a vulnerable person and that he represented a danger to the community. The judge sentenced Cunningham to the upper term, adding four years to his prison time.

In California, "the middle term ... not the upper term, is the relevant statutory maximum," Ginsburg said, and therefore, the extra prison term violated the defendant's rights.

The case of Cunningham vs. California split the two latest Supreme Court appointees. Chief Justice John G. Roberts Jr. joined the Scalia-Stevens bloc to say California's system is flawed. Also joining the ruling were Justices David H. Souter and Clarence Thomas.

Meanwhile, Justice Samuel A. Alito Jr. spoke for the dissenters. He noted that the Supreme Court, with Ginsburg in the majority, had upheld the federal sentencing system two years ago by concluding its guidelines were advisory, not mandatory.

California's system is quite similar, he said.

"The California sentencing law that the court strikes down today is indistinguishable in any constitutionally significant respect from the advisory guideline scheme [in the federal system] that the court approved"



Case 3:08-cv-02992-PJH    Document 3    Filed 06/17/2008    Page 31 of 51

similarly situated groups in an unequal manner."[34]

In *People v. Olivas*[35] the California Supreme Court, in overturning a sentence scheme on equal protection grounds, held that "personal liberty is a fundamental interest, second only to life itself, as an interest protected both under the California and United States Constitutions."[36] The burden was on the state, since the defendant had a "fundamental interest" to establish that a compelling interest justified the law and the distinctions drawn were necessary to further that purpose.[37]

It is clear that AB 971 was designed as a statute for habitual criminals and supports that which the United States Supreme Court has held "[t]he constitutionality of the practice of inflicting more severe criminal penalties upon habitual offenders is no longer open to serious challenge. . . ."[38] However, AB 971 clearly punishes minors differently than adults and denies minors the "fundamental right" to a jury trial which is guaranteed to all adults in felony matters. There is no logical reason why persons who commit offenses when they were sixteen or seventeen years of age should be treated differently than a person who committed the same offense when he or she was eighteen. Nor, does there appear to be a logical reason why a minor should be subject to different definitions of crimes that constitute "strikes," than adults.[39] This sentencing scheme is filed with obvious constitutional violations. CALIFORNIA PENAL CODE sections 667(b)(1) and 667(g) require that the prosecutor must plead and prove all prior convictions, thus tying the prosecutor's hands and making a bad situation even worse.

## VIII. ARE THERE "STRIKE PRIORS" BEFORE MARCH 7, 1994?

In addition to all of the other problems created by CAL. PENAL CODE section 667(d)(1), with respect to prior convictions, is the problem created by the interpretation of exactly what the statute states. The language of the

34. *Id.*
35. People v. Olivas, 551 P.2d 375 (1976).
36. *Id.*
37. People v. Terflinger, 143 Cal. Rptr. 501 (1978); Yick Wo v. Hopkins, 118 U.S. 356 (1886).
38. Oyler v. Boles, 368 U.S. 448, 451 (1962).
39. Some age difference in punishment, as an enhancement, for adults who furnish narcotics to minors. People v. Hernandez, 23 Cal. Rptr.2d 301 (1993). California Penal Code section 667(c) provides that the age difference enhancement was clear and unambiguous and therefore under the interpretation of the statute the defendant was not given every reasonable doubt as to whether that statute applied to him. CAL. PENAL CODE § 667(c).

statute reads:

Any offense defined in subdivision (c) of 667.5 as a violent felony or any offense defined in subdivision (c) of 1192.7 as a serious felony in this state. The determination whether a prior conviction is a prior felony conviction for purposes of subdivision (b)(o)(f), inclusive, shall be made upon the date of that prior conviction and is not affected by the sentence imposed unless the sentence automatically, upon the initial sentencing, converts the felony to a misdemeanor.[40]

The problem created by the wording of the statute centers on the phrase "the determination whether a prior conviction is a prior felony conviction for purposes of subdivisions (b) to (i), inclusive, shall be made upon the date of that prior conviction."[41] What exactly does this mean? DOES IT MEAN THIS SECTION APPLIES ONLY to felony convictions on or after March 7, 1994? If this is the case, subdivisions (b) to (i), inclusive, make it impossible for any court, prior to 2:45 p.m. on March 7, 1994, to make a decision on any prior conviction under this new statute, and to determine if that conviction was a prior that could be used as a "strike prior." Thus, on its face, CAL. PENAL CODE section 667 stated that only prior convictions, occurring after March 7, 1994, could be considered "strike priors" since no "strike priors" could have existed prior to that date.[42]

All present ambiguities are to be interpreted in favor of the defen-

40. CAL. PENAL CODE § 667(d)(1) (1994).
41. *Id.*
42. The reasons why an interpretation of Cal. Penal Code § 667(b)-(i), inclusive, can mean all prior convictions occurring after March 7, 1994, are based on three illustrative examples: (1) Under Cal. Penal Code § 1170(b), the sentencing judge can, at his or her discretion, recall the case within one hundred and twenty days and change the sentence by reducing the matter to a misdemeanor; if the felony is a wobbler, allow the defendant to withdraw his or her plea; choose to send the defendant to the California Youth Authority, if the defendant is under twenty-one years of age or to the California Rehabilitation Center if the defendant is addicted to drugs or narcotics; or under Cal. Penal Code § 1368, the judge can have the defendant referred to seek psychiatric help if there is the need; (2) under Cal. Penal Code § 1170(e); if a wobbler offense is declared to be a misdemeanor; and (3) the defendant could initially be sent to either the California Youth Authority or the California Rehabilitation Center; however, if the defendant is not amenable to treatment, he is sent to the Department of Corrections, thus making the crime a "strike prior" when it was not on the day of sentencing. In short, often on the day of the prior conviction, a determination cannot, by law, be made on the day of sentencing, but must be made on a date after sentencing. Thus the only fair meaning to attach to Cal. Penal Code § 667(b)-(i) is that the determination must be made after March 7, 1994, at 2:45 p.m.



Exh #

**CHRONOLOGICAL HISTORY**

| Chronological Listings | Initials | Dead Time | Release Date |
|---|---|---|---|
| -92  Rec'd W/SO-OC   W/C | ST | | |
| -92  Process Audit-Restitution ordered | | | |
| per LA Co Co # KA013879, $100.00 | Rg | . May 6-14-99 | |
| 1-13-93  Rec'd. Cmt-E | Jmp | MinDel | 3-23-97 |
| 2-11-93  Intake Audit A1 eff 1-28-93 | lil | Eprd | 3-10-96 |
| 3-8-93  Transfer Audit | EL | | |
| MAR 10 1993  REC'D CSP-CORCORAN | mv | | |
| 3/19/93  Intake Audit | Gm | | |
| 7/27/93  PC 2933.5 Review. Found ineligible to earn | Gm | smot asp Lord | 6-6-99 |
| worktime credits on case # KA013879. | | | |
| 9-21-94  Admin correction to entry of | | | |
| 7-27-93 - Per review of PC2933.5 | | | |
| "S" is found eligible to earn | | | |
| worktime credits on case #KA013879 | | | |
| Readjustment made to "S"'s time. | DN | 1/2EPRD | 3-10-96 |
| 1-18-95  Transfer Audit twcg Mira 1231-94a A1 | DN | CDO | 3-10-99 |
| MAR 10 1995  REC'D CVSP | CO | DR | 3-10-97 |
| 4-5-95  Intake Audit | Da | | |
| 1-20-96  60 day Pre-Release Audit -wcg thru 12-31-95 @ A1 | Ehe | | |
| 2-13-96  Miscellaneous Decision APT: A probable | | | |
| cause hearing will be conducted by the BPT. | | | |
| Place 6601.3W+I hold off. 12:01 AM on 3-10-96 | | | |
| Hold to remain in effect until 12:00 midnight | | | |
| on 3-14-96 | DX | | |
| 2-15-96  High Control Supervision Case. | Da | | |
| 2-22-96  Remove 6601.3 W+I hold. | Da | | |
| FEB. 26 1996  10 day Pre-Release Audit | AZ | | |
| 3-10-96  Release to Parole Release Pursuant to PC | | | |
| Section 3060.7  Reg4 Pomona LA Co | LO | EXh# | |

| Number | Name | Page |
|---|---|---|
| H-53816 | CANNON, TYRRALL | 1 |



# Office of the Court Executive
## Superior Court of the State of California
### County of Kings

Todd H. Barton
*Court Executive Officer/*
*Jury Commissioner*

Jeff Lewis
*Assistant Court Executive*
*Officer/Assistant Jury*
*Commissioner*

Serge Zelnick
*Deputy Court Executive*
*Officer/Court Financial*
*Officer*

Barbara Maselli
*Court Human Resources/*
*Training Officer*

Cindy Torres
*Manager of Courtroom*
*Services & Training*

Krystina Cifuentez
*Court Manager*
*Civil/Family Law*

Barbara Torres
*Court Manager*
*Criminal/Traffic/Juvenile*

---------------------

☐ Hanford Division
*Civil/Small Claims*
1426 South Drive
Hanford, CA 93230
(559) 582-3211
exts. 2865 & 2436
Fax (559) 584-0319

☐ Hanford Division
*Traffic/Criminal/Juvenile*
1426 South Drive
Hanford, CA 93230
(559) 582-3211, ext. 2781 &
ext. 4838
Fax (559) 584-7054

☐ Avenal Division
501 E. Kings Street
Avenal, CA 93204
(559) 386-5225
Fax (559) 386-9452

☐ Corcoran Division
1000 Chittenden Ave.
Corcoran, CA 93212
(559) 992-5194
Fax (559) 992-5933

☐ Lemoore Division
449 "C" Street
Lemoore, CA 93245
(559) 924-7757
Fax (559) 925-0319

April 21, 2003

Tyrrall F. Cannon
0209342301
9500 N. Etiwanda Avenue
Rancho Cucamonga, Ca 91739

Re: Copies of Writ 94 W 0001 B

Dear Sir:

This court is in receipt of your request of copies of the above mentioned Writ of Habeas Corpus. In researching this, the court finds that there are <u>152</u> pages that you are requesting to be copies for your records.

● Copies are $.50 per page.       ● Certification is $6.00 per document
<u>152</u> pages @ .$50 = $ <u>76.00</u>        (please specify, if desired)
                                              _____ certification @ $6.00 = $

The total is $ <u>76.00</u>. Make check or money order payable to "KINGS COUNTY SUPERIOR COURT". Please submit the appropriate funds (Attention: Writ/Criminal Division). Include a self-addressed stamped envelope, and the court will forward the documents being requested to you.

Sincerely

Todd H. Barton
Court Executive Officer

NH
Deputy Clerk

Enclosure



# CA 3 Strikers Entitled to Good Time

The Supreme Court of California held that: a defendant sentenced under the three strikes law (Pen.Code § 1170.12) is entitled to presentence conduct credits under Pen.Code § 4019.

Otis Michael Thomas, a California prisoner, was found guilty of first degree residential burglary (Count 2, § 459), making a terrorist threat (Count 3, § 422), possession of a firearm by a felon (Count 4, § 12021, subd.(a)(1)), and false imprisonment of a hostage (Count 5, § 210.5). The jury found true the allegation that he was armed with a firearm in the commission of Counts 2, 3, and 5. The jury also found that the victim of the terrorist threat charge suffered reasonable sustained fear for her safety and that of her immediate family. As relevant to the case, the jury found he had previously been convicted of two serious felonies (§ 1170.12).

He was sentenced to three consecutive indeterminate terms of 25 years to life on Counts 2, 3, and 5 consecutive to a determinate term of 11 years for certain enhancements. Sentence on Count 4 was stayed. He was credited with 396 days served in jail prior to sentencing — 264 days of actual custody, and 132 days of presentence conduct credits (§§ 2900, 4019).

On appeal, the court concluded Thomas was subject to section 2933.1's 15% limitation on presentence conduct credits (PRCC), not § 4019's 50%. The court remanded for resolution of certain other unrelated sentencing issues. Petitions for rehearing were denied. The Supreme Court granted Thomas' petition for review.

Thomas argued that he was entitled to PRCC of 50% based on the provisions of Pen.Code § 4019. Section 4019 originally limited both PRCC and post sentence conduct credits (POCC) to 50% of the total sentence. The Attorney General (AG) argued that the three strike law, Pen.Code § 1170.12 provided that both PRCC and POCC changed the limit to 20%. Secondly, the AG argued that in the case of serious or violent offenders, Pen.Code § 2933.1 mandates that PRCC and POCC be limited to 15%.

First, the Supreme Court found the three strike law only addressed POCC

and made no provision for reducing PRCC. Section 1170.12(a)(5) provides, "The total amount of credits awarded pursuant to Article 2.5 (commencing with section 2930) of Chapter 7 of Title 1 of Part 3 shall not exceed one-fifth of the total term of imprisonment imposed and shall not accrue until the defendant is physically placed in the state prison." By those terms, the court found, § 1170.12(a)(5) does not address PRCC for those defendants sentenced under the three strikes law. *People v Hill* 37 Cal.App.4th 220,225 (1995).

Second, the Supreme Court found Pen.Code § 2933.1 limits PRCC and POCC to 15% of the total sentence only for current offenders in the three strike scenario that are serious or violent. The court found that none of Thomas' current offenses are violent within the meaning of statutory definitions so § 2933.1 is not applicable in his case.

Another argument raised by the AG was that section 1170.12(a)(5) refers to both PRCC and POCC because section 2933.1, which expressly addresses both types of credits, was enacted over one month prior to the passage of section 1170.12. The court found the AG's argument to fail because section 2933.1 does not "award" credits within the meaning of section 1170.12(a)(5); it sanctions violent crime by limiting pre-and post-sentence credits available under other sections. Moreover, the court found, Proposition 184 provides, "All references to existing statutes are to statutes as they existed on June 30, 1993." (Ballot Pamp., text of Prop. 184, Gen.Elec. (Nov. 8, 1994) p.65; § 667; subd.(h.) Thus, to the extent section 2933.1, which was enacted in 1994, awarded credits, it was inapplicable to three strike cases.

The AG's final argument was that section 2933.1 was applicable to Thomas' case because the three indeterminate life terms imposed on the jury's three strike conduct finding converted his non-violent current offenses into violent offenses within the meaning of § 2933.1. Section 2933.1, subd.(a) provides, "Notwithstanding any other law, any person who is convicted of a felony offense listed in Section 667.5 shall accrue no

more than 15% of worktime credit, as defined in Section 2933." Section 2933.1, subd.(c), provides "Notwithstanding Section 4019 or any other provision of law, "for any person specified in subd.(a)," the maximum PRCC that may be earned is 15%.

The court examined § 667.5 subd.(c), and found it lists 19 circumstances that qualify as a "violent felony." At issue here is § 667.5(c)(7) which provides "Any felony punishable by death or imprisonment in the state prison for life." The court determined that none of Thomas' current offenses are punishable individually by imprisonment for life but only by the collective conduct under the three strikes law. The court concluded, "section 2933.1 and 667.5(c)(7) limit a defendant's presentence conduct credit to a maximum of 15 % only when the defendant's current conviction is itself punishable by life imprisonment, not when it is so punishable solely due to his status as a recidivist." See *People v Thomas,* (unpublished opinion) Super.Ct. No. TA036711 (12/6/99).

## $8,000 Awarded in NY Chair Collapse

On November 24, 1999, the New York court of claims awarded $8,000 in damages to New York prisoner Troy Benjamin. In 1995 while Benjamin was a prisoner at the Collins Correctional Facility, the back of the chair he was sitting in fell off, causing him to fall backwards; separate his shoulder and require the use of an immobilizer for several weeks.

The court ruled in Benjamin's favor, finding the defendant prison system had exclusive control of the chair, and accidents of this type do not happen absent negligence. The court awarded Benjamin $8,000 in damages for past pain and suffering and loss of quality of life. Benjamin litigated the case pro se. See: *Benjamin v. State of New York,* Claim No. 93569. NY Court of Claims, Buffalo.

Source: *NY Jury Verdict Reporter*

*44620 6 U.S.C.A. § 111

# UNITED STATES CODE ANNOTATED
## TITLE 6. DOMESTIC SECURITY
### CHAPTER 1--HOMELAND SECURITY ORGANIZATION
### SUBCHAPTER I-- DEPARTMENT OF HOMELAND SECURITY

*Current through P.L. 110-39 approved 06-21-07*

## § 111. Executive department; mission

(a) Establishment

There is established a Department of Homeland Security, as an executive department of the United States within the meaning of Title 5.

(b) Mission

(1) In general

The primary mission of the Department is to--

(A) prevent terrorist attacks within the United States;

(B) reduce the vulnerability of the United States to terrorism;

(C) minimize the damage, and assist in the recovery, from terrorist attacks that do occur within the United States;

(D) carry out all functions of entities transferred to the Department, including by acting as a focal point regarding natural and manmade crises and emergency planning;

(E) ensure that the functions of the agencies and subdivisions within the Department that are not related directly to securing the homeland are not diminished or neglected except by a specific explicit Act of Congress;

(F) ensure that the overall economic security of the United States is not diminished by efforts, activities, and programs aimed at securing the homeland;

(G) ensure that the civil rights and civil liberties of persons are not diminished by efforts, activities, and programs aimed at securing the homeland; and

(H) monitor connections between illegal drug trafficking and terrorism, coordinate efforts to sever such connections, and otherwise contribute to efforts to interdict illegal drug trafficking.

(2) Responsibility for investigating and prosecuting terrorism

Except as specifically provided by law with respect to entities transferred to the Department under this chapter, primary responsibility for investigating and prosecuting acts of terrorism shall be vested not in the Department, but rather in Federal, State, and local law enforcement agencies with jurisdiction over the acts in question.

© 2007 Thomson/West. No claim to original U.S. Govt. works.

# EXHIBIT COVER PAGE 

EXHIBT $C$

Description of this Exhibit:

Case No.

Number of pages to this Exhibit _____ pages.

JURISDICTION:

STATE OF CALIFORNIA                                                                                                   DEPARTMENT OF CORRECTIONS

**INMATE/PAROLEE**          Location:  Institution/Parole Region          Log No.                    Category
**APPEAL FORM**                1.  _I S D._                                   1. _____          _____
CDC 602 (12/87)
                                2. _____                                2. _____

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|------|--------|-----------|-----------------|
| CANNON, Tyrrall | T-91710 | Unassign Medically | D-1-1102 |

A. Describe Problem: Law library staff on D-yard, knows that I dont have a Typ Law, refise to call me to the law Library when the yard is open, due to a system at work by prison official "CCPOA" un-american activities, that denie me equal Protection of the rules to have access to the law Library and adequate access for General population Prison and access to typewriters pay for by tax payer dollars. Although it is alleged that the North Circuit States version.

If you need more space, attach one additional sheet. (See Additional Page 1, Exhibit ISP-07-00276.

B. Action Requested: That I be transferred to another yard. And or place in the program equal to being denied what I rightly entitled too. use of Typewriter in General Population Prison law Library.

Inmate/Parolee Signature: _Tyrrall Hannon_          Date Submitted: _06/28/08_

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: _____

_____

_____

_____

_____

Staff Signature: _____     Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

_____

_____

_____

_____

Signature: _____          Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed          CDC Appeal Number:
Board of Control form BC-1E, Inmate Claim

1  for those whom is on lock down, where fore they
2  not completly cleared paper and pencil. That
3  ruling do not applies blankety to general
4  population, where fore Prisoners can and have
5  typewriter in General Prison population use
6  for example, the rules state that Prisoner can
7  be serve bag lunches 3 times a day. But Prison
8  officials don't do that.
9  (2). That a minimum 4 hours a week in law
10  library. Prison officials don't do that.
11  (3) That Prisoner is only allowed 1 hour a day
12  for excuse, the Prison officials don't do that.
13  The list of examples can go on and on.
14  I believe that matter lines up in face of
15  authority and personal thoughts about prisoners
16  care and treatment at the hand of untrained
17  in being alert to the responsibilities in dealings
18  with all sorts of humane being.
19  This matter have been complained of in-
20  part (see ISP-07-0276.)
21
22
23  06/ /2008    Tymall Kanum
24
25
26
27
28

STATE OF CALIFORNIA —DEPARTMENT OF CORRECTIONS AND REHABILITATION                    ARNOLD SCHWARZENEGGER, GOVERNOR

### INMATE APPEALS BRANCH

1515 S Street, Sacramento, CA 95814
P.O. Box 942883
Sacramento, CA 94283-0001



January 28, 2008

CANNON, TYRRALL, T91710
Ironwood State Prison
P.O. Box 2229
Blythe, CA 92226

RE: IAB# 0702006   ISP-07-00276   STAFF COMPLAINTS

Mr. CANNON:

The Inmate Appeals Branch, California Department of Corrections and Rehabilitation (CDCR) acts for the Director, Division of Adult Institutions, at the third level of appeal. The Branch examines and responds to inmate and parolee appeals that are submitted on a CDC Form 602, Inmate/Parolee Appeal Form, after the institution or parole region has responded at the Second Level of Appeal.

Institution and parole staff are available to assist you in obtaining additional copies of forms and documents required to submit an appeal. The inmate library offers resources and assistance to obtain general information regarding regulations, procedures, policies, and government agency addresses. Additionally, your assigned Counselor or Parole Agent, or the Appeals Coordinator can answer any questions you may have regarding the appeals process. The Inmate Appeals Branch appreciates your responsible use of the appeal system to address your grievance.

The Inmate Appeals Branch has received an appeal from you and has determined that it does not comply with the appeal procedures established in California Code of Regulations (CCR) Title 15, Article 8, and is being screened-out and returned to you pursuant to CCR 3084.3 for the following reason(s):

This matter has been fully adjudicated and a decision has been rendered by this office on the appeal issues.

N. GRANNIS, Chief
Inmate Appeals Branch

****PERMANENT APPEAL ATTACHMENT-DO NOT REMOVE****

Attachment E    2/21/06

•    •
**State of California

# Memorandum

ISP

Date   :   **APR    9 2007**

APR 2 6 2007

APPEALS OFFICE

To    :    Appellant: Cannon, T.
CDCR #: T-91710
Housing Unit: D1-110L

Subject:    ## STAFF COMPLAINT FIRST LEVEL RESPONSE - APPEAL # ISP-D-07-00276

**APPEAL ISSUE:** Staff Complaint. You allege that Ms. C. Perez, Library Technical Assistant (LTA) has retaliated against you by denying you access to the Law Library, D Facility. You claim her actions, openly advocate the position of the California State Employees Association (CSEA) to close Law Libraries to all inmates during Lockdowns/Modified Programs.

You are requesting Ms. C. Perez, LTA to be fired and her payment taken at 50% and given to the Prisoner Welfare Fund.

**DETERMINATION OF ISSUE:** A review of the allegations of staff misconduct presented in the written complaint has been completed. Based upon this review your appeal has been handled as follows:

☒ PROCESSED AS A STAFF COMPLAINT APPEAL INQUIRY
☐ REFERRED TO THE OFFICE OF INTERNAL AFFAIRS (Note: You will be notified of the conclusion of any internal affairs investigation)

**SUMMARY FOR APPEAL INQUIRY:**
You were interviewed on March 23, 2007, by R. D. Babb, Vice Principal in which you reiterated your appeal complaint. The following witnesses were interviewed: C. Perez, Library Technical Assistant. The following information was reviewed as a result of your allegations of Staff Misconduct: Ducat Request for D Yard Law Library for the period in question (January/February 2007). Legal Deadline List (Preferred Library User (PLU) list) for the period in question (January/February 2007).

**FINDINGS FOR AN APPEAL INQUIRY:**
Your appeal is PARTIALLY GRANTED at the ☒ First level, as an inquiry into your allegation has been conducted. ALL STAFF PERSONNEL MATTERS ARE CONFIDENTIAL IN NATURE. As such, results of any inquiry/investigation will not be shared with staff, members of the public, or inmates. Although you have the right to submit a staff complaint, a request for administrative action regarding staff or the placement of documentation in a staff member's personnel file is beyond the scope of the staff complaint process.

Allegations of staff misconduct do not limit or restrict the availability of further relief via the inmate appeals process. If you wish to appeal the decision, you must submit your staff complaint appeal through all levels of appeal review up to, and including, the Director's Level of Review. Once a decision has been rendered at the Director's Level of Review, your administrative remedies will be considered exhausted.

USE AS ORIGINAL

Appellant: Cannon, T.
CDCR #: T-91710
Appeal Log #: ISP-D-07-00276
First Level Appeal Response
Page 2 of 2

ISP

APR 2 8 2011

APPEALS

Please print and sign below:

_____ / _____
J. A. HARRIS                Date
Associate Warden-Complex II

USE AS ORIGINAL



STATE OF CALIFORNIA
ARNOLD SCHWARZENEGGER, Governor

GOVERNMENT CLAIMS PROGRAM
400 R Street, 5th Floor ♦ Sacramento, California 95814
Mailing Address: P.O. Box 3035 ♦ Sacramento, California 95814
Toll Free Telephone Number 1-800-955-0045 ♦ Fax Number: (916) 491-6443
Internet: www.vcgcb.ca.gov

ROSARIO MARIN
Secretary
State and Consumer Services Agency
Chairperson
JOHN CHIANG
State Controller
Board Member
MICHAEL A. RAMOS
San Bernardino County District Attorney
Board Member
KAREN McGAGIN
Executive Officer

Tyrrall F Cannon T91710
P O Box 2199
Blythe, CA 92226

August 28, 2007

RE:  Claim G565633 for Tyrrall F Cannon, T91710   .

Dear Tyrrall Cannon,

The Victim Compensation and Government Claims Board (VCGCB), at its hearing on August 23, 2007, denied
your application to present a late claim.

If you have questions about this matter, please mention letter reference 124 and claim number G565633 when
you call or write your claim technician or analyst at (800) 955-0045.

Sincerely,


Anita Ahuja,  Program Manager
Government Claims Division
Victim Compensation and Government Claims Board

cc:  D-8 Attorney Generals Office, Attn: Tort Claims Coordinator


Warning
"If you wish to file a court action on this matter, you must first petition the appropriate court for an order
relieving you from the provisions of Government Code 945.4.  (Claim presentation requirement).  See
Government Code Section 946.6.  Such Petition must be filed with the court within six (6) months from the date
your application for leave to present a late claim was denied."  You may seek the advice of an attorney of your
choice in connection with this matter.  If you desire to consult an attorney, you should do so immediately.
PLEASE CONSULT GOVERNMENT CODE SECTION 955.4 FOR PROPER SERVICE OF SUMMONS AND
COMPLAINT.

Ltr 124 Board Late Claim Denial

# EXHIBIT COVER PAGE 

EXHIBT *D*.

Description of this Exhibit:

Case No.

Number of pages to this Exhibit _____ pages.

JURISDICTION:

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

**INMATE/PAROLEE
APPEAL FORM**
CDC 602 (12/87)

Location:  Institution/Parole Region        Log No.          Category

1.  _ISP_

1. _____

2. _____

2. _____

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

NAME  _CANNON, T. F._   NUMBER  _T-91710_   ASSIGNMENT  _med. unassigned_   UNIT/ROOM NUMBER  _D-1-110L_

A. Describe Problem:  _I believe that I am being systematicly discriminated against and denied "Pork", and even denied to order Pork in the Quartly Package. I am a citizen of the United States, tax payer and with life, Health care insurance at the time I was subjected to this marxing political institution, scheme (Proposition 184. 3 strike law 1994)_

_My inquiry into why Prisoners Can not have Pork feed to U.S or even ordered on the Quartly package (1) reason was that due to_

If you need more space, attach one additional sheet.   _(See additional Page. 1 .)_

B. Action Requested:  _Allow Pork meat to be sold in the venters and in the Canteen._

Inmate/Parolee Signature:  _Tyrall Cannon._   Date Submitted:  _06/03/08_

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: _____

Staff Signature: _____   Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

_____

Signature: _____   Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed
Board of Control form BC-1E, Inmate Claim

CDC Appeal Number:

_CC. FBI, CIA_

CANNON, T-91710, 602, PORK issue:

the number of Islam Faith believers in Prison.
(5) that Pork sold in the vendors need to
be refrigerated.

1. Question.

to paragraph 1 above, In 1994, where there
appears to have been a war launched against People
of Color Civil right and the rights to make and en-
force Contracts, Agreements, Plea bargains (see 42 USCAS
1982 et seo.) Perhaps that black or People of Color would
seek out relief or convert to Islam in hopes to un-
derstand the oppressiveness suffered would turn
to the nation of Islam while in Prison to deal with
or understand such political hatred. It has been
said that generally when People don't understand
something, they condemn it. Is there a secret
political enterprise aimed to destroy a Race of People
or in part of them? (See 18 USCA 1091. et seo.)


2. Question.

2 paragraph 2 above, this Pork in the vendors
is sold fully cooked and that there is not many
Items that do not need to be reccoled or refrigerat-
ed that is sold to Prisiner in both Canteen and
vendors. why not allowed Pork.?

                                    Tyral Cannon

# EXHIBIT COVER PAGE  3

EXHIBT

Description of this Exhibit:

Case No.  *07A865.*
People v.  *— CANNON V- Clinton.*

Number of pages to this Exhibit _____ pages.

JURISDICTION:  (Check only one)

☐ Municipal   ou
☐ Superior Court
☐ Appellate Court
☐ State Supreme Court
☐ United States District Court
☐ State Circuit Court
☐ United State Supreme Court
☐ Grand Jury

# Supreme Court of the United States
## Office of the Clerk
## Washington, DC 20543-0001

William K. Suter
Clerk of the Court
(202) 479-3011

May 2, 2008

Mr. Tyrrall Farrow Cannon
Prisoner ID # T-91710, D-1-110L
I.S.P.
P.O. Box 2199
Blythe, CA 92226

Re: Tyrrall Farrow Cannon
v. William J. Clinton, former President of the United States, et al.
Application No. 07A865

Dear Mr. Cannon:

The application for an extension of time within which to file a petition for a writ of certiorari in the above-entitled case has been presented to The Chief Justice, who on May 2, 2008 extended the time to and including July 3, 2008.

This letter has been sent to those designated on the attached notification list.

Sincerely,

William K. Suter, Clerk

by *Melissa Blalock*

Melissa Blalock
Case Analyst

# Supreme Court of the United States
## Office of the Clerk
## Washington, DC  20543-0001

### NOTIFICATION LIST

William K. Suter
Clerk of the Court
(202) 479-3011

Mr. Tyrrall Farrow Cannon
Prisoner ID # T-91710, D-1-110L
I.S.P.
P.O. Box 2199
Blythe, CA  92226


Mr. Paul D. Clement
Solicitor General
United States Department of Justice
950 Pennsylvania Avenue, N.W.
Washington, DC  20530-0001


Clerk
United States Court of Appeals for the District of Columbia Circuit
333  Constitution Avenue, NW
Washington, DC  20001

# United States Court of Appeals

FOR THE DISTRICT OF COLUMBIA CIRCUIT

**No. 07-5128**

**September Term 2007**

07cv00086

**Filed On: April 14, 2008** [1110815]

Tyrrall Farrow Cannon,

Appellant

v.

William Jefferson Clinton, Former
President, et al.,

Appellees

## ORDER

Upon consideration of the court's order filed February 7, 2008, and the absence of any record that appellant received that order, it is

**ORDERED**, on the court's own motion, that the Clerk resend to appellant the court's order filed February 7, 2008, and that the deadlines established therein are extended to May 14, 2008. Failure by appellant to comply with this order will result in dismissal of the case for lack of prosecution. See D.C. Cir. Rule 38.

The Clerk is directed to send a copy of this order and the February 7, 2008 order to appellant by whatever means necessary to ensure receipt.

**FOR THE COURT:**
Mark J. Langer, Clerk

BY:   /s/
Elizabeth V. Scott
Deputy Clerk

Attachment:
    Copy of order previously filed February 7, 2008, in No. 07-5128

# United States Court of Appeals COPY

FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

**No. 07-5128**

**September Term, 2007**

07cv00086

Filed On: February 7, 2008

[1097682]
Tyrrall Farrow Cannon,
        Appellant

    v.

William Clinton, Former President, et al.,
        Appellees

    **BEFORE:**   Ginsburg, Chief Judge, and Randolph and Tatel, Circuit Judges

## O R D E R

    Upon consideration of the order to show cause filed November 26, 2007, and the response thereto; and the motion for injunction pending appeal, it is

    **ORDERED** that the order to show cause be discharged. While incarcerated, appellant has brought at least three civil actions or appeals that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim. See, e.g., Cannon v. Cal. Dep't of Corrs., No. 94-cv-6199, unpublished order (E.D. Cal. May 24, 1995), aff'd, 98 F.3d 1345 (9th Cir. 1996) (noting that district court dismissed appellant's action as frivolous); Cannon v. Lockwood, No. 95-cv-05588, unpublished order (E.D. Cal. Oct. 18, 1995), aff'd, 100 F.3d 961 (9th Cir. 1996) (sua sponte dismissing appellant's appeal from No. 95-cv-05588 and noting that district court had dismissed appellant's action as frivolous). See also Cannon v. Senate Leadership Office of the President of the Senate, No. 07-cv-878, unpublished order (D. Ariz. July 30, 2007) (noting that appellant has "at least three strikes under § 1915(g)").

    Appellant's response to the order to show cause offered no reason why he should be allowed to proceed in forma pauperis pursuant to the Prison Litigation Reform Act. See 28 U.S.C. § 1915(g). Nor has appellant demonstrated that he qualifies for the "imminent danger" exception to the "three strikes" rule. See Ibrahim v. District of Columbia, 463 F.3d 3, 6-7 (D.C. Cir. 2006). Accordingly, it is

    **FURTHER ORDERED** that appellant pay the full $455 filing and docketing fee to the district court within 30 days of the date of this order. Failure to pay the fee will result in dismissal of the appeal for lack of prosecution. See D.C. Cir. Rule 38. It is

    **FURTHER ORDERED** that consideration of the motion for injunction pending appeal be deferred pending further order of the court.

# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

---

## No. 07-5128

## September Term, 2007

Should appellant, while a prisoner, file an original civil action or an appeal in a civil action in the future, the Clerk is directed to order appellant to show cause why he should not be required to pay the full filing and docketing fee pursuant to 28 U.S.C. § 1915(g).

The Clerk is directed to send a copy of this order to appellant by whatever means necessary to ensure receipt.

**Per Curiam**

# EXHIBIT COVER PAGE  4

EXHIBIT

Description of this Exhibit:

Case No.  *07-56195.*
People v.  *CANNON-V- Bush.*

Number of pages to this Exhibit _____ pages.

JURISDICTION:  (Check only one)

☐ Municipal Court
☐ Superior Court
☐ Appellate Court
☐ State Supreme Court
☐ United States District Court
☐ State Circuit Court
☐ United State Supreme Court
☐ Grand Jury

**FILED**

UNITED STATES COURT OF APPEALS

APR 30 2008

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

TYRRALL FARROW CANNON,

          Petitioner - Appellant,

v.

GEORGE BUSH; UNITED STATES
ATTORNEY GENERAL,

          Respondents - Appellees.

No. 07-56195

D.C. No. CV-07-00579-RGK(CT)
Central District of California,
Riverside

ORDER



Before:    RYMER and FISHER, Circuit Judges.

The request for a certificate of appealability is denied. *See* 28 U.S.C.

§ 2253(c)(2); *see also* 28 U.S.C. § 2244(b)(3)(A); 9th Cir. R. 22-3.

All pending motions are denied.

NJ/COA

**FILED**

UNITED STATES COURT OF APPEALS          APR 30 2008

FOR THE NINTH CIRCUIT                    MOLLY C. DWYER, CLERK
                                         U.S. COURT OF APPEALS

| | |
|---|---|
| TYRRALL FARROW CANNON, | No. 07-56195 |
| Petitioner - Appellant, | D.C. No. CV-07-00579-RGK(CT) |
| | Central District of California, |
| v. | Riverside |
| GEORGE BUSH; UNITED STATES ATTORNEY GENERAL, | ORDER |
| Respondents - Appellees. | |

Before:    RYMER and FISHER, Circuit Judges.

The request for a certificate of appealability is denied. *See* 28 U.S.C.

§ 2253(c)(2); *see also* 28 U.S.C. § 2244(b)(3)(A); 9th Cir. R. 22-3.

All pending motions are denied.

NJ/COA

Office of the Clerk
United States Court of Appeals for the Ninth Circuit
95 Seventh Street, P. O. Box 193939
San Francisco, CA 94119-3939

August 22, 2007

U.S. Court of Appeals Docket Number: 07-56195
Lower Court Docket No.:  CV-07-00579-RGK(CT)
Short Title: Cannon v. Bush

Tyrrall Farrow Cannon

A copy of your notice of appeal and/or request for a
certificate of appealability has been received in the
Clerk's Office of the United States Court of Appeals
for the Ninth Circuit.  A BRIEFING SCHEDULE WILL NOT
BE SET UNTIL THE COURT DETERMINES WHETHER A CERTIFICATE
OF APPEALABILITY SHOULD ISSUE.

Absent an emergency, all subsequent filings in this
matter will be referred to the panel assigned to consider
whether or not to grant the certificate of appealability.

All subsequent letters and requests for information
regarding this matter will be added to your file
to be considered at the same time the cause is brought
before the court.

The U.S. Court of Appeals docket number shown above
has been assigned to your case.  You must indicate the
docket number and title of your case when corresponding
with the court about your case.

194, APPEAL, RELATED-DDJ

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA (Eastern Division - Riverside)
## CIVIL DOCKET FOR CASE #: 5:07-cv-00579-RGK-CT

Tyrrall Farrow Cannon et al v. George Bush
Assigned to: Judge R. Gary Klausner
Referred to: Magistrate Judge Carolyn Turchin
Related Case: 5:03-cv-00505-RGK-CT
Cause: 28:2254 Petition for Writ of Habeas Corpus
(State)

Date Filed: 05/14/2007
Date Terminated: 05/23/2007
Jury Demand: None
Nature of Suit: 530 Habeas
Corpus (General)
Jurisdiction: Federal Question

### Petitioner

Tyrrall Farrow Cannon                  represented by Tyrrall Farrow Cannon
                                                      CDC T-91710
                                                      Ironwood State Prison
                                                      P O Box 2199
                                                      Blythe, CA 92226
                                                      PRO SE

V.

### Respondent

George Bush                         represented by Assistant US Attorney LA-CV
*President of the United States of*                 AUSA - Office of US Attorney
*America*                                           Civil Division
                                                    300 N Los Angeles St, Ste 7516
                                                    Los Angeles, CA 90012
                                                    213-894-2434
                                                    Email:
                                                    USACAC.Civil@usdoj.gov
                                                    *LEAD ATTORNEY*
                                                    *ATTORNEY TO BE NOTICED*

### Respondent

United States Attorney General       represented by Assistant US Attorney LA-CV
                                                    (See above for address)
                                                    *LEAD ATTORNEY*
                                                    *ATTORNEY TO BE NOTICED*

1   Tyrall Farrow Cannon
2   CDCR # T-91710
3   Ironwood State Prison
4   Post office Box 2199.
5   Blythe, California 92226.
6   without Counsel
7
8
9            United States Court of Appeals
10               for the Ninth Circuit
11
12   Tyrall Farrow Cannon            Case # 07-56195.
13            Petitioner
14   on Habeas Corpus             Motion for Reconsidera-
15                                tion, Pursuant to
16                                Supremacy Clause.
17                                Demand that his
18                                United State Citizen-
19                                ship to make and
20                                enforce Contracts
21                                42 US CAS 1981, 1982,
22                                et seq
23
24   Come Now Tyrall Farrow Cannon, and
25   before this (9th) circuit Court of appeals Justices,
26   Rymer and Fisher. (see app. #A.).
27   And Pursuant to Supremacy Clause that
28   gives congress the authority to preempt state

law. To deny to a United State citizen
'Petitioner' his constituted right to make
and enforce with the Government contracts,
together with his right to be free from Polit-
ical institution aimed at impeding, hindering
and defeating treaties, together with the
constitution and laws made in pursuance
thereof which constitute the Supreme law
of the land. (See Blake V. Arnett CA. 9 Cal.
1981. 663 F. 2d 906.). (See 8th #1, 2).
    The President of the United State Must
have his policy enforce, wherefore in its
language mandates that the State of California
Law give way to federal Statute; Domestic
Security- Homeland Security Organization 6 US-
CA8 101. (1) Homeland means the United States;
(3) The term "appropriate congressional committee"
means any committee of the House of Representat-
ives or the Senate having legislative or oversight
jurisdiction under the Rules of the House of
Representatives or the senate, Respectively, over
the matter concerned. (9). The term "assets" in
cludes contracts, Property. (15) The term "terror-
ism" means any activity that- (A) involves
an act that- (i) is dangerous to human life
or potentially destructive of critical infrast-
ructure or Key resources (ii) is a violation of the
Criminal laws of the United States or of any State

3.

1. or other subdivision of the United States and
2. (B) appears to be intended -- (i) to intimidate
3. or coerce a civilian Population (ii) to influ-
4. ence the policy of a government by intimidat
5. ion or coercion or (iii) to affect the conduc
6. of a government by mass kidnapping.

8. any state law that conflict with federal
9. law is without effect by failure to warn citize
10. Petitioner of the Dangers of entering into Plea
11. Bargain "Contract," and that there in the de-
12. tails Petitioner was not and could not had been
13. advice of the new Programs in existance that
14. subject citizens of color primarily to condition
15. by use of coercion intended to cause the physica
16. destruction of the Group in whole or impart, to
17. attempt to do so, shall be punished as provided
18. in subsection (b). of title 6 subsection 1091.
19. Genocide.
20. The congressional act of the 3 three violent
21. crime Measure sign into law by Predecessor
22. William J. Clinton President, Should the Express-
23. ed Congressional command that Plea Bargains
24. of Colored Citizen was to be breached and
25. made null and void, this was clearly not
26. the congressional intent or in every state's
27. would have suffered the masses of People
28. of Color across America and in each and

2.

1  every state, This congressional act is not equally
2  applied in every state of the United States.
3  Supremacy Clause invalidates all state law
4  that conflict with or interfere with acts
5  of congress, caterpillar Inc. V. Lyons D.C. Ill
6  2004 318 F-Supp 2d 703. Supremacy clause
7  preempted State statute (see CA-9 Ariz 1992.
8  962 F. 2d 879.)
9      notwithstanding, Congressional act, Major
10  Fraud against the united States; Provide; addition
11  al conflict with more then (2)two Federal Statues
12  and that the State should had known to yield.
13  When it is inconsistent with or impairs the Policy
14  or provisions of a treaty or of an international
15  compact or agreement (see Rodriguez V. Westhab.
16  Inc SDNY 1993. 833 F-Supp. 425.) California
17  Penal Code Three strikes law a state statute
18  becomes unconstitutional when applied So as
19  to impede or condition the operation of
20  Federal Programs. see City of los Angeles V.U.S.
21  CD. cal. 1972. 355 F. Supp 461. (See Voter
22  Rights act of 1964 and 42 USC A8 1971-1973
23  et seo

24
25      United States Code title 50 War and national
26  Defense Chapter 23 - internal Security Subchapter
27  IV -- Communist Control. approved 06-21-07,
28  §841. Findings and declaration of fact; The Con-

1  gress finds and declares that the Communist
2  Party of the United States, although purportedly
3  a political party, is in fact an instrumentality
4  of a conspiracy to overthrow the Government
5  of the United States. It constitutes an authorit-
6  arian dictatorship within a republic, demanding
7  for itself the rights and privileges accorded
8  to political parties, but denying to all others the
9  liberties guaranteed by the Constitution. Unlike
10  political parties, which evolve their policies and
11  programs through public means, by the reconcili-
12  ation of a wide variety of individual views, and
13  submit those policies and programs to the elect-
14  orate at large for approval or disapproval, the
15  policies and programs of the Communist Party
16  are secretly prescribed for it by the foreign lead-
17  ers of the world communist movement. Its
18  members have no part in determining its goals,
19  and are not permitted to voice dissent to party
20  objectives. Unlike members of political parties
21  members of the Communist party are recruited for
22  indoctrination with respect to its objectives and
23  methods, and are organized, instructed, and
24  disciplined to carry into action slavishly the ass-
25  ignments given them by their hierarchical
26  chieftains. Unlike political parties, the Comm-
27  unist party acknowledges no constitutional
28  or statutory limitations upon its conduct or up-

on that of its members. The communist Party is relatively small numerically, and gives scant indication of capacity ever to attain its ends by lawful political means. The peril inherent in its operation arises not from its numbers, but from its failure to acknowledge any limitation as to the nature of its activities, and its dedication to the proposition that the present constitutional Government of the United States ultimately must be brought to ruin by any available means, including resort to force and violence. Holding that doctrine, its role as the agency of a hostile foreign power renders its existence a clear present and continuing danger to the security of the United States. It is the means whereby individuals are seduced into the service of the world Communist movement, trained to do its bidding; and directed and controlled in the conspiratorial performance of their revolutionary service. Therefore, the Communist party should be outlawed. (see Exh # 3,4).

The Program in the State of California lead by Judge's whom legislate from the bench, soon after President Clinton Predecessor of President Bush, under the now President administration whom declare war on terrorism and that the application of the now Bench made law by iJoint

1  democrats and Republic Parties, where fore William
2  Clinton ,and California Governor Pete Wilson to-
3  gether have charged California Tax payer to pay
4  for the illegal abuse of Contracts with the State
5  of California Justice's (Pre-1994,) have enter into
6  interstate Commerce (See Sherman anti Trust act)
7  where fore in the overt act of Clinton given money
8  or Bonds to build Prison for the holding of
9  citizens in breach of Contracts with the State of
10  California and its Communist agents California
11  Correction Peace officer Union aimed at the
12  use of Prison system as a weapon of mass destruct
13  ion by interfering with the life and living
14  processes, herein the United State the Surgeant
15  General declared that the Prison diet Can not
16  sustain the human life for 25 years, and have
17  interfered with the social situation and struct-
18  or related by direct genetic relationship,

19
20      In addition to the Congressional treaties and
21  acts previously mentioned, United States Code
22  title 18 crimes and criminal procedure Part 1
23  Crimes Chapter 50 A -- Genocide § 1091. (a)
24  Basic offense, whoever, whether in time of Peace
25  or in time of war, in a circumstance described
26  in subsection (d), (1) the offense is committed
27  within the United States, an with the specific
28  intent to destroy, in whole or in substantial

7

1  port, a national, ethnic, Racial, group as such
2  -- (1) Kills members of that group:
3  (2) Causes serious bodily injury to members
4  of that Group.
5  (3) causes the permanent impairment of
6  the mental faculties of members of the
7  group through drugs, torture or similar
8  techniques;
9  (4) subject the group to conditions of life
10  that are intended to cause the physical
11  destruction of the group in whole or in
12  part;
13  (5) imposes measures intended to prevent
14  births within the group.
15  (6) transfers by force children of the group
16  to another group:
17  or attempts to do so, shall be punished
18  as provided in subsection (b) (1) where
19  death results, by death or imprisonment
20  for life and a fine of not more than 1,000.
21  000. or both (see (a),(c) and (d)(2).

23  In accompanied with 50 USCA§ 841, et seq.
24  The State of California Reg Sess urgency legislat-
25  ion Wests ann. California Government Code §§ 1027
26  5.(a)(e), shares in the knowledge that; The legist-
27  ature of the State of California finds that:

C.

(2) There exists a world-wide revolutionary movement to establish a totalitarian dictatorship based upon force and violence rather than upon law.

(e) One of the objectives of the world communism movement is to place its members in state and local government positions and in state supported educational institutions. If this objective is successful, propaganda can be disseminated by the members of these organizations among pupils and students by those members who would have the opportunity to teach them and to whom, as teachers, they would look for guidance, authority, and leadership. The members of such groups would use their positions to advocate and teach their doctrines and teach the prescribed Communist Party line group dogma or doctrine without regard to truth or free inquiry. This type of propaganda is sufficiently subtle to establish detection.

There is a clear and present danger, which the legislature of the State of California finds is great and imminent, that in order to advance the program, policies and objectives of the world communist movement, communist organizations in the state of California and their members will engage in concerted effort to hamper, restrict, interfere with, impede,

1  or nullify the efforts of the state and the public
2  agencies of the state to comply with and enforce
3  the laws of the state of California and their
4  members will infiltrate and seek employment
5  by the State and its public agencies.

7  The homeland Security act, Provides, Protect
8  ion from Political Party and their use of
9  contracts that can and have generated
10 monies or assets. (See 6 USCA 8 101. Sec (3), 15 (A)
11 (i) (ii) (iii). See also case file information in this
12 matter. ).
13 This government agreed to run its People
14 based on agreement of its citizen in relation
15 to Contracts. That makes up the addition
16 to assets to include some where in the
17 billions if not trillions of illegal money
18 taken by scheme contrary to Congressional
19 treaties and acts. in the Face of " Major
20 fraud against the United States 18 USCA 8
21 1031 (A); whoever Knowingly executes, or
22 attempts to execute; any scheme or Artifice
23 with the intent -- (1) to defraud the United
24 States, or                    (See Exh # 1, 2 )
25 (2) to obtain money or property by means of
26 false or fraudulent pretenses, representations or
27 promises.
28 And that in the Arbitrary, Subversive Policies

1. At work or employed in-to the administrat
2. ion of Justice by the lack of California Conem
3. or(s) to uproot the badges and incidents of
4. Slavery, that of which (1) Restraint of his Movemen
5. except by the Masters will (2) disability to hold
6. property, (3) to make Contracts, (4) to be a wit-
7. ness against a white Person. (5) Service of Chore
8. for the benefit of the Masters. (See Exh # 1, 2, 3.)
9. Petitioner was denied his Due Process Right
10. under "U.S. v. Gaither 245 F. 3d 1064 (9th Cir. 2001,
11. and have argued that once he denied
12. knowledge of having entering into Contract(s)
13. not intelligently knowingly that they were
14. "Strikes" for the purpose of Sentencing to 25
15. years to life, the Court Justice's should not
16. have gone no farther with the Plead in-
17. formation and tried the Case. but recused
18. it self according to 28 USCA § 451-455 et seq.
19. (See Vietnamese Fisherman assN Vs Knight of
20. the Kullux Klan (S.D. Tex 1981) 518 F. Supp. 993
21. (See also 42 USCA § 1981 et seq), 13th, 14th
22. U.S.CA. Servitude means, (A) condition in
23. which a person lacks liberty especially
24. to determine one's course of action or way
25. of life — Slavery — the state of being Sub-
26. ject to a master. (See U.S. v. Kozminski 108
27. S.ct. 2751 (1988). and California Penal Code
28. 667 (d)(1). 181. et seq. 182. (2)(3)(4)(5).

This Court should maintain the rules, and ruling establish by Congress and the United State aims to uproot Political institution of Slavery in the United States of America.

I, Tyrrall Farrow Cannon, Declare that the Foregoing is true and Correct.

Dated: 05/ /2008.    Respectfully Submitted

Tyrall Cannon

Prayer that:

Granting order to show cause why I should not be release from illegal scheme against the United States and its Citizen.

Dated 05/ /2008.    Tyrall Cannon

Riverside California

Ironwood State Prison

attached Exhibits.

Exhibit #1
Contract aggreement.
1988.

SUPERIOR COURT OF THE STATE OF CALIFORNIA
FOR THE COUNTY OF LOS ANGELES

PEOPLE vs.  TYRRALL  CANNON

CASE NUMBER  A 465064

GUILTY PLEA IN THE SUPERIOR COURT

1.  My full name is ____ TYRRALL ____ CANNON ____. I am represented
    by ____ TOM ____ REITANO ____, who is my attorney.

2.  I understand that I am pleading guilty and admitting the following offenses, prior convictions and special punishment allegations, carrying possible penalties as follows:

| CT. | CHARGE | MAX TERM | YRS. | ENHANCEMENTS | YRS. | TERM FOR PRIORS | YRS. | TOTAL PENALTY YEARS |
|-----|--------|----------|------|--------------|------|-----------------|------|---------------------|
| 3 | 496 | 16 mos 2,3 | 8mo if consecutive | | | | | 8 mo |
| 4 | 211 | 2,3,5 | 5 | | | | | 5 yrs |
| | | | | 12022.5 | | | | 2 yrs |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |

Maximum Total Punishment  8 yrs 8 mo

3.  I understand that for persons sentenced to state prison the following terms of parole apply after expiration of the prison term:
    Determinate sentence up to 3-year parole plus up to 1 year maximum confinement on revocation.
    ~~Life sentence up to 5 years parole plus up to 18 months maximum confinement on revocation.~~

4.  I understand that the courts and the Legislature have approved plea bargaining. That it is absolutely necessary all plea agreements, promises of particular sentences or sentence recommendations be completely disclosed to the court on this form.

5.  I understand that I have the right to be represented by an attorney at all stages of the proceedings until the case is terminated and that if I cannot afford an attorney, one will be appointed free of charge.

6.  I understand that I have a right to a trial by jury, which means that 12 citizens selected by my lawyer and the prosecutor would hear all the facts in this case and decide whether or not I am guilty of the crime charged against me. All 12 citizens would have to agree that I am guilty in order for me to be convicted of any crime charged against me or all 12 citizens would have to agree that I am not guilty in order to acquit me. I hereby waive and give up this right.

7.  I understand that I have the right to be confronted by witness(es) against me; in other words, that they testify under oath in my presence, and to cross-examine them through my attorney. I hereby waive and give up this right.

8.  I understand that I have the right to testify on my own behalf, but that I cannot be compelled to be a witness against myself, and may remain silent if I so choose. I hereby give up these rights.

9.  I understand that I have the right to call witnesses to testify in my behalf and to use the assistance and processes of the court to subpoena those witnesses and to compel them to come to court to testify. I hereby waive and give up these rights.

10.  I understand that if I am not a citizen of the United States, the conviction for the offense charged may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States.

11.  ~~I understand that I may be required to register as a sex offender to section 290 of the Penal Code.~~

12.  ~~I understand that I may be required to register as a narcotic offender pursuant to section 11590 of the Health and Safety Code.~~

13.  I understand that a conviction in this case would constitute a violation of any probation or parole that I may have at this time; that the court or authority that has me on probation or parole can take me back on a violation and impose a separate sentence for the violation.

Page 1 of 2

14. ☒ My lawyer has told me that if I plead guilty to the above charge(s), enhancement(s) and prior conviction(s), the court will sentenc me as follows:

☒ State prison for the term prescribed by law, which term is a maximum of ____5____ years imprisonment in the peniter tiary. I waive my right to make application for probation and request immediate sentence.

☒ That I make an application for probation which will be considered by the court before sentence is pronounced. I understanc the court may send me to state prison for a maximum of _____ years.

☒ Probation under the conditions to be set by the court. I understand that a violation of probation may cause the court to senc me to the penitentiary for a maximum of _____ years on this case.

☒ Commitment to CYA              ☒ 1203.03 PC Commitment
☒ Institution of MDSO            ☒ CRC Proceedings
☒ Other _____ SENTENCE IS FIVE YEARS STATE PRISON

_____
_____
_____
_____

15. ☒ I understand that the court may make me pay a sum of money to the State Indemnity Fund, as part of my sentence (Section 13967 of the Government Code).

16. ☒ I have discussed the charge(s), the facts and the possible defenses with my attorney.

17. ☒ I offer my plea of "Guilty" freely and voluntarily and with full understanding of all the matters set forth in the pleading and in this form. No one has made any threats, used any force against myself, family or loved ones, or made any promises to me except as set out in this form, in order to convince me to plead guilty.

18. ☒ I offer to the court the following as the basis for my plea of guilty:

☒ Factual Basis _____
_____
_____

☒ I am pleading guilty to take advantage of a plea bargain.
☐ My attorney will stipulate to a factual basis for my plea.
☒ Other: _____
_____
_____

19. ☒ I have personally initialed each of the above boxes and discussed them with my attorney. I understand each and every one of the rights outlined above and I hereby waive and give up each of them in order to enter my plea to the above charge(s).

DATED: ___5/27/85___          SIGNED: _____
                                       Defendant

20. ☐ DEFENDANT'S ATTORNEY ONLY — I am attorney of record and I have explained each of the above rights to the defendant, and having explored the facts with him/her and studied his/her possible defenses to the charge(s), I concur in his/her decision to waive the above rights and to enter a plea of guilty. I further stipulate this document may be received by the court as evidence of defendant's intelligent waiver of these rights, and that it should be filed by the clerk as a permanent record of that waiver. No promises of a particular sentence or sentence recommendation have been made by myself or to my knowledge by the prosecuting attorney or the court which have not been fully disclosed in this form.

DATED: ___5/27/85___          SIGNED: __Thomas A. Reitano__
                                       Attorney

21. ☐ FOR THE PEOPLE: Date: __3/27/85__    SIGNED: _____
                                                    DEPUTY DISTRICT ATTORNEY

Contract
Aggreement 1992

SUPERIOR COURT OF THE STATE OF CALIFORNIA
FOR THE COUNTY OF LOS ANGELES

PEOPLE vs. _Tyrall Cannon_

CASE NUMBER
_KA-013879_

### GUILTY PLEA IN THE SUPERIOR COURT

1. My full name is _Tyrall Cannon_ . I am represented by _A Johnson_ , who is my attorney.

2. I understand that I am pleading guilty and admitting the following offenses, prior convictions and special punishment allegations, carrying possible penalties as follows:

| CT. | CHARGE | MAX TERM | YRS. | ENHANCEMENTS | YRS. | TERM FOR PRIORS | YRS. | TOTAL PENALTY YEARS |
|-----|--------|----------|------|--------------|------|-----------------|------|---------------------|
| 1 | 245 (a)(1) | | 4 | | | | | |
| | | | | 12022.7 | 3 | | | |
| | | | | 667 (a) | 5 | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |

Maximum Total Punishment _12_

OCT 09 1992
FRANK S ____

3. ☒ I understand that for persons sentenced to state prison the following terms of parole apply after expiration of the prison term:

   ☐ Determinate sentence up to 3-year parole plus up to 1 year maximum confinement on revocation.

   ☒ Life sentence up to 5 years parole plus up to 18 months maximum confinement on revocation.

4. ☒ I understand that the courts and the Legislature have approved plea bargaining. That it is absolutely necessary all plea agreements, promises of particular sentences or sentence recommendations be completely disclosed to the court on this form.

5. ☒ I understand that I have the right to be represented by an attorney at all stages of the proceedings until the case is terminated and that if I cannot afford an attorney, one will be appointed free of charge.

6. ☒ I understand that I have a right to a trial by jury, which means that 12 citizens selected by my lawyer and the prosecutor would hear all the facts in this case and decide whether or not I am guilty of the crime charged against me. All 12 citizens would have to agree that I am guilty in order for me to be convicted of any crime charged against me or all 12 citizens would have to agree that I am not guilty in order to acquit me. I hereby waive and give up this right.

7. ☒ I understand that I have the right to be confronted by witness(es) against me; in other words, that they testify under oath in my presence, and to cross-examine them through my attorney. I hereby waive and give up this right.

8. ☒ I understand that I have the right to testify on my own behalf, but that I cannot be compelled to be a witness against myself, and may remain silent if I so choose. I hereby give up these rights.

9. ☒ I understand that I have the right to call witnesses to testify in my behalf and to use the assistance and processes of the court to subpoena those witnesses and to compel them to come to court to testify. I hereby waive and give up these rights.

0. ☒ I understand that if I am not a citizen of the United States, the conviction for the offense charged may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States.

1. ☒ I understand that I may be required to register as a sex offender to section 290 of the Penal Code.

2. ☒ I understand that I may be required to register as a narcotic offender pursuant to section 11590 of the Health and Safety Code.

3. ☒ I understand that a conviction in this case would constitute a violation of any probation or parole that I may have at this time; that the court or authority that has me on probation or parole can take me back on a violation and impose a separate sentence for the violation.

14. ☑ My lawyer has told me that if I plead guilty to the above charge(s), enhancement(s) and prior conviction(s), the court will *sentence me as follows:*

    ☑ State prison for the term prescribed by law, which term is a maximum of ____7____ years imprisonment in the penitentiary. I waive my right to make application for probation and request immediate sentence.

    ☐ That I make an application for probation which will be considered by the court before sentence is pronounced. I understand the court may send me to state prison for a maximum of _____ years.

    ☐ Probation under the conditions to be set by the court. I understand that a violation of probation may cause the court to send me to the penitentiary for a maximum of _____ years on this case.

    ☐ Commitment to CYA             ☐ 1203.03 PC Commitment

    ☐ Institution of MDSO           ☒ CRC Proceedings

    ☐ Other _____

    _____

    _____

    _____

    _____

15. ☑ I understand that the court may make me pay a sum of money to the State Indemnity Fund, as part of my sentence (Section 13967 of the Government Code).

16. ☑ I have discussed the charge(s), the facts and the possible defenses with my attorney.

17. ☑ I offer my plea of "Guilty" freely and voluntarily and with full understanding of all the matters set forth in the pleading and in this form. No one has made any threats, used any force against myself, family or loved ones, or made any promises to me except as set out in this form, in order to convince me to plead guilty.

18. ☑ I offer to the court the following as the basis for my plea of guilty:

    ☐ Factual Basis _____

    _____

    ☐ I am pleading guilty to take advantage of a plea bargain.

    ☐ My attorney will stipulate to a factual basis for my plea.

    ☐ Other: _____

    _____

19. ☑ I have personally initialed each of the above boxes and discussed them with my attorney. I understand each and every one of the rights outlined above and I hereby waive and give up each of them in order to enter my plea to the above charge(s).

    DATED: _10/9/92_          SIGNED: _Tyrrell Cannson_
                                         Defendant

20. ☐ DEFENDANT'S ATTORNEY ONLY - I am attorney of record and I have explained each of the above rights to the defendant, and having explored the facts with him/her and studied his/her possible defenses to the charge(s), I concur in his/her decision to waive the above rights and to enter a plea of guilty. I further stipulate this document may be received by the court as evidence of defendant's intelligent waiver of these rights, and that it should be filed by the clerk as a permanent record of that waiver. No promises of a particular sentence or sentence recommendation have been made by myself or to my knowledge by the prosecuting attorney or the court which have not been fully disclosed in this form.

    DATED: _10/9/92_          SIGNED: _____
                                           Attorney

21. ☐ FOR THE PEOPLE: Date: _____ SIGNED: _____
                                                   DEPUTY DISTRICT ATTORNEY

1

PROOF OF SERVICE

2

3          Declaration of Service by Mail

4     I, _Tyrrall F. Cannon_, declare that I am over the age of

5   eighteen (18) and that I (am/~~are not~~) a party to this action. On _MAY 22_,

6   _2008_, I deposited a copy of the following document(s):

7          Motion for Reconsideration,

8          Pursuant to Supremacy Clause.

9

10

11        In a sealed envelope with the postage prepaid into the United States mail

12   outlet via an authorized California Department of Corrections employee at

13   State Prison, in _____, California, and addressed as

14   follows: U.S. Court of Appeals.

15        9th circuit.
      P.O. Box 193939.                           FBI.

16   San Francisco CA 94119.

17                                                NAACP.

18                                                Tips.

19

20                                                U.S. Attorney.
                                                 Los Angeles.
21   M. Mukasey U.S.A.G.                          300 S. Los Angeles St.

22   U.S. Attorney General                        Los Angeles, Ca. 90012

23   Washington DC.

24

25        I declare under penalty of perjury by the laws of the State of California that

26   the foregoing is true and correct (pursuant to 28 USCA §1746(2)).

27

28   DATE _May 22, 2008_            SIGNATURE _Tyrrall Flenn_

COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-43)

# EXHIBIT COVER PAGE

<div style="border:1px solid">5</div>

EXHIBT

Description of this Exhibit:

Case No. *08-71641.*
People v. *CANNON V. Dexter*

Number of pages to this Exhibit _____ pages.

JURISDICTION: (Check only one)

☐ Municipal Court
☐ Superior Court
☐ Appellate Court
☐ State Supreme Court
☐ United States District Court
☐ State Circuit Court
☐ United State Supreme Court
☐ Grand Jury





Office of the Clerk
**United States Court of Appeals for the Ninth Circuit**
95 Seventh Street
Post Office Box 193939
San Francisco, California 94119-3939

Molly C. Dwyer
Clerk of Court

(415) 355-8000

April 21, 2008

Docket No.:                    08-71641
Short Title:                   Tyrrall Cannon v. Debra Dexter

Dear Tyrall Farrow Cannon:

This is to acknowledge receipt of your Application for Permission to File a Second
or Successive Habeas Corpus Petition.

All subsequent letters and request for information regarding this matter will be
added to your file to be considered at the same time the cause is brought before the
court.

The file number and the title of your case should be shown in the upper right
corner of your letter to the clerk's office. All correspondence should be directed to
the above address pursuant to Circuit Rule 25-1.

Very truly yours,

Molly C. Dwyer
Clerk of Court

By: William Fa'aita
Deputy Clerk

PROOF OF SERVICE

Declaration of Service by Mail

I, Tyriall Farrow Cannon, declare that I am over the age of eighteen (18) and that I (am/am not) a party to this action. On June 12, 2008, I deposited a copy of the following document(s):

Request for appointment of Counsel.
Cannon V. Dexter.

In a sealed envelope with the postage prepaid into the United States mail outlet via an authorized California Department of Corrections employee at State Prison, in Ironwood, Blythe, California, and addressed as follows:

Mr. David Zugman.
Attorney at law.
964 Fifth Ave Ste 300
San Diego, Ca. 92101.

Chelry Justice.
U.S. Chief Justice.
for the Ninth Circuit
Court of Appeals
P.O. Box 193939.
San Francisco. Ca.
94119.

U.S. Attorney General.
Michael Mukasy.
950 Pennsylvania. Ave. NW.
Washington. DC. 20540.

State of California
Attorney General.
300 N. Spring Street.
Los Angeles. Calif.
90012

I declare under penalty of perjury by the laws of the State of California that the foregoing is true and correct (pursuant to 28 USCA §1746(2)).

DATE June 12 2008    SIGNATURE Tyriall Cannon.

COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)

1

PROOF OF SERVICE

2

Declaration of Service by Mail

3

4

I, _Tyriall Farron Cannon_, declare that I am over the age of

5

eighteen (18) and that I (am/~~not~~) a party to this action. On _June 12_,

6

_2008_, I deposited a copy of the following document(s):

7

_Request for Appointment of Counsel._

8

_Cannon V. Dexter._

9

10

11

In a sealed envelope with the postage prepaid into the United States mail

12

outlet via an authorized California Department of Corrections employee at

13

State Prison, in _Ironwood, Blythe_, California, and addressed as

14

follows: _Mr. David Zugman._       _Clerk_
_U.S. Chief Justice._

15

_Attorney at law._       _for the Ninth Circuit_

16

_964 Fifth Ave Ste 300_       _Court of Appeals_
_P.O. Box 193939._

17

_San Diego, Ca. 92101._       _San Francisco, Ca._
_94119._

18

19

_U.S. Attorney General._       _State of California_

20

_Michael Mukasy._       _Attorney General._

21

_950 Pennsylvania Ave. NW._       _300 S. Spring Street_

22

_Washington DC. 20540._       _Los Angeles Calif._
_90012_

23

24

25

I declare under penalty of perjury by the laws of the State of California that

26

the foregoing is true and correct (pursuant to 28 USCA §1746(2)).

27

28

DATE _June 12, 2008_       SIGNATURE _Tyrall Cannon_.

1  Tyrrall Farrow Cannon
2  CDCR# T-91710  (ISP)
3  P.O. Box 2199 (D-1-1104)
4  Blythe, California. 92226.
5  In Pro. Per.
6
7
8        In the United States, Court for the
9        Ninth Circuit appeals.
10
11  Tyrrall Farrow Cannon        case# 08-71641.
12        Petitioner, Plaintiff.
13        V.
14  Debra Dexter, warden.        Request for the appoint-
15        Respondent.        ment of Counsel.
16                28 USCA 1915.
17                18 USCA 3006 (A), (1951.)
18                42 USCA 1988.
19                Date: 6/30/2008.
20                Hearing:
21                Time: 8:30 Am.
22                Dept.#
23
24      Come now Tyrrall Farrow Cannon, and before
25  the presiding Justices and associates Judges, In
26  this matter for an request for Counsel.
27      I declare under penalty of Jury that I am
28  a Prison and held against my civil liberties to

1.

1  make and enforce contracts. I declare that I
2  am indigent and unable to afford counsel
3  addressing the alleged reasons for my holding
4  or held by acts that are well established by
5  court rulings and the Constitution of United
6  States forbidden and Prohibited unAmerica
7  activities:
8      This court should move to approve
9  Tyrrall Farrow Cannon request for the Counsel
10  listed below:
11          Mr. David Zugman, att-at law.
12          964 Fifth Ave. Ste 300
13          San Diego. Calif. 92101.
14
15  Jeffrey J. Stuetz. att-at-law.
16  PMB 288.
17  3440 Youngfield St.
18  Wheat Ridge, Co. 80033
19
20      Because these attorney is well aware of the
21  Case that involves Kidnapping and Slavery
22  by State Sworn officials...
23      And that I have been subjected to an
24  Political enterprise for profit. and in violat-
25  ion of the Smith Act, Homeland Security Act.
26  Patriot Act. And the newly Military Commission
27  Act. Voting Rights Act. Communist Control Act.
28  Civil Rights Acts. enforcement Act. enter alia.

                    2,

1  a copy of this letter, Request, have been sent to
2  proper authority herein and assigned to this
3  action et al.
4     Good cause appear, and that this Motion for
5  Counsel Must be taken in good faith.
6
7  I Tyrrall Farrow Conason, #T-91710 declare
8  that I am the writer of this Motion and the
9  foregoing is true and correct to the best of
10 my Knowledge by my under signed. 28 USCA
11 § 1746.(1).
12     Dated: 6/12/2008  Respectfully.
13                       Tyrrall Hannon
14                       Tyrrall F. Conason.
15                       Blythe, California.
16
17
18
19
20
21
22
23
24
25
26
27
28

3.

# EXHIBIT COVER PAGE 

EXHIBT

Description of this Exhibit:

Case No.        *S160481.*
People v.   *CANNON - V.   Dexter.*

Number of pages to this Exhibit _____ pages.


JURISDICTION:  (Check only one)

☐  Muni: al C:
☐  Superior Court
☐  Appellate Court
☐  State Supreme Court
☐  United States District Court
☐  State Circuit Court
☐  United State Supreme Court
☐  Grand Jury

SUPREME COURT
**FILED**

MC-275

JAN 3 0 2008 *Copy*

Frederick K. Ohlrich Clerk

Deputy

Name _Tyrrall F. CANNON_

Address _Ironwood State Prison_

_P.O. Box 2199_

_Blythe, Calif. 92226_

CDC or ID Number _T-91710_

_California Supreme_

_____

(Court)

_Tyrrall Farrow Cannon_
Petitioner

vs.,

_Debra Dexter, warden,_
Respondent _State of California._

PETITION FOR WRIT OF HABEAS CORPUS

# S160481

No. _____

*(To be supplied by the Clerk of the Court)*

APP ct # E043418

Supr ct. # WHCSS0700047.

## INSTRUCTIONS—READ CAREFULLY

- If you are challenging an order of commitment or a criminal conviction and are filing this petition in the Superior Court, you should file it in the county that made the order.

- If you are challenging the conditions of your confinement and are filing this petition in the Superior Court, you should file it in the county in which you are confined.

- Read the entire form *before* answering any questions.

- This petition must be clearly handwritten in ink or typed. You should exercise care to make sure all answers are true and correct. Because the petition includes a verification, the making of a statement that you know is false may result in a conviction for perjury.

- Answer all applicable questions in the proper spaces. If you need additional space, add an extra page and indicate that your answer is "continued on additional page."

- If you are filing this petition in the Superior Court, you need file only the original unless local rules require additional copies. Many courts require more copies.

- If you are filing this petition in the Court of Appeal, file the original and four copies of the petition and, if separately bound, one copy of any supporting documents.

- If you are filing this petition in the California Supreme Court, file the original and ten copies of the petition and, if separately bound, two copies of any supporting documents.

- Notify the Clerk of the Court in writing if you change your address after filing your petition.

- In most cases, the law requires service of a copy of the petition on the district attorney, city attorney, or city prosecutor. See Penal Code section 1475 and Government Code section 72193. You may serve the copy by mail.

Approved by the Judicial Council of California for use under rule 8.380 of the California Rules of Court [as amended effective January 1, 2007]. Subsequent amendments to rule 8.380 may change the number of copies to be furnished to the Supreme Court and Court of Appeal.

Page 1 of 6

Form Approved for Optional Use
Judicial Council of California
MC-275 [Rev. January 1, 2007]

PETITION FOR WRIT OF HABEAS CORPUS

Penal Code, § 1473 et seq.;
Cal. Rules of Court, rule 8.380
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

This petition concerns:

☑ A conviction      ☐ Parole

☑ A sentence      ☐ Credits

☐ Jail or prison conditions      ☐ Prison discipline

☑ Other (specify): *Ruling by Supreme Court, Cunnings v. California.*

1. Your name: *Tyrrall Farrow Connon*

2. Where are you incarcerated? *Ironwood State Prison Blythe, California.*

3. Why are you in custody? ☑ Criminal Conviction      ☐ Civil Commitment

*Answer subdivisions a. through i. to the best of your ability.*

a. State reason for civil commitment or, if criminal conviction, state nature of offense and enhancements (for example, "robbery with use of a deadly weapon").

*Corporal injury to Spouse, Two Prior enhancements under Three Strike law and Battery*

b. Penal or other code sections: *273.5 (a) ct 2 (240 P.C. ct 1) 667 b-i/1170.12.*

c. Name and location of sentencing or committing court: *Superior Court San Bern Ardino. County, Rancho Cucamonga.*

d. Case number: *FWV-026177.*

e. Date convicted or committed: *02/28/2003*

f. Date sentenced: *04/25/2003.*

g. Length of sentence: *25 year to life.*

h. When do you expect to be released? *This can be an death sentence, unknown*

i. Were you represented by counsel in the trial court? ☐ Yes. ☑ No. If yes, state the attorney's name and address:

*In Pro. Per.*

4. What was the LAST plea you entered? *(check one)*

☑ Not guilty    ☐ Guilty    ☐ Nolo Contendere    ☐ Other: _____

5. If you pleaded not guilty, what kind of trial did you have?

☑ Jury    ☐ Judge without a jury    ☐ Submitted on transcript    ☐ Awaiting trial   *Plea Bargains Priors by court.*

6. GROUNDS FOR RELIEF

Ground 1: State briefly the ground on which you base your claim for relief. For example, "the trial court imposed an illegal enhancement." *(if you have additional grounds for relief, use a separate page for each ground. State ground 2 on page four. For additional grounds, make copies of page four and number the additional grounds in order.)*

*The Sentencing Court Judge errored, depriving Petitioner of the lessor included instruction of Mutual Combat, Contrary to supporting evidence and arbitrary imposed Sentence unduly and after complaint of. 6th, 8th, 13th, and 14th. U.S.C.A. calif. const.*

a. Supporting facts:

Tell your story briefly without citing cases or law. If you are challenging the legality of your conviction, describe the facts upon which your conviction is based. *If necessary, attach additional pages.* CAUTION: You must state facts, not conclusions. For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do and how that affected your trial. Failure to allege sufficient facts will result in the denial of your petition. (See *In re Swain* (1949) 34 Cal.2d 300, 304.) A rule of thumb to follow is: *who* did exactly *what* to violate your rights at what time *(when)* or place *(where). (If available, attach declarations, relevant records, transcripts, or other documents supporting your claim.)*

*(See petition for review and Points and Authorities in support of writ of Habeas Corpus.) (Exh 1(A), 1(B))*

b. Supporting cases, rules, or other authority (optional):

*(Briefly discuss, or list by name and citation, the cases or other authorities that you think are relevant to your claim. If necessary, attach an extra page.)*

*U.S. of America v. Moore 108 F.3d 270 (10th Cir. 1997)*
*Cunningham v. California - U.S. 127 S.Ct. 856 (2007)*
*People v. Nguyen 31 Cal. 4th. 197.*

7. Ground 2 or Ground _2_ _(if applicable):_

The Trial court deprive Petitioner of his right to have the Jury
to decide if Prior Prison Terms alleged as strikes under the
(3) Strike Law, that increases Punishment to 25 years to life, IN
violation of 5th, 6th, 8th, 13th and 14th USCA, Calif. Const.

a. Supporting facts:

See: Petition for review attached, and Point And
Authorities, IN Support of writ of Habeas Corpus. )

b. Supporting cases, rules, or other authority:

Teague V. Lane 489 U.S. 288, 109 ct. 1060, 103 led 2d 334.
Cunningham V. California US 127 S. Ct. 856 2007.
People V. Nguyen 880 P. 2d 905, 87 cal. Rptr. 2d 198,
21 Cal. 4th 197.

Ground # 3.

Denied Right to cross examine witness.
In violation of California, and United States Constitution. 6th, 14th, Amendments. USCA.


Facts., See transcript on file with this
Court on Review # S126599. on Direct appeal.

Ground #4.

Failure of Trial Court to admonishment of the
No right to Self representation-on-appeal,
appellate-counsel-will-decide-appellate-issue
warnings. was not advised that, if Petitioner
represented himself at trial. IN violation
of California and United State Constitution 4th, 6th,
13th, And 14th Amendmenets U.S.CA.

Facts. See transcripts Supplemental brief
on file with this Court on Direct appeal.
Review) #S126599

page 6

Ground #5.

The Court Trial Judge Failure to Set-aside information file and over the objection, that the People information file would Subject Petitioner to Cruel and unusual Punishment unduly to use Plea Bargains after the fact or Strike unde State amended statute, in violation of California Constitution and United States Constitut ion, Civil, Criminal, and international law, Treaties.

Facts: See Transcripts, file with this Court, and Petition for review attached hereto, Points and authorities. #S126599 (see Exh # 1.D).

Page 7.

8. Did you appeal from the conviction, sentence, or commitment?  ☑ Yes. ☐ No. If yes, give the following information:

   a. Name of court ("Court of Appeal" or "Appellate Dept. of Superior Court"):
   _Fourth appellant Dist. Court Div. Two. Riverside California_

   b. Result _affirm_ _____ c. Date of decision: _Jun 16, 2004_

   d. Case number or citation of opinion, if known: _E033596_

   e. Issues raised: (1) _____

      (2) _____

      (3) _____

   f. Were you represented by counsel on appeal? ☑ Yes. ☐ No. If yes, state the attorney's name and address, if known:
   _Jeffery J. Stietz PMB 288, 3440 youngfield st. wheatridge Co. 80033_

9. Did you seek review in the California Supreme Court? ☑ Yes ☐ No. If yes, give the following information:

   a. Result _Review Denied without opinion_ b. Date of decision: _Aug 25, 2004_

   c. Case number or citation of opinion, if known: _-S126599_

   d. Issues raised: (1) _____

      (2) _____

      (3) _____

10. If your petition makes a claim regarding your conviction, sentence, or commitment that you or your attorney did not make on appeal, explain why the claim was not made on appeal: _counsel file meritless claims and_
_abandon appeal._

11. Administrative Review:

    a. If your petition concerns conditions of confinement or other claims for which there are administrative remedies, failure to exhaust administrative remedies may result in the denial of your petition, even if it is otherwise meritorious. (See *In re Muszalski* (1975) 52 Cal.App.3d 500 [125 Cal.Rptr. 286].) Explain what administrative review you sought or explain why you did not seek such review:
    _(See Exhibit 4.)_

    b. Did you seek the highest level of administrative review available? ☑ Yes. ☐ No.
    Attach documents that show you have exhausted your administrative remedies.

PETITION FOR WRIT OF HABEAS CORPUS    _P9_

12. Other than direct appeal, have you filed any other petitions, applications, or motions with respect to this conviction, commitment, or issue in any court? ☑ Yes. If yes, continue with number 13. ☐ No. If no, skip to number 15.

13. a. (1) Name of court: _U.S. District Court for the District of Columbia._

   (2) Nature of proceeding (for example, "habeas corpus petition"): _Civil Complaint._

   (3) Issues raised: (a) _Political Prisoner issue's_

   (b) _Citzenship violation._

   (4) Result (Attach order or explain why unavailable): _Pending_

   (5) Date of decision: _pending_

   b. (1) Name of court: _U.S. District Court for the District of Columbia_

   (2) Nature of proceeding: _Civil Complaint._

   (3) Issues raised: (a) _Political Prisoner issues._

   (b) _Citzenship violation._

   (4) Result (Attach order or explain why unavailable): _Pending_

   (5) Date of decision: _Pending_

   c. For additional prior petitions, applications, or motions, provide the same information on a separate page.

14. If any of the courts listed in number 13 held a hearing, state name of court, date of hearing, nature of hearing, and result:

_____

15. Explain any delay in the discovery of the claimed grounds for relief and in raising the claims in this petition. (See In re Swain (1949) 34 Cal.2d 300, 304.)
_No delay, Cunningham V. California decided Jan 23, 2007._

16. Are you presently represented by counsel? ☐ Yes. ☑ No. If yes, state the attorney's name and address, if known:

_____

17. Do you have any petition, appeal, or other matter pending in any court? ☑ Yes. ☐ No. If yes, explain:

_____

18. If this petition might lawfully have been made to a lower court, state the circumstances justifying an application to this court:
_This is the highest Court in California. and after being denied in lower Courts._

I, the undersigned, say: I am the petitioner in this action. I declare under penalty of perjury under the laws of the State of California that the foregoing allegations and statements are true and correct, except as to matters that are stated on my information and belief, and as to those matters, I believe them to be true. _Resubmit on_ Sign: _Tyrnall Hanner_

Date: _7/15/2007. JAN 07 2008_    _Tyrnall Hanner_
                                      (SIGNATURE OF PETITIONER)

Appendix 1 and 2.

1

COURT OF APPEAL -- STATE OF CALIFORNIA
FOURTH DISTRICT
DIVISION TWO

**ORDER**



JUL 1 2 2007

COURT OF APPEAL FOURTH DISTRICT

In re TYRRALL FARROW CANNON

on Habeas Corpus.

E043418

(Super.Ct.No. WHCSS0700047
& FWV026177)

The County of San Bernardino

THE COURT

The petition for writ of habeas corpus is DENIED.

MILLER

Acting P.J.

cc:    See attached list



1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25 *Appendix 2*

26

27

28

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO
RANCHO CUCAMONGA DISTRICT
MINUTE ORDER

CASE NO:      FWV026177                           DATE:   03/06/07

CASE TITLE:    PEOPLE OF THE STATE OF CALIFORNIA
                          vs.
               TYRRALL FARROW CANNON

------------------------------------------------------------------------
 DEPT: R5    03/06/07 TIME:  3:14 pm EX PARTE HEARING: RE Request for Fur
------------------------------------------------------------------------

CHARGES: 1) 245(A)(1) PC-F, 2) 273.5(A) PC-F

JUDGE Gerard S Brown
Clerk Bertha Salazar

APPEARANCES
No appearances

PROCEEDINGS
Court has received and reviewed defendant's
Motion to appoint counsel and Motion to recall
Sentence.

Defendant's Motion recall sentence per Cunningham is DENIED.
Cunningham does not apply to indeterminate
sentences.

Defendant's Motion for appointment of counsel is DENIED.

Court finds defendant was sentenced in 2003;
therefore trial court has no jurisidiction to
recall his sentence.
Additionally - defendant's Coram Nobis
previously denied by Judge Cole on 10/08/04.

Court finds the only jurisdiction would possibly
be the Court of Appeals in Riverside.

CUSTODY STATUS
Case Custody - State Prison
Clerk's Office to notify Defendant.
============= MINUTE ORDER END =================

SUPERIOR COURT
COUNTY OF SAN BERNARDINO
Department No. S-8
351 North Arrowhead Avenue
San Bernardino, California 92415-0240

**COPY**

F I L E D
SUPERIOR COURT
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

JUN 0 7 2007

BY _Olivia McDonald_
                          DEPUTY

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN BERNARDINO

SAN BERNARDINO DISTRICT

| | |
|---|---|
| In re the Petition of | ) Case No. WHCSS0700047 |
| TYRRALL FARROW CANNON, | ) ORDER DENYING PETITION ) FOR WRIT OF HABEAS CORPUS |
| For Writ of Habeas Corpus. | ) |

The petition of TYRRALL FARROW CANNON for Writ of Habeas Corpus was filed in this court on May 22, 2007.

Therein, Petitioner contends that:

1. The trial court committed error in its jury instructions as to mutual combat.

2. He was denied his right to a jury trial to determine the validity of his prior prison term allegations.

3. He was denied the right to cross-examine witnesses.

4. The trial court did not properly admonish him regarding self-representation on appeal.

5. The trial court should have ignored his prior convictions.

All these matters were disposed of on direct appeal. Habeas corpus is not a second appeal. Furthermore, we note that Petitioner's previous petitions for habeas corpus relief to this court and to the Court of Appeals have been denied.

-1-

1    The petition is denied, as well.

2

3    Dated this  7th  day of June, 2007.

4

5

6                                              JOHN P. WADE

7                                        JOHN P. WADE
                                         Judge of the Superior Court

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    **SUPERIOR COURT OF CALIFORNIA**
     **COUNTY OF SAN BERNARDINO**
     Civil Division, Department S-32
2    303 West Third Street
     San Bernardino, California 92415

3

4

5

6

7

F I L E D
SUPERIOR COURT
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

JUL 1 3 2007

BY _Olivia McDonald_
                    **DEPUTY**

8                    IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                    IN AND FOR THE COUNTY OF SAN BERNARDINO

10                              SAN BERNARDINO DISTRICT

11

12   In re the Petition of                    Case No. SWHSS-00047

13        TYRRALL FARROW CANNON,               ORDER DENYING REQUEST FOR
                                               RECONSIDERATION
14
     For Writ of Habeas Corpus.
15

16

17        The Petition of TYRRALL FARROW CANNON for Writ of Habeas Corpus was filed

18   on May 22, 2007 and denied on June 7, 2007.

19        On June 26, 2007 this court received from Petitioner a request for reconsideration of

20   the order denying his Petition.

21        Such request for reconsideration is denied.

22

23   Dated this __13th__ day of July, 2007.

24

25                                        **JOHN P. WADE**

26                                        _____

27                                        JOHN P. WADE
                                          Judge of the Superior Court
28

-1-

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO
RANCHO CUCAMONGA DISTRICT
MINUTE ORDER

CASE NO:        FWV026177                              DATE:   03/06/07

CASE TITLE:    PEOPLE OF THE STATE OF CALIFORNIA
                              vs.
                TYRRALL FARROW CANNON

-----------------------------------------------------------------------
 DEPT: R5    03/06/07 TIME:  3:14 pm EX PARTE HEARING: RE Request for Fur
-----------------------------------------------------------------------

CHARGES: 1) 245(A)(1) PC-F, 2) 273.5(A) PC-F


JUDGE Gerard S Brown
Clerk Bertha Salazar
-
APPEARANCES
No appearances
-
PROCEEDINGS
Court has received and reviewed defendant's
Motion to appoint counsel and Motion to recall
Sentence.
-
Defendant's Motion recall sentence per Cunningham is DENIED.
Cunningham does not apply to indeterminate
sentences.
-
Defendant's Motion for appointment of counsel is DENIED.
-
Court finds defendant was sentenced in 2003;
therefore trial court has no jurisidiction to
recall his sentence.
Additionally - defendant's Coram Nobis
previously denied by Judge Cole on 10/08/04.
-
Court finds the only jurisdiction would possibly
be the Court of Appeals in Riverside.
-
CUSTODY STATUS
Case Custody - State Prison
Clerk's Office to notify Defendant.
============= MINUTE ORDER END =================

COPY

1  Tyrall Farrow Cannon

2  CDCR # T-91710 (ISP)

FILED
SUPERIOR COURT
COUNTY OF SAN BER    DINO
SAN BERNARDINO     CT

3  P.O. Box 2199

JUN 2 6 2007

4  Blythe, California 92226

BY  Olivia V. McD    Dd
DEPUTY

5  "Without Counsel"

6

7        IN the State of California Superior Court

8            County of San Bernardino.

9

10  Tyrall Farrow Cannon                # WHCSS0700047.

11            Petitioner              Petition for Reconsider

12       V.                           ation.

13  San Bernardino County             "Judge error"

14  Superior Court.                   "Discrepancy."

15  Debra Dexter warden.              Violation of Homeland

16  Real Parties.                     Security Act. 2003

17            Respondants             6 USCA §§ 101 etseq.

18

19       On June 07, 2007 Superior Court Judge John

20  P. Wade, issued an order Denying Petition for

21  Writ of Habeas Corpus.

22       This writ of Habeas Corpus was accompanied

23  by an Motion to recall sentence Pursuant to

24  an newly rule by United States Supreme Court

25  in case of Cummingham v. California - U.S. 1275

26  S.Ct. 856 (2007) (See ground #1 of Writ of Habeas

27  Corpus on file with this above Court. Grounds

28  1 - 5 is therefore also in relation to "Cummingham"

1-3

1  Where-fore Judge Gerard S. Brown denied
2  the recall Motion, for reason given that Cunning-
3  ham does not apply to indeterminate Sentence,
4  and in error of, People V. Nguyen 880 P. 2d 905,
5  87 Cal Rptr. 2d 198, 21 cal. 4th 197. (Penal Code
6  667, 1170." Which States in context of Calculation
7  of minimum term for each indeterminate life
8  Sentences imposed against defendant who
9  has two Prior qualifying Conviction—(See
10  667 (a)(1).) —Three strikes law incorporates
11  Provision of determinate sentencing law
12  Which give sentencing Court discretion to
13  select either the lower, middle or upper term
14  depending on the presence or absence of
15  various Sentencing Factor, those factors is
16  Not for being concealed from the Jury, and
17  only based on a "spirit" our spirit of the
18  writers instead of legislation History of
19  writing Statute (See 667 (a)(1).) Provided that
20  the Court did have the Constituted discretion,
21  When the Case was an wobbler, and where
22  the District Attorney filed both Priors and
23  Strikes The Judge act Alone in the reconstr-
24  uction Sentencing application Contrary to
25  administrative law in Contracts or Plea
26  Bargain Prior to amended State statute.
27              "Secondly."
28  Grounds 1, 2, 5, was not disposed of on

2-3

1  direct appeal, This writ is authoritized by
2  Cunningham V. California, and Teague V. Lane
3  484 U.S. 288, wherefore on direct appeal is
4  not completed, This Court must be fair, and
5  been given a fair opportunity to consider all
6  new ruling, on writ of Habeas Corpus, in
7  this action the Court have failed to address.
8  by circumvented Petition Due Process and
9  equal Protection by alleging that all of
10  (these) 5 Grounds on this action have been
11  dispose of. This is in error. and deprive
12  Petitioner of his rights to fair Trial under
13  United States Constitution 6th amendment.
14  (See appendix 1, and 2 )
15     This Court should mandate Petitioner an
16  new Trial, and or modify sentence to
17  reflect my denied right to an fair trial.
18
19     I declare under Penalty of Perjury that
20  the foregoing is true and Correct to the best
21  of my Knowledge by my under-signed and
22  Date Pursuant to 28 USCA SS 1746 (B).
23                              Respectfully Submitted.
24  Date: June 21, 2007        Tyrrell Flummer.
25                              Petitioner in Pro. Per.
26
27
28

2 - 3

## ABSTRACT OF JUDGEMENT - PRISON COMMITMENT INDETERMINATE SENTENCE

FORM CR 292

SUPERIOR COURT OF CALIFORNIA, COUNTY OF __SAN BERNARDINO__

BRANCH __RANCHO__

36110

SUPERIOR COURT
COUNTY OF SAN BERNARDINO
RANCHO CUCAMONGA DISTRICT

APR 2 8 2003

BY _____ DEPUTY

PEOPLE OF THE STATE OF CALIFORNIA versus
DEFENDANT: __TYRRALL FARROW CANNON__
AKA:

☒ PRESENT
☐ NOT PRESENT

CASE NUMBER(S)
__FWV026177__ - A
_____ - B
_____ - C

COMMITMENT TO STATE PRISON
ABSTRACT OF JUDGEMENT

AMENDED
ABSTRACT ☐

- D
- E

| DATE OF HEARING (MO) (DAY) (YR) | DEPT. NO | JUDGE | CLERK |
|---|---|---|---|
| 04/25/03 | R19 | FREDERICK A MANDABACH | K KEMATT |

| REPORTER | COUNSEL FOR PEOPLE | COUNSEL FOR DEFENDANT | PROBATION NO. OR PROBATION OFFICER |
|---|---|---|---|
| GEORGIA BRACAMONTE | MICHELE DALY | PRO PER | 0134717 |

1. DEFENDANT WAS CONVICTED OF THE COMMISSION OF THE FOLLOWING FELONIES:

☐ ADDITIONAL COUNTS ARE LISTED ON ATTACHMENT     (NUMBER OF PAGES)

| COUNT | CODE | SECTION NUMBER | CRIME | YEAR CRIME COMMITTED | DATE OF CONVICTION MO | DAY | YEAR | CONVICTED BY JURY TRIAL | COURT TRIAL | PLEA | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2 | PC | 273.5(A) | CORPORAL INJURY TO SPOU | 02 | 02 | 28 | 03 | X | | | | |

2. ENHANCEMENTS charged and found true TIED TO SPECIFIC COUNTS (mainly in the § 12022-series) including WEAPONS, INJURY, LARGE AMOUNTS OF CONTROLLED SUBSTANCES, BAIL STATUS, ETC.: For each count list enhancements horizontally. Enter time imposed for each or 'S' for stayed or stricken. DO NOT LIST enhancements charged but not found true or stricken under § 1385. Add up time for enhancements on each line and enter line total in right-hand column.

| Count | Enhancement | Yrs or 'S' | Enhancement | Yrs or 'S' | Enhancement | Yrs or 'S' | Enhancement | Yrs or 'S' | Enhancement | Yrs or 'S' | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | |

3. ENHANCEMENTS charged and found true FOR PRIOR CONVICTIONS OR PRIOR PRISON TERMS (mainly § 667-series) and OTHER: List all enhancements based on prior conviction or prior prison terms charged and found true. If 2 or more under the same section, repeat it for each enhancement (e.g., if 2 non-violent prior prison terms under § 667.5(b) list § 667.5(b) 2 times). Enter time imposed for each or 'S' for stayed or stricken. DO NOT LIST enhancements charged but not found true or stricken under §1385. Add time for these enhancements and enter total in right-hand column. Also enter here any other enhancement not provided for in space 2.

| Enhancement | Yrs or 'S' | Enhancement | Yrs or 'S' | Enhancement | Yrs or 'S' | Enhancement | Yrs or 'S' | Enhancement | Yrs or 'S' | Total |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | |
| Enhancement | Yrs or 'S' | Enhancement | Yrs or 'S' | Enhancement | Yrs or 'S' | Enhancement | Yrs or 'S' | Enhancement | Yrs or 'S' | Total |

4. Defendant was sentenced to State Prison for an indeterminate term:

- A. ☐ Per LIFE WITHOUT THE POSSIBILITY OF PAROLE on counts ___
- B. ☐ Per LIFE WITH POSSIBILITY OF PAROLE on counts ___
- E. ☐ For other term prescribed by law on counts ___
- C. ☐ For 15 years to life, WITH POSSIBILITY OF PAROLE on counts ___
- D. ☐ For 25 years to life, WITH POSSIBILITY OF PAROLE on counts __2__

(Specify term on separate sheet if necessary.)

PLUS enhancement time shown above.

5. ☐ Indeterminate sentence shown on this abstract to be served     ☐ consecutive to     ☐ concurrent with any prior incompleted sentence(s).

6. Other Orders:(List all consecutive / concurrent sentence relationships, fines, etc. if not shown above.)

5. - Other orders: PC1202.4(b)Restitution Fine $ 200.00 payable to the Restitution Fund to be collected by the Dept. of Corrections. ☐ PC1202.45-Restitution Fine $ 200.00 stayed pending successful completion of parole. ☐ PC1202.4 Restitution Fine $ 840.00 payable to the victim __State Board of Control__ to be collected by the Dept of Corrections. ☐ Sentence to run concurrent to ___ ☒ Sentenced per PC1170.12(c)/667(e)(1)

TOTAL INDETERMINATE SENTENCE
OF 25 YEARS TO LIFE

(Use an additional page if necessary.)

7. ☐ The Court advised the defendant of all appeal rights in accordance with rule 470, California Rules of ___

8. EXECUTION OF SENTENCE IMPOSED:

- A. ☒ AT INITIAL SENTENCING HEARING
- B. ☐ AT RESENTENCING PURSUANT TO DECISION ON APPEAL
- C. ☐ AFTER REVOCATION OF PROBATION
- D. ☐ AT RESENTENCING PURSUANT TO RECALL OF COMMITMENT (PC §1170(D))
- E. ☐ OTHER

9. DATE OF SENTENCE PRONOUNCED (MO) (DAY) (YR)   04/25/03

| CREDIT FOR TIME SPENT IN CUSTODY | TOTAL DAYS | | ACTUAL LOCAL TIME | LOCAL CONDUCT CREDITS | STATE INSTITUTIONS |
|---|---|---|---|---|---|
| | 330 | INCLUDING: | 220 | 110 | ☐ DMH   ☐ CDC |

10. DEFENDANT IS REMANDED TO THE CUSTODY OF THE SHERIFF, TO BE DELIVERED:

☒ FORTHWITH
☐ AFTER 48 HOURS, EXCLUDING SATURDAYS, SUNDAYS AND HOLIDAYS

INTO THE CUSTODY OF THE DIRECTOR OF CORRECTIONS AT THE RECEPTION-GUIDANCE CENTER LOCATED AT:

☐ CALIF. INSTITUTION FOR WOMEN - FRONTERA
☐ WASCO
☐ OTHER (SPECIFY)

☐ CCWF - CHOWCHILLA
☐ SAN QUENTIN

☒ CALIF. INSTITUTION FOR MEN - CHINO
☐ R.J. DONAVAN

☐ DEUEL VOC. INST.

## CLERK OF THE SUPERIOR COURT

I hereby certify the foregoing to be a correct abstract of the judgement made in this action.

| DEPUTY'S SIGNATURE | DATE |
|---|---|
| | 04/28/03 |

This form is prescribed under Penal Code § 1213.5 to satisfy the requirements of § 1213 for indeterminate sentences. Attachments may be used but must be referred to in this document.

Form Adopted by the
Judicial Council of California
Effective January 1, 1990

ABSTRACT OF JUDGMENT - PRISON COMMITMENT - INDETERMINATE
FORM CR 292

Pen.C § 1213.5

1

PROOF OF SERVICE

2

Declaration of Service by Mail

3

4

I, _Tyrrall Farrow Connon_, declare that I am over the age of

5

eighteen (18) and that I (am~~not~~) a party to this action. On _June_

6

_2008_, I deposited a copy of the following document(s):

7

Request for the Appointment of Counsel.

8

# 5160481.  CONNON. V. DEXTER

9

10

11

In a sealed envelope with the postage prepaid into the United States mail

12

outlet via an authorized California Department of Corrections employee at

13

Ironwood State Prison, in Riverside County, Blythe, California, and addressed as

14

follows: Jeffrey J. Stuetz          U.S. Attorney General.

15

Attorney at law.            Michael Mukasy.

16

PMB 288.                   950 Pennsylvania Ave. N.W.

17

3440 youngfield St.        Washington DC. 20540.

wheatRidge Co. 80033.

18

19

California Supreme Court.     State of California

20

Clerk.                        Attorney General.

21

300 S. Spring Street         300 S Spring Street.

22

Los Angeles Calif. 90013.    Los Angeles Ca. 90013.

23

24

25

I declare under penalty of perjury by the laws of the State of California that

26

the foregoing is true and correct (pursuant to 28 USCA §1746(2)).

27

28

DATE _June    2008_          SIGNATURE _Tyrrall Connon_.

COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)

# EXHIBIT COVER PAGE    7

EXHIBIT

Description of this Exhibit:

Case No. *08-55579.*
~~People~~ v. *Cannon V. Knyghts of the Klu Klux Klan.*

Number of pages to this Exhibit _____ pages.

JURISDICTION:  (Check only one)

☐ Municipal Court
☐ Superior Court
☐ Appellate Court
☐ State Supreme Court
☐ United States District Court
☐ State Circuit Court
☐ United State Supreme Court
☐ Grand Jury

UNITED STATES COURT OF APPEALS

**FILED**

FOR THE NINTH CIRCUIT

JUN 04 2008

MOLLY C. DWYER, CLERK OF COURT
U.S. COURT OF APPEALS

| | |
|---|---|
| TYRRALL FARROW CANNON, | No.  08-55579 |
| | D.C. No.  5:07-cv-01635-UA-CT |
| Plaintiff - Appellant, | Central District of California, |
| | Riverside |
| v. | |
| | |
| KNIGHTS OF THE KLU KLUX KLAN; | **ORDER** |
| DANIEL LUNGREN, Attorney General; | |
| ARNOLD SCHWARZENEGGER, | |
| | |
| Defendants - Appellees. | |

Appellant's motion for vountary dismissal of this appeal is granted.  See

Fed. R. App. P. 42(b).  A copy of this order sent to the district court shall constitute

the mandate of this court.

All other pending motions are denied as moot.

FOR THE COURT:

Molly C. Dwyer
Clerk of Court

By: Joe Williams
Deputy Clerk



Office of the Clerk
**United States Court of Appeals for the Ninth Circuit**
95 Seventh Street
Post Office Box 193939
San Francisco, California 94119-3939



Molly C. Dwyer
Clerk of Court

(415) 355-8000

April 11, 2008

| USCA9 No.: | 08-55579 |
| D.C. No.: | 5:07-cv-01635-UA-CT |
| Short Title: | Tyrrall Cannon v. Knights of the Klu Klux Klan, et al |

Dear Counsel:

A copy of your notice of appeal/petition has been received in the Clerk's office of
the United States Court of Appeals for the Ninth Circuit.

The U.S. Court of Appeals docket number shown above has been assigned to this
case. You must indicate this Court of Appeals docket number whenever you
communicate with this court regarding this case. Please furnish this docket
number immediately to the court reporter if you place an order, or have placed an
order, for portions of the trial transcripts. The court reporter will need this docket
number when communicating with this court.

**The due dates for designating and filing the reporter's transcript, if
applicable, filing the parties' briefs and otherwise perfecting the appeal have
been set by the enclosed "Time Schedule Order," pursuant to applicable
FRAP rules. These dates can be extended only by court order. Failure of the
appellant to comply with the time schedule order will result in automatic
dismissal of the appeal.**

Payment of the $455.00 U.S. Court of Appeals docket fee is past due. The fee is
payable to the Clerk of the District Court, Tax Court or the Bankruptcy Appellate
Panel for an appeal, and to the Clerk of this court in an agency case or original
proceeding.

**No papers may be filed with the court until the docket fee requirement has
been satisfied. If the docket fee is not paid within ten days of the filing of the
notice of appeal, dismissal proceedings will be commenced. 9th Cir. R. 42-1.**

The following information is being provided in an attempt to answer the most
frequently asked questions regarding the appellate process. Please review this
information very carefully. For convenience, we use the term "Circuit Rules"

instead of "Rules of the United States Court of Appeals for the Ninth Circuit" and "FRAP" instead of "Federal Rules of Appellate Procedure."

Enclosed with this letter is an appellate processing schedule along with a case processing checklist to help you monitor the progress of your case.

**Appellants/Petitioners who are filing pro se should refer to the accompanying information sheet regarding the filing of informal briefs.**

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT
**NOTICE OF APPEAL NOTIFICATION FORM**

Please Fill Out Completely

08-55579

**CASE INFORMATION:**

Short Case Title: _Tyrrall F. Cannon v. Knights of the Ku Klux Klan et al_

Court of Appeals No. (leave blank if unassigned) _____

U.S. District Court, Division & Judge Name _Central California, Judge Stotler_

Criminal and/or Civil Case No. _ED07CV01635-UA-CT_

Date Complaint/Indictment/Petition Filed: _12/10/2007_

Date Appealed order/judgment *entered*: _02/15/2008_

Date NOA *filed*: _03/28/2008_

Date(s) of Indictment _____ Plea Hearing _____ Sentencing _____

COA Status (check one):      ☐ granted in full (attach order)      ☐ denied in full (send record)
                             ☐ granted in part (attach order)      ☐ pending

Court Reporter(s) Name & Phone Number _Rick Duvall, 213-894-3015_

*Magistrate Judge's Order?  If so, please attach.*

**FEE INFORMATION**

Date Docket Fee Paid: _____          Date Docket Fee Billed: _4/4/2008_

Date FP granted: _____               Date FP denied: _____

Is FP pending? ☐ yes  ☐ no                 Was FP limited ☐?  Revoked ☐?

US Government Appeal? ☐ yes  ☐ no

Companion Cases? Please list: _____

*Please attach copy of any order granting, denying or revoking FP.*

**COUNSEL INFORMATION (please include email address)**
Appellate Counsel:                    Appellee Counsel:

Tyrrall Farrow Cannon
CDC T-91710
Ironwood State Prison
P O Box 2199
Blythe, CA 92226
☐ retained  ☐ CJA  ☐ FPD  ☒ Pro Se  ☐ Other _____ *Please attach appointment order.*

**DEFENDANT INFORMATION**
Prisoner ID _____                Address:

Custody _____

Bail _____

**AMENDED NOTIFICATION INFORMATION**
Date Fees Paid _____             9th Circuit Docket Number _____

Name & Phone Number of Person Completing this Form: _D. Martin_

213-894-3657

FULL NAME

_Tyrrall Farrow Cannon_
COMMITTED NAME (if different)
_P.O.Box 2199 - D-1-1102._
_Ironwood State Prison._
FULL ADDRESS INCLUDING NAME OF INSTITUTION

ORIGINAL Copy

_CDCR # T-91710._
PRISON NUMBER (if applicable)

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

CASE No. CV _2DCV-07-1635_
(To be supplied by the Clerk)

_Tyrrall Farrow Cannon_
PLAINTIFF,

_Knights of the Ku Klux Klan_
_Daniel Lungren_
_Arnold Schwarzenegger_
_California Little hoover Commission_
_et al.._
DEFENDANT(S).

CIVIL RIGHTS COMPLAINT
PURSUANT TO (check one)

☑ 42 U.S.C. § 1983
or
☐ Bivens v. Six Unknown Agents
403 U.S. 388 (1971);

## A. PREVIOUS LAWSUITS

1) Have you brought any other lawsuits in a federal court while a prisoner: ☑ Yes   ☐ No

2) If your answer to 1 is yes, how many? _9_ Describe the lawsuit in the space below.   (If there is more than one lawsuit, describe the additional lawsuits on an attached piece of paper using the same outline.) _(See case in CANNON v. Bush President of U.S.) and all. 5:07-CV-00579-RGK-CJ._

a. Parties to this previous lawsuit:

Plaintiff _Tyrrall Farrow Cannon._

Defendants _See Exhibit #_

b. Court
_U.S. Central District, U.S. Eastern District, District of Colam._

c. Docket or case number _See attached Exhibits_

d. Name of judge to whom case was assigned _____

e. Disposition (For example: Was the case dismissed? If so, what was the basis for dismissal? Was it appealed? Is it still pending?) _dismissed._

f. Issues raised: _Slavery, Genocide, Kidnapping, Breach of Contract, Rico act, Homeland Security act, KKK act, Pa-- act. violation enter phia._

g. Approximate date of filing lawsuit _____

h. Approximate date of disposition _____

## B. EXHAUSTION OF ADMINISTRATIVE REMEDIES

1) Is there a grievance procedure available at the institution where the events relating to your current complaint occurred?    ☑ Yes    ☐ No

2) Have you filed a grievance concerning the facts relating to your current complaint?
    ☑ Yes    ☐ No

If your answer is no, explain why not _____

3) Is the grievance procedure completed?    ☑ Yes    ☐ No

If your answer is no, explain why not _Yes_

4) Please attach copies of papers related to the grievance procedure.

## C. JURISDICTION

This complaint alleges that the civil rights of plaintiff _Tyrrall Farrow Cannon._
(print plaintiff's name)

who presently resides at _Ironwood State Prison Blythe California_, were violated
(mailing address or place of confinement)

by the actions of the defendant(s) named below, which actions were directed against plaintiff at _San Bernar-_
_dino Superior Court, Prison_
(institution/city where violation occurred)

on (date or dates) _4/28/2003_ , _5/01/2003_ ,
(Claim I)         (Claim II)         (Claim III)

(You need not name more than one defendant or allege more than one claim; however, make a copy of this page to provide the information below
if you are naming more than five (5) defendants.)

1) Defendant _Knight of the Ku Klux Klan_ _____ resides or works at
(full name of first defendant)

_U.S. Capitol Building, washington DC. 20540_
(full address of first defendant)

_Democrate Party, U.S. Judiciary Committee_
(defendant's position and title, if any)

The defendant is sued in his/her: ☒ individual ☒ official capacity.  (Check one or both). .

Explain how this defendant was acting under color of law:

_Sworn duty to enforce all Congression act and to protect_
_all citizens from subversive state and federal actions._

2) Defendant _Daniel Lungren_ _____ resides or works at
(full name of second defendant)

_U.S. Capitol Building, washington D.C._, and is employed as
(full address of second defendant)

_United State Senator._
(defendant's position and title, if any)

The defendant is sued in his/her: ☒ individual ☒ official capacity.  (Check one or both.)

Explain how this defendant was acting under color of law:

_Sworn to uphold the United States Constitution and in the_
_State of California, Sworn to protect all citizens of the_
_united states and from foreign subversive powers at all_
_times_

3) Defendant _Arnold Schwarzenegger,_ _____ resides or works at
(full name of third defendant)

_California State Capitol Building, Sac. Calif.,_ _____, and is employed as
(full address of third defendant)

_Governor, for the State of California._
(defendant's position and title, if any)

The defendant is sued in his/her:  ☑ individual  ☐ official capacity.  (Check one or both.)

Explain how this defendant was acting under color of law:

_Sworn to uphold and enforce all laws, and Protect all_
_Citizens, from Foreign Power and at all times, And the U.S_
_Constitution._

4) Defendant _William Lockyer,_ _____ resides or works at
(full name of fourth defendant)

_P.O.Box 942809, 915.Capitol Mall 6.15. Sac, Ca. 94209_, and is employed as
(full address of fourth defendant)

_Treasury State Department._
(defendant's position and title, if any)

The defendant is sued in his/her:  ☑ individual  ☑ official capacity.  (Check one or both.)

Explain how this defendant was acting under color of law:

_Sworn by oath to uphold the Constitution of the United States_
_And Protect all Citizens from Foreign Power at all times._

5) Defendant _George H. Williamson_ _____ resides or works at
(full name of fifth defendant)

_1300 I street Sac. Ca. 95814._ _____, and is employed as
(full address of fifth defendant)

_Assistance Attorney General, for California._
(defendant's position and title, if any)

The defendant is sued in his/her:  ☑ individual  ☑ official capacity.  (Check one or both.)

Explain how this defendant was acting under color of law:

_Sworn to uphold the Constitution and enforced laws_
_properly legislated in the United States_

3) Defendant _Michael Grunn_____ resides or works at
   (full name of third defendant)

_8303 Hoven Ave, Ranch Cuca, Ca. 91730_____, and is employed as
   (full address of third defendant)

_Superior Court Judge. San Bernadino County_
   (defendant's position and title, if any)

The defendant is sued in his/her:  ☑ individual  ☑ official capacity. (Check one or both.)

Explain how this defendant was acting under color of law:

_Sworn oath to uphold the Constitution of United States and Pro-_
_tect all citizen from foreign Power._

4) Defendant _Frederick Mandabach_____ resides or works at
   (full name of fourth defendant)

_8303 Hoven Ave. Ranch Cuca, Ca. 91730_____, and is employed as
   (full address of fourth defendant)

_Superior Court Judge, San Bernadino County_
   (defendant's position and title, if any)

The defendant is sued in his/her:  ☑ individual  ☑ official capacity.  (Check one or both.)

Explain how this defendant was acting under color of law:

_Sworn oath to uphold the Constitution and Protect all United_
_States Citizen from foreign Power._

5) Defendant _V. Ipsen_____ resides or works at
   (full name of fifth defendant)

_Unknown at this time._____, and is employed as
   (full address of fifth defendant)

_President for California District Attorney, (AHC.)_
   (defendant's position and title, if any)

The defendant is sued in his/her:  ☑ individual  ☑ official capacity. (Check one or both.)

Explain how this defendant was acting under color of law:

_Sworn oath to uphold the Constitution of the united_
_States and equally Protect all citizens._

3) Defendant _Michael Ramos_ _____ resides or works at
(full name of third defendant)

_8305 Haven Ave. Rancho Cuca, Ca. 91730_ _____, and is employed as
(full address of third defendant)

_District Attorney for San Bernardino County._
(defendant's position and title, if any)

The defendant is sued in his/her: ☒ individual  ☒ official capacity. (Check one or both.)

Explain how this defendant was acting under color of law:

_Sworn oath to uphold the Constitution of the United States_
_and the State of California; Protect all Citizen from foreign Power._

4) Defendant _Don Perate et al._ _____ resides or works at
(full name of fourth defendant)

_State Capitol Bldg. Sacramento Ca._ _____, and is employed as
(full address of fourth defendant)

_California State Little Hoover Commission (LHC)_ .
(defendant's position and title, if any)

The defendant is sued in his/her: ☒ individual  ☒ official capacity. (Check one or both.)

Explain how this defendant was acting under color of law:

_Sworn oath to administrate, uphold the Constitution of_
_the United States._

5) Defendant _Fabian Nuñez et al._ _____ resides or works at
(full name of fifth defendant)

_California State Capital building Sac, CA._ _____, and is employed as
(full address of fifth defendant)

_California State Little Hoover Commission (LHC)_ .
(defendant's position and title, if any)

The defendant is sued in his/her: ☒ individual  ☒ official capacity. (Check one or both.)

Explain how this defendant was acting under color of law:

_Sworn oath to Administrate, and uphold the Constitution_

3) Defendant _Barbara Bloom        et al._____ resides or works at
(full name of third defendant)

_California State Capitol Building, Src, Ca._____, and is employed as
(full address of third defendant)

_(LHC) Advisory Committee on Sentencing reform._
(defendant's position and title, if any)

The defendant is sued in his/her: ☒ individual ☒ official capacity. (Check one or both.)

Explain how this defendant was acting under color of law:

_Sworn oath to uphold the Constitution of the State of California_
_and United States. And to protect all citizen from foreign power._

4) Defendant _Robert Ambroselli, et al_____ resides or works at
(full name of fourth defendant)

_California State Capitol Building, Src, Calif._____, and is employed as
(full address of fourth defendant)

_(LHC) correction oversight Project._
(defendant's position and title, if any)

The defendant is sued in his/her: ☒ individual ☒ official capacity. (Check one or both.)

Explain how this defendant was acting under color of law:

_Sworn oath to uphold the Constitution of the State of California._
_And United States, and to protect all citizen from foreign power_

5) Defendant _(See Brief in support of. Attached)_ resides or works at
(full name of fifth defendant)

_California State Capitol Bldg, Src, Calif._____, and is employed as
(full address of fifth defendant)

_And all defendants therein._
(defendant's position and title, if any)

The defendant is sued in his/her: ☒ individual ☒ official capacity. (Check one or both.)

Explain how this defendant was acting under color of law:

_All Sworn to uphold the Constitution of United States_
_and acting in concert with all the above defendants._

## E. CLAIMS*

### CLAIM I

The following civil right has been violated:

Citizenship. And the equal Protection of All laws.
Rights to an fair trial,
Rights to make and enforce Contracts
Right to pursue happiness, And support family Homeliness.
Right to life
Rights to be free from Communist idea's and enforced ideas
in the Administration of Justice.
Right to be free from Political Subversive institution in the
Administration of Justice.
Right to be free from illegal restraints
Right to be free from a group aims to put down the Constitution.

Supporting Facts: [Include all facts you consider important. State the facts clearly, in your own words, and without citing legal authority or argument. Be certain you describe, in separately numbered paragraphs, exactly what each DEFENDANT (by name) did to violate your right.]
*If there is more than one claim, describe the additional claim(s) on another attached piece of paper using the same outline.

See Supporting facts, Brief in support of attached

## F. REQUEST FOR RELIEF

I believe that I am entitled to the following specific relief:

1 Due Process of law, the Granting of this 42 USCA 1983.

2 Equal Protection of the law, for this case to be tried by Jury

3. Leins on all Propeties, Monies, Bank Accounts, Houses, of all defendants to pay for Court Costs and damages that Plaintiff suffers as an result of Communist activites or Programs subversively carried out by all defendants under Color of authority.

4. Compensated for the illegal use of Plaintiff life, and Property (Contracts) (Per 1994) (See Brief attached.)

5. Investigation into violation of State laws, that would constituted Treason, and or 3 serious crimes violation to suffer punishment under State of California law after 1994. Prop 184.

6. Funds to give comfort to Homeless womens And Childrens.

Nov. _____ 2007.        Tyrrall F Cannon _____

(Date)                              (Signature of Plaintiff)

Wasco State Prison – Reception Center Appeal Office                                AO Form 695 (Rev. 10/31/02)

## INMATE APPEALS SCREENING FORM

To: Inmate Cannon, CDC#: T91710                                                     May 28, 2003
Housed at FDB1-103, Wasco State Prison                              Appeal Log Number: NONE

**Your appeal is being returned to you for the following reason(s):**

☒  The action or decision you are appealing is not within the jurisdiction of CDC. ☐ This is a BPT issue. Resubmit your appeal on a BPT 1040, Appeal Form, and send it to the C&PR. CCR 3084.3(c)(1)

☐  You have already submitted an appeal on this same issue. WSP Log#: WSP 03-          . CCR 3084.3(c)(2)

☐  You cannot appeal an action or policy not yet taken. CCR 3084.3(c)(3)

☐  You have not attempted to resolve you grievance at the Informal Level with:           . CCR 3084.3(c)(4),

☐  You have not adequately completed your appeal and/or attached the proper documents. CCR 3084.3(c)(5)
Please attach the following document(s): N/A

☐  You failed to file your appeal within 15 working days of the event or decision. CCR 3084.3(c)(6)

☐  This issue has been addressed already. See attached correspondence. CCR 3084.2(g)

☐  You are abusing the appeal process by: ☐ Excessive filing. ☐ Excessive verbiage. ☐ Lack of cooperation.
☐ Inappropriate statements:           . ☐. Voluminous unrelated documentation. CCR 3084.3(c)(8)

☐  You are not authorized to appeal on behalf of another inmate. CCR 3084.3(c)(7)

☐  This appeal was resolved at a lower level. If you disagreed with the decision, you had 15 working days from when you received your appeal to file at a higher level. CCR 3084.6

☐  Inappropriate use of the appeal process. ☐ Submit your request on CDC 7362, Health Service Form, and send it to the Medical Department for an appointment. If necessary, please sign up for sick call. ☐ This is not a request form.

☐  A limit of one continuation page (front and back) may be attached to the appeal to describe the problem and action requested in sections A and B of the form. CCR 3084.2(a)(1)

☐  You have failed to demonstrate an adverse effect on your welfare. CCR 3084.1(a)

☒  Remark(s):   Again, you are instructed that your request to be released from custody is not a CDC issue, and you must address your concerns to the courts. The AO-695 form dated May 12, 2003 is not an issue for debate, was not to be construed as a response to your appeal, and cannot be appealed. You are now directed to cease submitting this appeal issue to this office.

## PERMANENT APPEAL ATTACHMENT – DO NOT REMOVE!        2nd Screen Out

☐  Please correct the indicated problems and return your appeal.

Note: Failure to follow instruction(s) will be viewed as non-cooperation and your appeal will be automatically dismissed pursuant to CCR 3084.4(d). This screening decision may not be appealed. If you feel that the above reason(s) is inaccurate, please return this form with your appeal and an explanation as to why you feel this screening action is incorrect. Your argument will be reviewed and the appeal will be reevaluated. You have only 15 days to comply with the above directives.

ANDREW S. ALTNOW, CC II
Appeals Coordinator
Wasco State Prison – Reception
Center

1  Tyrall Farrow Cannon
2  CDC # T-91710
3  Post office Box 2199
4  Blythe, California 92226.
5      In Pro. Per.
6
7
8      United States District Court for
9      the Central District.
10     Los Angeles.
11
12  Tyrall Farrow Cannon,          Case #
13     Plaintiff.
14      v.                         Civil Rights Complaint.
15  Knights of the Ku Klux Klan    Breach of Allegiance
16  United States Senator;         U.S. Const. art 3 §3.
17  Daniel Lungren, et al.         In violation of the State
18  California State Governor       of California Community
19  Arnold Schwarzenegger,          Control Act. Cal.Gov.C.
20  California State former         § 1027.5 a-c, 1368.
21  attorney General, William      3108, Federal Subversive
22  Lockery,                       Activities Control Act
23  California States Assistant    50 USCA § 781, 18 USCA
24  att-General, George H.         2381-2386 etseq
25  Williamson.                    Violation of civil rights
26  California Superior Court      under Color of State law
27  Justice for San Bernardino    42 USCA § 1971-1973,
28  County; Michael Gunn.

                    1.

1  Frederick Mandabach                    $ 1981, 1982, 1983,
2  et al.                                 1985, 1986, And
3  California State District Attorney     1988.
4  association. President Steven          Violation of Uncub
5  J. Ipsen,                              Civil Rights Act
6  California state, San Bernardino       (Cal. Civ. Code. S
7  District Attorney, Michael Ramos,      51.1, 52. (3)
8  and Deputy Dist. Att. Michelle         State Common law
9  Daly.                                  P.C. 181, 182 et seq.
10 California State Little Hoover         209, 37, And
11 Commission, Don Perata,                667. (3)- (1).
12 Fabian Nunez, Michael                  Slavery, Kidnapping
13 Villines, Michael E. Alpert            Genocide, Torture
14 et al.                                 Enter alia,
15 California States Little Hoover        declaratory Jud-
16 Commission advisory Committee         gement 28 USCA
17 on Sentencing reform; Barbara          2201, preliminary
18 Bloom, Susan Burton, Marci             And Permanent
19 Coglianese, Cathy Coyne, Kara          injunctive relief.
20 Dansky, Pam Douglas, Charlie           Trial by Jury
21 Fennessey, Susan Fisher, James         demanded.
22 Fox, Greg Jolivette, J. Clark Kelso,
23 les Kleinberg, David LaBahn,
24 Jim Lindburg, John Lim,
25 Dan Macallair, Jerome McGuire,
26 Steven Meinrath, Greg Payan,
27 Joan Petersilia, Dale Rickter,
28 Cory Salzillo, Tim Silard, Norma

2.

1  Suzuki, Steve Szalay,
2  Jeffrey Thoma, Joshua
3  Weinstein, el al..
4  California State Little Hoover
5  Commission Corrections Over-
6  sight Project; Robert Ambroselli,
7  Alisan anderson, Michael Bien,
8  Sue Burrell, Charles Poochigian,
9  Cindie Fonseca, Joshua Colka,
10  Thomas Hoffman, Steve Kiull,
11  Dan Macallair, Jerome Mc-
12  Guire, John Monday, Gary
13  Olson, Karen Pank, Del Sayles-
14  owen, elizabeth Siggins,
15  Melinda silva, David Stein-
16  hart Bernard Warner
17  et al..
18
19            Defendents:
20  each and everyone is sued
21  in their official and individual
22  Capacities.
23
24      Plaintiff is a prismer of a political institution and
25  Prisoner of war declared against People of Color in
26  (1994). This is a civil rights action brought against former att-
27  orney General, Now United State Senator Danial Lungren,
28  the Governor of California -

3.

Arnold Schwarzenegger, San Bernardino Superior Court Judge's Michael Gunn, Frederick Mandabach et al. Steven J. Ipsen California District Attorney association President, Michael Ramos San Bernardino District Attorney and Representative Michelle Daly, California Little Hoover Commission Don Perata, Fabian Nuñez et al. California Little Hoover Commission advisory Committee on Sentencing reform; Barbara Bloom, Susan Burton et al., California Little Hoover Commission Corrections oversight Project; Robert Ambroselli, Alison Anderson, et al. and numerous other individual Supervisors and State Sworn officials serving with Little Hoover Commission, The California Department of Correction Prison union members (CCPOA) "California Correction Prison officers association" with operates enterprises for profit within the State's prisons, using citizens to obtain employment by falsifying information, and the use of fraudulent Contracts and Swearing falsely to uphold the Constitution while remaining in public employment, and producing various People of Color to the condition which are sold and introduced in competition with other Slave State in the transferring People of Color in interstate Commerce.

All prisoner(s) whom is being held in the condition of Slavery, employees of the Little Hoover

Commission have failed in their commission to up-
root the cruel, unusual, unjustifiably torture,
terrorizing by combined and concerted activity
of the District Attorney office's and Judge's defend-
ants named herein following the conviction of
an un-violent or serious criminal act in the
Superior Court for the County of San Bernardino sec-
tion of Rancho Cucamonga, California, on march 28,
2003. Sentencing under the law popularly known
and hereinafter referred to as "The Three Strike law
you are out". Tyrall Farrow Canson as others
of color situated the same have been intentionally
and unnecessarily subjected to the excessive
and illegal use of force to cause punishment
with the effects of Genocide by at least five
of the defendants named herein, while numerous
other named and unnamed defendants continue
to recieve employment, payment looked on sup-
portively or, at best, impassively. Further, defend-
ants attempted to coverup their culpability by
concealing the facts of the War on Black citizens
surrounding the incident of the Politically
aimed purpose to enslave Plaintiff and many
other situated the same and defaming the Plaint-
iff. As a result of the defendants willful and
outrageous actions, Plaintiff suffered severe
and lasting profound emotional and psychic trauma,

humiliation and embarrassment; injury to his reputation, and a fundamental affront to his human dignity

The Three Strike law you are out, although accomplished by the individual Judge's and District Attorney's present at Trial, was also a direct product of certain constitutionally deficient policies, practices and customs implemented, maintained and tolerated by the Governor's of the State of California with respect to San Bernardino County Police, and surrounding Counties tactics and the hiring, training, Supervising and disciplining of Police, and correctional official in concert force personnel. Such de facto policie and pervasive practices and customs were the proximate cause of Plaintiff's injuries, are conjunctive with an atmosphere of racial bias prevalent in the California Governor's administration of appointment of Judge's and retired Judge's and represent the deliberate indifference in the State of California Counties and its District Attorney Departments to the physical safety and Constitutional rights of its inhabitants

The Three Strike law you are out, was not, is not a Singular event or a aberration, but rather a systematic latest of a long series of laws unequally applied toward Blacks in a oppressive manner-

6.

er of incidents of excessive use of force involv-
ing trickery, fraud; Breach of Promise. by law
enforcement, agencies sworn with the jurisdiction
at the time of Promise's over Plaintiff and the
city of Rancho Cucamonga, San Bernardino County
city of upland, Riverside County, San Diego County.

## Jurisdiction and Venue

The Court has jurisdiction over this action
pursuant to 28 USCA Section 1331, Federal Question
and 28 USCA Section 1343 (3) (civil rights). Venue lies
in the Central District of California. the judicial
district in which the claim arose pursuant to 28
U.S.C. Section 1391 (b), and by the provisions of
28 U.S.C. Section 1337, which confers jurisdiction
on this Court over any civil action or proceeding
Arising under an act of Congress regulating Com-
merce.   also 28 USCA 1350 et seq.).

## Parties

Tyrall Farrow Cannon at all times material
hereto, Prisoner, incarcerated in California State
Prison, Ironwood Facility at Blythe California
and being held or hold against the Constitution
of the United State, treaties, held in enterprise's
operated by defendant United States Senators
of the State of California Daniel Lungren et al.

7.

Governor Arnold Schwarzenegger, California Superior Court Justices, California District Attorney association, and California Little Hoover Commission members et al.

This action is brought by Plaintiff for and on behalf of those situated the same and other prisoners held as slaves, employees similarly situated. Pursuant to section 1994 of the Prohibited Slavery act 42 USC, Section 1581 of title 18 USC, and section 1961, 1962, of title 18 USC. As additional persons consent in writing to become plaintiffs in this action, Such consents will be filed with this Court. (See Exhibit

Defendant United States Senator Daniel Lungren of the State of California is a municipality operating pursuant to its Charter, Paty and organized and incorporated under the laws of the State of California. Defendant State of California Governor Arnold Schwarzenegger is the chief law enforcer operating and organized and incorporated under the laws of the State of California and responsible for the appointment of Justice's in this scheme complained of. Defendant California District Attorney Association President Steven J. Ipsen, et al. have organized and operated in

8.

the Administration of the legal System and in-
corporated under the laws of the State of California.

Defendants, California Little Hoover Commission
Advisory Committee on Sentencing reform, and Cor-
rection oversight project, Don Perata, Fabian
Nunez, Barbara Bloom, Joshua Weinstein, Robert
Ambroselli, David Steinhart, Bernard Warner, et
al in the Captain, are employees of the State of
California of the Governor who were assigned
to the Little Hoover Commission to up-root the
holding of Citizens in the prison system, all
the foregoing individuals are residents by link-
ed of this Judicial district acted under Color
of State law and Congress enacted Statues Auth-
ority and were involved in the ongoing, Continue
d scheme in the Capacity or another in the
Cruel illegal detention and application of laws
of the Plaintiff and, or in the attempted con-
cealment and Cover-up of the returning
Plaintiff, Citizens to Condition of Slavery, and
or Genocide by force or kidnapping for Profit
by use of the Penial System, Courts, Prison system.
has operated enterprises which manufacture
(Strike's) 667 (B)-(I) for goods for sale in inter-
state Commerce and, as such enjoin action, Are
themselves enterprises engaged in Commerce

within the meaning of title 18 USCA 1961, 1962, 1581, 1582, 1584, 42 USCA 1985, 1986, 18 USCA 1031, 1091, 1001. et seq, in violation of Homeland Security act 6 USCA 101 et seq.

Defendants State of California, Governor Arnold Schwarzenegger operates prisons within the State by and through the Department of Correction (Rehab) and is the chief holder or joint employer together with the Justice department of the State of California, Judicial administration, California State little Hoover Commission advisory Committee, California State little Hoover Commission Corrections oversight Project, California State little Hoover commission et al. with (CCPOA) of Plaintiff holder(s) employees herein. Defendant State of California is a public agency within the meaning of Section 3 (d) of the FLSA, 29 USC Section 203 (d) and section 3 (x) of the FLSA 29 USC section 203 (x), 42 USCA 1985 (3), 28 USCA 1350 et seq. And 6 USCA § 101 et seq.

Defendant California little Hoover Commission, in concert with California Correctional Peace officer association (CCPOA) is an joint entity created by by the State of California to develop and operate antebellum profiteering scheme with the help of legislative bodies, Council state of California, and with the practice of law condone by Judicial Council of California administrative office of the

10.

1  Court and afforded services to the enterprises by
2  arbitrary applied law that held or hold prisoner
3  Plaintiff under and Driven subversively Political
4  party creation of institution to recall Slavery and
5  or Genocide while employed jointly together with
6  the State of California did knowingly in the sch-
7  eme by use of trickery, deception defrauded the
8  State of California state tax(s) payer and the
9  United States. Material Fact that an ongoing
10 Scheme of Defendants and all of them knew or
11 should have known that the scheme to overthrow
12 the constitution had been declare within the
13 meaning of California Government Code Section
14 (A)(B)(C), 1027.5, within Pubic Agency Section 3
15 (B) of the FISA 29 USC Sec. 203(B), § 3(X) of the FISA
16 and in the meaning of 42 USCA 1983, 1985.(1).(3).
17 1986. et sea. enter alia.

19      At all times material hereto defendants State
20 of California united State Senator Dianial Lungren,
21 Governor, legislative Councils, Little Hoover Comm-
22 ission et al. California Correctional Peace officer
23 association (CCPOA), and Justices, Judicial Coun-
24 cil of California Administration office of the Court
25 knowingly did at all time jointly with each other
26 has operated enterprises which manufacture
27 laws, information, Falsely, Corruptly, Subversively
28 for the sale of United States citizen in interstate

11.

1  Commerce As Such, Are themselves enterprises
2  Commerce As Such effecting other states by the
3  transfer of Properties of Citizen to other States
4  to be held or hold for profit within the mean-
5  ing of 18 USCA § 1581, 1582, 1584 and of section
6  3 (r) And (s) of the FISA 29 U.S.C Sc. 203(r) And
7  203(s), 42 USCA 1985.(3), Homeland Security Act
8  (HSA) 6 USCA 101 et seq. Also Genocide, 18 USCA
9  1091, (USA US) 18 USCA 1031, 18 USCA 1001, Catch
10  All-five year statute I.R.S. tax shelter within the
11  meaning of 41 USCA 101 a, (sellers beware) (f)
12  offense against or to defraud United States, 18
13  USCA 371, 18 USCA 1031 Major Scheme Against the
14  United States. let the Seller beware 18 USCA 1581
15  et seq. Involuntary Servitude 42 USCA 1994.
16  IN violation of State and Federal Constitutional
17  amendments 4th, 5th, 6th, 8th, 9th, 13th, 14th
18  And 15th, and federal, State civil Rights Acts.
19  california civil Codes (CCC) 51.(1), 51.(2), Penal Code
20  667 (b)-(i)
21
22                    Statement of facts.
23      At a time after March 07, 1994, Plaintiff
24  was Arrested by San Bernardino County City of
25  Upland Police department and Charged with An
26  felony offense on September 17, 2002.
27      On September 19, San Bernardino County district
28  attorney office filed Pleaded information alleging

1  AN for more serious charge 245.2.(1) assult
2  with and Deadly weapons and great body injury
3  in the scheme of things in the Court of law
4  and in the Same County Superior Court.

6  on 03/28/2003 and in Pro. Per, Plaintiff
7  was found guilty of an lessor included offense
8  misdeameanor by jury and by law.

10  on 4/28/2003, Trial and Sentencing Court
11  Judge sentenced Plaintiff under a Spirit, or
12  under practice of law Contrary to the legislation
13  presumed writting of law. to suffer an
14  felony conviction in the scheme of the writers
15  of the Three Strikes law, Contrary to legislation
16  History of writing laws. imposed 25 years to
17  life and after Complaint of (See Exhibit #
18  page's I- )

20  on the same date 4/28/2003, order to be transfered
21  by San Bernardino County Sheriff Department
22  across county lines to Kern County or the Depart-
23  ment of Courection Wasco State Prison.

25  on May 01, 2003, I was transported by Bus
26  to wasco state Prison.

28  on may 03, 2003, I filed with the Department

13.

1 of Correction Appeals Coordinator "Andrew S. Altnow,
2 CC II." at Wasco State Prison-Reception Center.

4    On or about May 28, 2003. (See Exhibit # )
5 Stating; Again, you are instructed that your reques-
6 t to be released from custody is not a CDC issue,
7 and you must address your concerns to the Courts.
8 The AO-695 form dated May 12, 2003. is not an
9 issue for debate, was not to be construed as a re-
10 sponse to your appeal, and cannot be appealed.
11 You are now directed to cease submitting this
12 appeal issue to this office. (See attached.)

14             On Direct Appeal
15    On or about        200 , The Fourth District
16 Court of Appeals Affirmed Conviction and Sent-
17 ence and under the appointed Counsel whom
18 Came across state line only to abandon
19 Plaintiff after complained of, Counsel refusal
20 to raise dead wining arguements on appeals,
21 and after complaint of, Trial Court discretion
22 to dismiss Pleaded information that was
23 not consistance with legistative language
24 of the law. But gave comfort to overt act
25 of Sentencing Court Judge made law, or
26 Common law
27    On or about        200 , The State of California
28 denied review, without opinion.

14.

First Claim for relief

1. Plaintiff, Prisoner while being held or hold in the Condition of Slavery and or Genocide to be put to work until death for employee of defendants ongoing schemes to cause harm mentally, emotionally and life deprivation in the united States by conspiracy to recall Slavery injointaction defendants And are covered employee(s) under the FLSA, 29 USC section 201 et seq.

2. Under the FLSA covered employee must be paid at least the statutory federal minimum wage. Throughout the scheme and holding of Plaintiff for employment Post war on Black Citizen 1994, May 01. 2003 and continuing to date, defendants have willfully and wrongfully held or hold to 55% from all incomming funds from family member and friends after paying Taxes on funds recieved by the state officials scheme at 55% additional deductions. And in turn have paid Plaintiff less than the applicable now $7.00 minimum wage in violation of the act.

3. The FLSA provides that any employer who violates section 206 of the act which requires the payment of the federally specified minimum wage is liable to the affected employee, And whom is being held or hold for that purpose.

15.

1  for the unpaid Amount of wages And an equal
2  amounts as liquidated damages, in addition to
3  any other available legal and equitable relief.

5       By willfully and wrongfully in this illegal
6  Scheme of Judge made law, by legislating from
7  the bench to hold Plaintiff and many situat-
8  ed the same to suffer arbitrary state action
9  that holds citizens as Slaves akin to Africa
10 prohibition mandated by the federal Govern-
11 ment, defendants have violated the provision
12 and Laws that Govern all citizen in the
13 state of California including statutory Slavery
14 prohibitions And by the Power invested in
15 them, did uncited each other to knowingly
16 take out loans, as a direct result of their
17 criminal activities to better their life's and
18 securities of employment, and their childrens
19 childrens education, livihoods in advance. Vid-
20 ated plaintiff constitutional right to be equally
21 protected by all laws, and those prohibiting,
22 forbidden act of Slavery and or Genocide.
23 See Forfeiture of Assets act 18 USCA§§ 2333.2,
24 California penal Code 186 (3)(2)(0)(0), 18 USCA§ 1961
25 -1964 et seq. 42USCA §§ 1985(3), 1986, 1994, and
26 18 USCA§ 1581-1582, 1584. et seq. namely section
27 FISA 206, entitling Plaintiff to damages as sp-
28 ecified in section 216 of the FISA.

16.

1  Wherefore, Plaintiff request relief as hereunder

2  appears.

3

4

5              Second Claim for Relief

6      Plaintiff refer to the allegations set forth in

7  paragraphs 1 through ___ above, and hereby encor-

8  porate the same as though fully set forth herein.

9

10     This is also an action for a declaratory jud-

11  gment under 28 USCA 2201, for the purpose of

12  finally determining an actual controversy bet-

13  ween the parties concerning the provision of

14  the "Three strike law" Penal Code 667 (d)

15  (1) statute, and FLSA.

16

17     Plaintiff, desire a declaration of his right

18  and duties and obligation of the defendant,

19  and each of them, in regard to the ongoing con-

20  troversy continues to date concerning Prison

21  overcrowding by the Three strikes law, and

22  the Power under Federalism misuse by Judges

23  legislating from the bench in the creation

24  of Judge made law "common law" and that

25  labors in making Contracts, Plea Bargains null

26  and void by its practices of law, and

27  wherefore all labor had been taken by plaintiff

28  to proform for the benefit and comfort

                    17.

of those, and all defendant, subjected Plaint-
iff by law to be compensated for said held
or hold for said work. And payment of minim-
um wages. Such a declaration is necessary and
appropreate in order that Plaintiff, may ascertain
his right in reference to said Conditions of
Confinement and work to be performed in the
future so that citizens, may not be depriv-
ed of their, his just Compensation to better
his life and the life of his childrens, Child-
rens.

Wherefore, Plaintiff pray for relief as
here under appears.




Third Claims for Relief.


In Addition to damages and declaratory
relief Plaintiff seeks Preliminary and perman-
ent injunctive relief to enjoin the defendants
Continued violation of the "Enforcement Act"
Sherman Act, Lindbergh Act, Rico Act, KKK Act,
Smith Act, Fair Labor Standard Act, Civil Right
Act, Subversive Activities Act, Home Land Security
Act, enter alia. and to enjoin defendants from
implying additional Cruel and unusual Punis-
hment, (1) up root (2) man to an cell, ——
—— (3) stop prison official from putting

18

(Two) Toilet flushes every 30 or 45 minutes in each cell and while (2) Prisoner are being held or hold therein. (3) Remove the half tier local Prison Administration policies, it hinder exercise, and required exercise to combat unfit food diet, and creates health problem "as diabetes," and over weight.

(4) order all lifers to be held or hold in signal man cell, and from retaliating against me in any way for having brought this action and or to join such action. Which retaliation upon information and belief, is threatened and which may include transfer from the institution, and housing units where I am current reside, And to restore of privileges that I have lost I am presently being deprive Excerise and to come out of my cell on weekend as other in my statute A-1-A as other workers do and to weekend yard, and showers on both days Saturday and Sunday.

Also to be restored worktime good time Credits on Prior Prison term used to hold me in this condition, and to be held to reflect volunitary and duly punishment. (See Geneva Convention article 111 (C.).)

Plaintiff is informed and believe, and

19.

1  on that basis allege, that unless preliminarily
2  and permanently enjoined from violating section
3  206 of the fair labor standards act by paying
4  Plaintiff "prisoner" employee, or being held for
5  that purpose included, and at any time less
6  than the mandated federal minimum wage,
7  defendants have and will continue so to do
8  and that plaintiff will be damaged thereby
9  and deprived of funds on which he rely
10  to purchase and to obtain essential products
11  for myself and my family.
12
13
14  Wherefore, Plaintiff pray for the following
15  relief:
16  For a declaratory judgment declaring that
17  defendants have willfully and wrongfully violated
18  their statutory obligations and deprived Plaintiff
19  of his rights state, Federal, Civil, Constitutional,
20  international, protection and entitlements under
21  the law, as alleged herein:
22
23  For a complete and accurate account-
24  ing of all Federal minimum wages due and
25  owing to Plaintiff
26
27  For an order to house Plaintiff and
28  those held or hold in a "signal man" cell

30.

1  and those with Life Sentence's.

3      For awards Plaintiff, of Monetary damage
4  in the Form of Back pay compensation, Liquid-
5  ated damages equal to wages unpaid Compen-
6  sation, together with interest thereon for
7  the Statutory period in the Scheme of thing
8  1994, or from the date of intended Conspiracy
9  was put in place (1982. Proposition 8) or soon
10 thereafter 1985.

12     For preliminary and permanent injunct-
13 ion relief from further violations of Plaintiff
14 Statutory right.

16     False imprisonment   43 Billions Compen-
17 satory damages, and from each defendants.

19     Arbitrarily detained, cruel, inhuman,
20 degrading treatment, punitive damages. 30
21 Billions from each and every defendants.

23     Subjected to an illegal debt and to pay
24 50% and restitution Arbitrary  5 Billion
25 from each and every defendants

27     For one award for attorney fees for the
28 appointment of Counsel by this Court to be

1 paid for by defendant and the cost for all court
2 fees.
3    Make overnight family visits a "Right" for all
4 prisoners
5    make regular contact / non-contact visit a "Right"
6 for all prisoners.
7    Require the CDC and R. to provide prisoners with
8 a minimum of 56 hours of visiting
9    Require that prisoners receive a minimum
10 of four (4) telephone calls monthly.
11    Give prisoners the right to correspond and/or
12 meet confidentially with the media.
13    Give prisoner a right to a minimum of 25
14 hours of outdoor exercise per week.
15    make the receipt of quarterly package from
16 friends / family a right.
17    Establish simple criteria within the penal code
18 3041. which must be met in order to establish
19 suitability for parole
20    Establish a minimum eligible parole date of
21 seven years for all prisoner with indeterminate
22 prison term (P.C. 3046)
23    Establish a binding matrix within Penal Code
24 Section 3041. which would require that the board
25 of Parole hearings set a Parole Release Date for
26 all Prisoners currently serving indeterminate
27 prison terms and release those prisoner on that
28 date.

22

1  Provide for those prisoners whose sentences were
2  doubled, tripled, or who received consecutive sentences
3  under the three strikes law to be- resentence.
4  the newly amended sections 667 and 1170.12 to
5  determinate terms and give them two day service
6  for one also.
7      Provide for those prisoner currently serving deter-
8  minate prison terms who are currently serving 85%
9  of their sentence or doing day for day, to receive
10 two days off for every one day of service.
11     all of the above mentioned amendments and
12 provisions would be retroactively applicable to all
13 cases whether one was sentenced yesterday or 50
14 years ago.
15     Removal of all life sentences imposed after
16 1994 by use of Priors that encurred Prior to
17 the amended statute.
18
19     and for such other and further relief
20 as the Court may deem proper.
21
22     Dated: Nov    2007.  Respectfully Submitted.
23
24                        Tyrall Farann Cannon
25                        State of California of
26                        Riverside County.
27 ///
28 ///

93.

Wasco State Prison – Reception Center Appeals Office

AO Form 695 (Rev. 10/31/02

## INMATE APPEALS SCREENING FORM

To: Inmate Cannon, CDC#: T91710
Housed at FDB1-103, Wasco State Prison

May 12, 200:
Appeal Log Number: NONE

Your appeal is being returned to you for the following reason(s):

☒ The action or decision you are appealing is not within the jurisdiction of CDC. ☐ This is a BPT issue.
Resubmit your appeal on a BPT 1040, Appeal Form, and send it to the C&PR.CCR 3084.3(c)(1)

☐ You have already submitted an appeal on this same issue. WSP Log#: WSP 03-     . CCR 3084.3(c)(2)

☐ You cannot appeal an action or policy not yet taken. CCR 3084.3(c)(3)

☐ You have not attempted to resolve you grievance at the Informal Level with:     . CCR 3084.3(c)(4),

☐ You have not adequately completed your appeal and/or attached the proper documents. CCR 3084.3(c)(5)
Please attach the following document(s): N/A

☐ You failed to file your appeal within 15 working days of the event or decision. CCR 3084.3(c)(6)

☐ This issue has been addressed already. See attached correspondence. CCR 3084 2(g)

☐ You are abusing the appeal process by: ☐ Excessive filing. ☐ Excessive verbiage. ☐ Lack of cooperation.
☐ Inappropriate statements:     . ☐. Voluminous unrelated documentation. CCR 3084.3(c)(8)

☐ You are not authorized to appeal on behalf of another inmate. CCR 3084.3(c)(7)

☐ This appeal was resolved at a lower level. If you disagreed with the decision, you had 15 working days from
when you received your appeal to file at a higher level. CCR 3084.6

☐ Inappropriate use of the appeal process. ☐ Submit your request on CDC 7362, Health Service Form, and send
it to the Medical Department for an appointment. If necessary, please sign up for sick call. ☐ This is not a
request form.

☐ A limit of one continuation page (front and back) may be attached to the appeal to describe the problem and
action requested in sections A and B of the form. CCR 3084.2(a)(1)

☐ You have failed to demonstrate an adverse effect on your welfare. CCR 3084.1(a)

☒ Remark(s):    CDC did not sentence you, and does not have the authority to release you. You must address your
issue with the court.

## PERMANENT APPEAL ATTACHMENT – DO NOT REMOVE!

1st Screen Out

☐ Please correct the indicated problems and return your appeal.

Note: Failure to follow instruction(s) will be viewed as non-cooperation and your appeal will be automatically
dismissed pursuant to CCR 3084.4(d). This screening decision may not be appealed. If you feel that the above
reason(s) is inaccurate, please return this form with your appeal and an explanation as to why you feel this
screening action is incorrect. Your argument will be reviewed and the appeal will be reevaluated. You have
only 15 days to comply with the above directives.

ANDREW S. ALTNOW, CC II
Appeals Coordinator
Wasco State Prison – Reception
Center

Exh #1

State Prison – Reception Center Appeals Office                                AO Form 695 (Rev. 10/31/02)

## INMATE APPEALS SCREENING FORM

To: Inmate Cannon, CDC#: T91710                                              May 28, 2003
Housed at FDB1-103, Wasco State Prison                         Appeal Log Number: NONE

Your appeal is being returned to you for the following reason(s):

☒  The action or decision you are appealing is not within the jurisdiction of CDC. ☐ This is a BPT issue.
   Resubmit your appeal on a BPT 1040, Appeal Form, and send it to the C&PR.CCR 3084.3(c)(1)

☐  You have already submitted an appeal on this same issue. WSP Log#: WSP 03-        . CCR 3084.3(c)(2)

☐  You cannot appeal an action or policy not yet taken. CCR 3084.3(c)(3)

☐  You have not attempted to resolve you grievance at the Informal Level with:         . CCR 3084.3(c)(4),

☐  You have not adequately completed your appeal and/or attached the proper documents. CCR 3084.3(c)(5)
   Please attach the following document(s): N/A

☐  You failed to file your appeal within 15 working days of the event or decision. CCR 3084.3(c)(6)

☐  This issue has been addressed already. See attached correspondence. CCR 3084.2(g)

☐  You are abusing the appeal process by: ☐ Excessive filing. ☐ Excessive verbiage. ☐ Lack of cooperation.
   ☐ Inappropriate statements.                 ☐ Voluminous unrelated documentation. CCR 3084.3(c)(8)

☐  You are not authorized to appeal on behalf of another inmate. CCR 3084.3(c)(7)

☐  This appeal was resolved at a lower level. If you disagreed with the decision, you had 15 working days from
   when you received your appeal to file at a higher level. CCR 3084.6

☐  Inappropriate use of the appeal process. ☐ Submit your request on CDC 7362, Health Service Form, and send
   it to the Medical Department for an appointment. If necessary, please sign up for sick call. ☐ This is not a
   request form.

☐  A limit of one continuation page (front and back) may be attached to the appeal to describe the problem and
   action requested in sections A and B of the form. CCR 3084.2(a)(1)

☐  You have failed to demonstrate an adverse effect on your welfare. CCR 3084.1(a)

☒ Remark(s):    Again, you are instructed that your request to be released from custody is not a CDC issue, and you
               must address your concerns to the courts. The AO-695 form dated May 12, 2003 is not an issue for
               debate, was not to be construed as a response to your appeal issue, and cannot be appealed. You are now
               directed to cease submitting this appeal issue to this office.

## PERMANENT APPEAL ATTACHMENT – DO NOT REMOVE!                          2ⁿᵈ Screen Out

☐ Please correct the indicated problems and return your appeal.

Note: Failure to follow instruction(s) will be viewed as non-cooperation and your appeal will be automatically
dismissed pursuant to CCR 3084.4(d). This screening decision may not be appealed. If you feel that the above
reason(s) is inaccurate, please return this form with your appeal and an explanation as to why you feel this
screening action is incorrect. Your argument will be reviewed and the appeal will be reevaluated. You have
only 15 days to comply with the above directives.

ANDREW S. ALTNOW, CC II
Appeals Coordinator
Wasco State Prison – Reception
Center

Exh #2

1

PROOF OF SERVICE

2

Declaration of Service by Mail

3

4

I, *Tyrrall Farrow Cannon*, declare that I am over the age of

5

eighteen (18) and that I (am~~not~~) a party to this action. On *June. 12*

6

*2008* , I deposited a copy of the following document(s):

7

*Request for Appointment of Counsel.*

8

*Pkg# 08-55579.  Cannon v. Knights of the Klu Klux*

9

*Klan et al.*

10

11

In a sealed envelope with the postage prepaid into the United States mail

12

outlet via an authorized California Department of Corrections employee at

13

State Prison, in *Ironwood Blythe,* California, and addressed as

14

follows: *U.S. Department of Justice,*

*Federal Bureau of Investigation*

15

*Washington DC. 20535.0001.*

16

*clerk. U.S. Court of Appeals.*          *David Zugman.*

17

*9th circuit*                            *Attorney at Law.*

*P.O. Box 193939.*                        *964 Fifth Ave. Ste 300*

18

*San Francisco, CA. 94119.*               *San Diego. Calif. 92101.*

19

*Jeffrey J. Stuetz.*

20

*U.S. Attorney General.*                 *Attorney at Law.*

*Michael Mukasy.*                         *3440 Youngfield St.*

21

*950 Pennsylvania Ave. NW.*               *Wheatridge Co. 80033*

22

*Washington DC. 20210.*

23

24

25

I declare under penalty of perjury by the laws of the State of California that

26

the foregoing is true and correct (pursuant to 28 USCA §1746(2)).

27

28

DATE *June 13 2008*          SIGNATURE *Tyrrall Cannon*

# EXHIBIT COVER PAGE  $8$

EXHIBT

Description of this Exhibit:

Case No.
People v. *Connon v. Knights of the Ku Klux Klan*

Number of pages to this Exhibit _____ pages.

JURISDICTION:  (Check only one)

☐ Municipal Court
☐ Superior Court
☐ Appellate Court
☐ State Supreme Court
☐ United States District Court
☐ State Circuit Court
☐ United State Supreme Court
☐ Grand Jury

1

2

3

4

5

6

7

8       **UNITED STATES DISTRICT COURT**

9       **SOUTHERN DISTRICT OF CALIFORNIA**

10

11      TYRRALL FARROW CANNON,                    Civil No.    08cv0834 L (JMA)
        CDCR #T-91710;
12

13                               Plaintiff,       **ORDER DISMISSING CIVIL**
                                                  **ACTION FOR FAILING TO PAY**
14                      vs.                       **FILING FEE OR MOVE TO**
                                                  **PROCEED** *IN FORMA PAUPERIS*
15                                                **PURSUANT TO 28 U.S.C. § 1915(a)**
        KNIGHTS OF THE KU KLUX KLAN, et
16      al.,

17                               Defendants.

18

19              Plaintiff, a state inmate currently incarcerated at Ironwood State Prison located in Blythe,

20      California and proceeding pro se, has filed what appears to be a civil rights Complaint.

21      **I.      Failure to Pay Filing Fee or Request IFP Status**

22              All parties instituting any civil action, suit or proceeding in a district court of the United

23      States, other than a writ of habeas corpus, must pay a filing fee of $350.  *See* 28 U.S.C.

24      § 1914(a).  An action may proceed despite a party's failure to pay only if the party is granted

25      leave to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a).  *See Rodriguez v.*

26      *Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).

27      ////

28      ////

1    Here, Plaintiff has neither prepaid the $350 filing fee required to commence this action,

2    nor has he submitted a Motion to Proceed IFP.  Therefore, this action is subject to immediate

3    dismissal pursuant to 28 U.S.C. § 1914(a).

4    **II.**    **Conclusion and Order**

5    For the reasons set forth above, the Court hereby:

6    (1)    **DISMISSES** this action sua sponte without prejudice for failing to pay the $350

7    filing fee or file a Motion to Proceed IFP pursuant to 28 U.S.C. §§ 1914(a) and 1915(a); and

8    (2)    **GRANTS** Plaintiff **forty five (45)** days leave from the date this Order is "Filed"

9    to: (a) prepay the entire $350 civil filing fee in full; *or* (b) complete and file a Motion to proceed

10    IFP which includes a certified copy of his trust account statement for the 6-month period

11    preceding the filing of his Complaint pursuant to 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR

12    3.2(b).

13    **IT IS FURTHER ORDERED** that the Clerk of the Court shall provide Plaintiff with the

14    Court's approved form "Motion and Declaration in Support of Motion to Proceed *In Forma*

15    *Pauperis*."  If Plaintiff fails to either prepay the $350 civil filing fee or complete and submit the

16    attached Motion to Proceed IFP within that time, this action shall remain dismissed without

17    prejudice and without further Order of the Court.

18    **IT IS SO ORDERED.**

19

20    DATED: June 5, 2008

21

22    M. James Lorenz
    United States District Court Judge

23

24

25

26

27

28

*use as original*

1  Tyrrall Farrow Cannon
2  CDCR# T-91710
3  Ironwood State Prison
4  P.O. Box 2199
5  Blythe, California. 92226

7  (550)                    EDCV08- 713

9            Office of the Attorney
10                 General.
11           Initiative Coordinator.

13  Tyrrall Farrow Cannon
14        Complainant.              07-0100.
15            v.                     Amdt.# 1 N S
16  Knights of the Ku Klux Klans.
17  State of California, Counties of    violation of the
18  San Diego, Orange, Riverside,       Ku Klux Klan act.
19  San Bernardino, and Los             42 USCA§ 1985. et seq.
20  Angeles, Supervising Counsel's,     Communist Control
21  And Majors. et al.                  act. 50 USCA§ 841.
22                                      Homeland Security
23           Respondents.              act. 6 USCA§ 101 et seq
24                                      Cause of action.
25                                      Slavery, Genocide
26                                      Kidnapping Conspiracy.

          (R C'ed 6/02/08. Sfl.)
                    1.

Other Parties.

John Does, Dr. Henry Nicholas, Ms. Marcella Leach, Ms. Lawanda Hawkins, Ashlee N. Titus and Divers,

Facts.

It is well establish by criminal case and laws and laws to enclude that there exist communist conspiracies and within the administration of Justice, that their is an conspiracy by white subversie pepple with the aim to put down the constitution of the united states by the use of mid-range or second class citizens to be employed into the scheme of Justice to give aid and comfort to an ongoing Political scheme by force and fear in relation to teaching and techques of the Ku Klux Klan and or communist activities of white supremcy dictator Hitler. That subjects citizens to Program systematicly designed to give aid comfort, sanctuary to the emeny (See California Government Code 1027.5 (a)(c)). (See 8th & pg

Wherefore in the facts and finding of California legislative Counsel, there exist no Clear intentinal, abuse of privilege knowingly, intelligently by Pnor, citizen to con fine, or to intentinal hinder, impede, defeat no other citizen by no other design then

2

1. of being victims themselves to a political
2. enterprise, Programs, that cause depression
3. by oppressive schemes and plans, under the
4. spirit of ku klux klanism, or and nazism
5. that imposed upon Tax payer by force and
6. fear to call to an vote for the purpose of
7. a major scheme against the United States
8. and Tax payer to pay for an additional
9. private, secret, criminal, empire lead by
10. the Millionair Club, better know as United
11. States Senator and it agents under John
12. McCain "net" nuclear Option, and Pete
13. Wilson former Governor scheme to cause Sworn
14. California Justice's "Judge's" to legislate from
15. the bench after the passing of (Prop. 8 1982,)
16. (See information on Reagan &, U.S. Supreme Court
17. Justice Sandra D. O'connor. 1983.) (Also see
18. opinion of Judge's in 1994 Los Angeles Times
19. on or about March 07-1994,)
20.   Wherefore Jobs, housing, employment, have
21. been hinder, impeded, defeated by A war over
22. see's, funded by citizens of the United States
23. even Communist Member's have no problem
24. with giving a false oath. Most don't believe
25. in a God. Jesus said that there is A god
26. of this system whom is Satan. (See 2 cor 11:14,
27. 2 cor 4:4. among whom the god of this system
28. of things has blinded the minds of the Un belief-

3

1  ers that the illumination of the glorious good
2  news about the Christ, who is the image of
3  God, might not shine through.
4     Those and all of them, whom seeks to
5  call to the mind of voter for this purpose
6  or scheme, Must and shall be investigated
7  although they may or may not been educated
8  by the schools or colleges here in United
9  States for Possible of instrument of a conspiracy
10 to overthrow the Government of the United
11 States.

12

13                    Prayer.
14 That this complaint, acts as a complaint
15 for all purposes herein the administration
16 of the Governors office, attorney General office,
17 and the Courts of the State of California, and
18 United States District Court(s). Pursuant to 28-
19 USCA 1331, 1334, 1350, etseq. (18 USCA 8 2381-2386,
20 Smith act.)(Anti Trust act Sherman. 15 USCA 8 1.).

21

22                  Conclusion.
23    I Tyrrall Farrow Connour, is a United States
24 citizens, whom is a victim of the victim act
25 of Prop. 8, 1982 Pen. Code. 1192 7, 667(a)(6). and
26 is being held, hold against my right to make and
27 enforce contracts as white People do. And a
28 victim of a domestic terrorist Group, knowingly

                        4

1    intelligently, and after complained of.

2

3    I declare under Penalty and under the act

4    of Punishment Pursuant to 28 USCA 1746(1),

5    that the foregoing is true and Correct by

6    my under-signed and Date: May 18 2008

7

8    Original Signature;          Respectfully Submitted.

9    Tyrell Cannon              Tyrell Cannon.

10       complainants.            Complainant,

11   ///

12   ///

13   ///

14   T.F.C.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5.

Exhibit
# 1 pg's 1-8.

December 26, 2007

0 7 - 0 1 0 0
Amdt. #1NS

RECEIVED

DEC 2 6 2007

INITIATIVE COORDINATOR
ATTORNEY GENERAL'S OFFICE

Krystal Paris, Initiative Coordinator
Office of the Attorney General
State of California
PO Box 994255
Sacramento, CA 94244-25550

Re:  Request for Title and Summary for Victims' Bill of Rights Act of 2008:
Marsy's Law (AG Identification Number: 07-0100)

Dear Ms. Paris:

The initial proponent of the above-referenced initiative filed with your office on
December 21, 2007 requests that the following three individuals be substituted as the
proponents of the measure:

Dr. Henry Nicholas
Ms. Marcella Leach
Ms. LaWanda Hawkins

Pursuant to Elections Code section 9004, we propose that this request be received as a
technical, non-substantive amendment.

Each of the substituted proponents have executed the required signed statement
under California Elections Code section 9608. The addresses as registered to vote of
each of the substituted proponents are shown on Attachment 'A' to this letter.

Thank you for your time and attention to this important matter. Should you have
any questions or require additional information, please contact the undersigned at 455
Capitol Mall, Suite 801, Sacramento, California 95814, phone (916) 442-7757.

Very Truly Yours,

Ashlee N. Titus

pg1.

thousands of victims of crime who have experienced the additional pain and frustration of a criminal justice system that too often fails to afford victims even the most basic of rights.

3.    The People of the State of California find that the "broad reform" of the criminal justice system intended to grant these basic rights mandated in the Victims' Bill of Rights initiative measure passed by the electorate as Proposition 8b in 1982 has not occurred as envisioned by the People. Victims of crime continue to be denied rights to justice and due process.

4.    An inefficient, overcrowded, and arcane criminal justice system has failed to build adequate jails and prisons, has failed to efficiently conduct court proceedings, and has failed to expeditiously finalize the sentences and punishments of criminal wrongdoers.    Those criminal wrongdoers are being released from custody after serving as little as 10 percent of the sentences imposed and determined to be appropriate by judges.

5.    Each year hundreds of convicted murderers sentenced to serve life in prison seek release on parole from our state prisons.    California's "release from prison parole procedures" torture the families of murdered victims and waste millions of dollars each year.    In California convicted murderers are appointed attorneys paid by the tax dollars of its citizens, and these convicted murderers are often given parole hearings every year.    The families of murdered victims are never able to escape the seemingly unending torture and fear that the murderer of their loved one will be once again free to murder.

6.    "Helter Skelter" inmates Bruce Davis and Leslie Van Houghton, two followers of Charles Manson convicted of multiple brutal murders, have had 38 parole hearings during the past 30 years.

7.    Like most victims of murder, Marsy was neither rich nor famous when she was murdered by a former boyfriend who lured her from her parents' home by threatening to kill himself.    Instead he used a shotgun to brutally end her life when she entered his home in an effort to stop him from killing himself. Following her murderer's arrest, Marsy's mother was shocked to meet him at a local supermarket, learning that he had been released on bail without any notice to Marsy's family and without any opportunity for her family to state their opposition to his release.

8.    Several years after his conviction and sentence to "life in prison," the parole hearings for his release began.    In the first parole hearing, Marsy's mother suffered a heart attack fighting against his release.    Since then Marsy's family has endured the trauma of frequent parole hearings and constant anxiety that Marsy's killer would be released.

9.    The experiences of Marsy's family are not unique.    Thousands of other crime victims have shared the experiences of Marsy's family, caused by the failure of our criminal justice system to notify them of their rights, failure to give them notice of important hearings in the prosecutions of their criminal wrongdoers, failure to provide them with an opportunity to speak and participate, failure to impose actual and just punishment upon their wrongdoers, and failure to extend to them some measure of finality to the trauma inflicted upon them by their wrongdoers.

2

*2.*

appropriately *and thoroughly investigated, appropriately* detained in custody, *brought before the courts of California even if arrested outside the state,* tried by the courts *in a timely manner, sentenced,* and sufficiently punished so that the public safety is protected and encouraged as a goal of highest importance.

*(5) Victims of crime have a collectively shared right to expect that persons convicted of committing criminal acts are sufficiently punished in both the manner and the length of the sentences imposed by the courts of the State of California. This right includes the right to expect that the punitive and deterrent effect of custodial sentences imposed by the courts will not be undercut or diminished by the granting of rights and privileges to prisoners that are not required by any provision of the United States Constitution or by the laws of this state to be granted to any person incarcerated in a penal or other custodial facility in this state as a punishment or correction for the commission of a crime.*

*(6) Victims of crime are entitled to finality in their criminal cases. Lengthy appeals and other post-judgment proceedings that challenge criminal convictions, frequent and difficult parole hearings that threaten to release criminal offenders, and the ongoing threat that the sentences of criminal wrongdoers will be reduced, prolong the suffering of crime victims for many years after the crimes themselves have been perpetrated. This prolonged suffering of crime victims and their families must come to an end.*

*(7)* ~~Such~~*Finally, the People find and declare that the right to* public safety extends to public *and private* primary, elementary, junior high, and senior high school, *and community college, California State University, University of California, and private college and university* campuses, where students and staff have the right to be safe and secure in their persons.

*(8)* To accomplish ~~these~~ *the* goals *it is necessary that the laws of California relating to the criminal justice process be amended in order to protect the legitimate rights of victims of crime.* ~~, broad reforms in the procedural treatment of accused persons and the disposition and sentencing of convicted persons are necessary and proper as deterrents to criminal behavior and to serious disruption of people's lives.~~

(b) *In order to preserve and protect a victim's rights to justice and due process, a victim shall be entitled to the following rights:*

*·(1) To be treated with fairness and respect for his or her privacy and dignity, and to be free from intimidation, harassment, and abuse, throughout the criminal or juvenile justice process.*

*(2) To be reasonably protected from the defendant and persons acting on behalf of the defendant.*

*(3) To have the safety of the victim and the victim's family considered in fixing the amount of bail and release conditions for the defendant.*

*(4) To prevent the disclosure of confidential information or records to the defendant, the defendant's attorney, or any other person acting on behalf of the defendant, which could be used to locate or harass the victim or the victim's family or which disclose confidential communications made in the course of medical or counseling treatment, or which are otherwise privileged or confidential by law.*

4

*3.*

*the parole of the offender, and to be notified, upon request, of the parole or other release of the offender.*

*(16) To have the safety of the victim, the victim's family, and the general public considered before any parole or other post-judgment release decision is made.*

*(17) To be informed of the rights enumerated in paragraphs (1) through (16).*

*(c) (1) A victim, the retained attorney of a victim, a lawful representative of the victim, or the prosecuting attorney upon request of the victim, may enforce the rights enumerated in subdivision (b) in any trial or appellate court with jurisdiction over the case as a matter of right. The court shall act promptly on such a request.*

*· (2) This section does not create any cause of action for compensation or damages against the state, any political subdivision of the state, any officer, employee, or agent of the state or of any of its political subdivisions, or any officer or employee of the court.*

*(d) The granting of these rights to victims shall not be construed to deny or disparage other rights possessed by victims. The court in its discretion may extend the right to be heard at sentencing to any person harmed by the defendant. The parole authority shall extend the right to be heard at a parole hearing to any person harmed by the offender.*

*(e) As used in this section, a "victim" is a person who suffers direct or threatened physical, psychological, or financial harm as a result of the commission or attempted commission of a crime or delinquent act. The term "victim" also includes the person's spouse, parents, children, siblings, or guardian, and includes a lawful representative of a crime victim who is deceased, a minor, or physically or psychologically incapacitated. The term "victim" does not include a person in custody for an offense, the accused, or a person whom the court finds would not act in the best interests of a minor victim.*

*(f) In addition to the enumerated rights provided in subdivision (b) that are personally enforceable by victims as provided in subdivision (c), victims of crime have additional rights that are shared with all of the People of the State of California. These collectively held rights include, but are not limited to, the following:*

*(1) Right to Safe Schools. All students and staff of public primary, elementary, junior high, and senior high schools, and community colleges, colleges, and universities have the inalienable right to attend campuses which are safe, secure and peaceful.*

~~(d)~~ *(2) Right to Truth-in-Evidence. Except as provided by statute hereafter enacted by a two-thirds vote of the membership in each house of the Legislature, relevant evidence shall not be excluded in any criminal proceeding, including pretrial and post conviction motions and hearings, or in any trial or hearing of a juvenile for a criminal offense, whether heard in juvenile or adult court. Nothing in this section shall affect any existing statutory rule of evidence relating to privilege or hearsay, or Evidence Code Sections 352, 782 or 1103. Nothing in this section shall affect any existing statutory or constitutional right of the press.*

~~(e)~~ *(3) Public Safety Bail. A person may be released on bail by sufficient sureties, except for capital crimes when the facts are evident or the presumption great. Excessive bail may not be required. In setting, reducing or denying bail,*

6

4

be examined by the board and shall have the opportunity to enter a written response to any material contained in the file.

(2) The prisoner shall be permitted to be present, to ask and answer questions, and to speak on his or her own behalf. *Neither the prisoner nor the attorney for the prisoner shall be entitled to ask questions of any person appearing at the hearing pursuant to subdivision (b) of Section 3043.*

(3) Unless legal counsel is required by some other provision of law, a person designated by the Department of Corrections shall be present to insure that all facts relevant to the decision be presented, including, if necessary, contradictory assertions as to matters of fact that have not been resolved by departmental or other procedures.

(4) The prisoner *and any person described in subdivision (b) of Section 3043* shall be permitted to request and receive a stenographic record of all proceedings.

(5) If the hearing is for the purpose of postponing or rescinding of parole dates, the prisoner shall have rights set forth in paragraphs (3) and (4) of subdivision (c) of Section 2932.

*(6) The board shall set a date to reconsider whether an inmate should be released on parole that ensures a meaningful consideration whether the inmate is suitable for release on parole.*

(b)(1) Within 10 days following any meeting where a parole date has been set, the board shall send the prisoner a written statement setting forth his or her parole date, the conditions he or she must meet in order to be released on the date set, and the consequences of failure to meet those conditions.

(2) Within 20 days following any meeting where a parole date has not been set ~~for the reasons stated in subdivision (b) of Section 3041~~, the board shall send the prisoner a written statement setting forth the reason or reasons for refusal to set a parole date, and suggest activities in which he or she might participate that will benefit him or her while he or she is incarcerated.

*(3)* The board shall ~~hear each case annually thereafter, except the board may~~ schedule the next hearing ~~no later than the following~~, *after considering the views and interests of the victim, as follows:*

(A) ~~Two years after any hearing at which parole is denied if the board finds that it is not reasonable to expect that parole would be granted at a hearing during the following year and states the bases for the finding.~~ *Fifteen years after any hearing at which parole is denied, unless the board finds by clear and convincing evidence that the criteria relevant to the setting of parole release dates enumerated in subdivision (a) of Section 3041 are such that consideration of the public and victim's safety does not require a more lengthy period of incarceration for the prisoner than ten additional years.*

(B) ~~Up to five years after any hearing at which parole is denied if the prisoner has been convicted of murder, and the board finds that it is not reasonable to expect that parole would be granted at a hearing during the following years and states the bases for the finding in writing. If the board defers a hearing five years, the prisoner's central file shall be reviewed by a deputy commissioner within three years at which time the deputy commissioner may~~

8

5.

interests of the victim to determine whether to grant or deny a written request made pursuant to paragraph (1), and its decision shall be subject to review by a court or magistrate only for a manifest abuse of discretion by the board. The board shall have the power to summarily deny a request that does not comply with the provisions of this subdivision or that does not set forth a change in circumstances or new information as required in paragraph (1) that in the judgment of the board is sufficient to justify the action described in paragraph (4) of subdivision (b).

(3) An inmate may make only one written request as provided in paragraph (1) during each three year period. Following either a summary denial of a request made pursuant to paragraph (1), or the decision of the board after a hearing described in subdivision (a) to not set a parole date, the inmate shall not be entitled to submit another request for a hearing pursuant to subdivision (a) until a three-year period of time has elapsed from the summary denial or decision of the board.

Section 3043 of Article 3 of Chapter 8 of Title 1 of Part 3 of the Penal Code is amended to read:

§ 3043(a)(1) Upon request, notice of any hearing to review or consider the parole suitability or the setting of a parole date for any prisoner in a state prison shall be sent by the Board of ~~Prison Terms~~ Parole Hearings at least ~~30~~ 90 days before the hearing to any victim of a any crime committed by the prisoner, or to the next of kin of the victim if the victim has died, to include the commitment crimes, determinate term commitment crimes for which the prisoner has been paroled, and any other felony crimes or crimes against the person for which the prisoner has been convicted. The requesting party shall keep the board apprised of his or her current mailing address.

(2) No later than 30 days prior to the date selected for the hearing, any person, other than the victim, entitled to attend the hearing shall inform the board of his or her intention to attend the hearing and the name and identifying information of any other person entitled to attend the hearing who will accompany him or her.

(3) No later than 14 days prior to the date selected for the hearing, the board shall notify every person entitled to attend the hearing confirming the date, time, and place of the hearing.

(b)(1)The victim, next of kin, ~~two members of the victim's immediate family, or~~ and two representatives designated ~~for a particular hearing by the victim or, in the event the victim is deceased or incapacitated, by the next of kin in writing prior to the hearing~~ as provided in paragraph (2) of this subdivision have the right to appear, personally or by counsel, at the hearing and to adequately and reasonably express his, her, or their views concerning the prisoner and the case, including, but not limited to the commitment crimes, determinate term commitment crimes for which the prisoner has been paroled, any other felony crimes or crimes against the person for which the prisoner has been convicted, the effect of the enumerated crimes on the victim and the family

for protecting victims' rights in the parole process. Accordingly, to protect a victim from harassment and abuse during the parole process, no person paroled from a California correctional facility following incarceration for an offense committed on or after the effective date of this act shall, in the event his or her parole is revoked, be entitled to procedural rights other than the following:

(1) A parolee shall be entitled to a probable cause hearing no later than 15 days following his or her arrest for violation of parole.

(2) A parolee shall be entitled to an evidentiary revocation hearing no later than 45 days following his or her arrest for violation of parole.

(3) A parolee shall, upon request, be entitled to counsel at state expense only if, considering the request on a case-by-case basis, the board or its hearing officers determine:

(A) The parolee is indigent; and

(B) Considering the complexity of the charges, the defense, or because the parolee's mental or educational capacity, he or she appears incapable of speaking effectively in his or her own defense.

(4) In the event the parolee's request for counsel, which shall be considered on a case-by-case basis, is denied, the grounds for denial shall be stated succinctly in the record.

(5) Parole revocation determinations shall be based upon a preponderance of evidence admitted at hearings including documentary evidence, direct testimony, or hearsay evidence offered by parole agents, peace officers, or a victim.

(6) Admission of the recorded or hearsay statement of a victim or percipient witness shall not be construed to create a right to confront the witness at the hearing.

(b) The board is entrusted with the safety of victims and the public and shall make its determination fairly, independently, without bias and shall not be influenced by or weigh the state cost or burden associated with just decisions. The board must accordingly enjoy sufficient autonomy to conduct unbiased hearings, and maintain an independent legal and administrative staff. The board shall report to the Governor.

## SECTION 6. NOTICE OF VICTIMS' BILL OF RIGHTS

Section 679.026 is added to Title 17 of Part 1 of the Penal Code to read:

Sec. 679.026. (a) It is the intent of the People of the State of California in enacting this section to implement the rights of victims of crime established in Section 28 of Article I of the California Constitution to be informed of the rights of crime victims enumerated in the Constitution and in the statutes of this state.

(b) Every victim of crime has the right to receive without cost or charge a list of the rights of victims of crime recognized in Section 28 of Article I of the California Constitution. These rights shall be known as "Marsy Rights."

(c)(1) Every law enforcement agency investigating a criminal act and every agency prosecuting a criminal act shall, as provided herein, at the time of

12

7.

The statutory provisions of this Act shall not be amended by the Legislature except by a statute passed in each house by roll-call vote entered in the journal, three-fourths of the membership of each house concurring, or by a statute that becomes effective only when approved by the voters. However, the Legislature may amend the statutory provisions of this Act to expand the scope of their application, to recognize additional rights of victims of crime, or to further the rights of victims of crime by a statute passed by a majority vote of the membership of each house.

## SECTION 10.      RETROACTIVITY

The provisions of this Act shall apply in all matters which arise and to all proceedings held after the effective date of this Act.

14

*8.*

*Additional Page.*

1

PROOF OF SERVICE

2

Declaration of Service by Mail

3

4   I, *Tyrrall F. Cannon*   , declare that I am over the age of eighteen

5   (18) and that I (am/~~not am~~) a party to this action. On *May.*   ,

6   *2008*, I deposited a copy of the following document(s):

7   *Complaint. Victim of Ku Klux Klan Activities.*

8   *42 USCA 1985. / 18. USCA §§ 2381-2386.*

9   *5 pages. Plux Exhibit I.*

10

11

12   in a sealed envelope with postage prepaid into the United States mail

13   outlet via an authorized California Department of Corrections employee

14   at Ironwood State Prison, in Riverside County, Blythe, California, and

15   addressed as follows:

16   *U.S. District Court. Chief Justice.*      *U.S. Dept of Justice*

17   *333 Constitutional Ave. N.W.*      *FBI. Chief.*

18   *Washington DC. 20540.*      *930 Pennsylvania Avenue*
     *Washington DC. 20031*

19

20      *Director.*      *U.S. District Court.*

21   *Central intelligence Agency.*      *Southern District*

22   *Washington DC. 36001.*      *San Diego, Calif*

23   I declare under penalty of perjury by the laws of the State of

24   California that the foregoing is true and correct (pursuant to 28 USCA

25   §1746(2)). *Also To: Krystal Paris, Initiative Coordinator*
     *office of the Attorney General.*

26   *State of Calif. P.O.Box 994255*
     *Sacramento, Ca. 94344-2550.*

27   Date: *May      2008*      Signature

         *Tyrall F. Cannon*

COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 8-72)

1 of 3.

1

PROOF OF SERVICE

2

3        Declaration of Service by Mail

4        I, Tyrall F. Cannon, declare that I am over the age of

5  eighteen (18) and that I (am/~~am not~~ *void*) a party to this action. On ~~May 14~~ *June*,

6  *2008*, I deposited a copy of the following document(s): *June.*

7  void Complaint. 42USCA 1985. / 18~~USC 1§ 238~~).

8

9        Submit: for filing: #EDCV-08-713.

10               Request to Proceed without Prepayment
                 of filing fees with Declaration in support.

11       In a sealed envelope with the postage prepaid into the United States mail

12  outlet via an authorized California Department of Corrections employee at

13          State Prison, in                        , California, and addressed as

14  follows:                          Riverside U.S. Courthouse
                                      3470 Twelfth St.
15       U.S. Courthouse             Riverside CA. 92501.
16       880 Front St Rm 4390.
17       San Diego. CA.92101.
                                    Fresno. U.S. Courthouse
18                                  2500 Tulare Street. #1501.
19       Santa Ana.                 Fresno CA. 93721.
         U.S. Courthouse.
20       411 W. Fourth St.
21       Santa Ana. CA.92 701.
22

23       U.S. Court house.
24       Central District St. #G-8 Los Angeles Calif. 90012
         312 N Spring
25       I declare under penalty of perjury by the laws of the State of California that

26  the foregoing is true and correct (pursuant to 28 USCA §1746(2)).

27

28  DATE ~~May 14 2008~~ *June.*        SIGNATURE
                                        Tyrall Cannon

COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)

A/50: Homeland Security: 2100 2nd St. SW. Wash. DC. 20593.

2 of 3

## PROOF OF SERVICE

### Declaration of Service by Mail

I, _Tyrral F. Cannon_, declare that I am over the age of eighteen (18) and that I (am/ ~~am not~~ ) a party to this action. On ~~June 18~~ _June_ ~~2008~~ _2008_, I deposited a copy of the following document(s):

_Complaint, ~~Smith act~~ vpicl._

~~Sherman Act~~,

~~enter alia.~~

_Submit, see Page I.)_

In a sealed envelope with the postage prepaid into the United States mail outlet via an authorized California Department of Corrections employee at _____ State Prison, in _____, California, and addressed as follows:

_Los Angeles County Board of Supervisors. Hall of Administration 500 W Temple St. Los Angeles Calif. 90012._

_Orange County Board of Supervisors. 10 Civic Center Plaza Santa Ana. CA. 92701._

_Riverside County Board of Supervisors 4080 Lemon St. Riverside CA. 92502._

_San Diego County Board of Supervisors 1600 Pacific San Diego. CA. 92101._

I declare under penalty of perjury by the laws of the State of California that the foregoing is true and correct (pursuant to 28 USCA §1746(2)).

DATE _June_ ~~May 18 2008~~          SIGNATURE _Tyrall F. Cannon_

Also: Homeland Security 2100 2nd St. Sw. Wash. DC. 20593

3 of 3.

PROOF OF SERVICE

Declaration of Service by Mail

1
2
3
4   I, *Tyrrall Farraw Cannon* declare that I am over the age of eighteen

5   (18) and that 1 (am/~~is not~~) a party to this action. On ~~May~~, *June*,

6   *2008*, I deposited a copy of the following document(s):

7   Complaint, victom of kuktlux ktan Activities.

8   42USCA 1485. / 18USCA 2381-2386,

9   ~~5 pages; Plus exhibit 1~~ void

10
11   Submit see page 1.)

12   in a sealed envelope with postage prepaid into the United States mail

13   outlet via an authorized California Department of Corrections employee

14   at Ironwood State Prison, in Riverside County, Blythe, California, and

15   addressed as follows:                    San Diego. County,

16   U.S. Attorney General.          orange. County.

17   Michael Mukasy.          Riverside County.

18   950 Pennsylvania Ave. NW.          Los Angeles County.

          washington DC. 20541.          San Bernardino County.

19

20   U.S. Supreme Court          President of the United

21   Justice(s). Chief.          State.

22   1st First street NW.          1600 Pennsylvania Ave.

          washington DC. 20001.          washington DC. 20001

23   I declare under penalty of perjury by the law of the State of

24   California that the foregoing is true and correct (pursuant to 28 USCA

25   §1746(2)).  Also: Ashlee N. Titus, 455 capitol Mall, St. 801.
                  sacramento, Calif. 95814.

26

27   Date: ~~May~~ *June* *2008*          Signature _____

                                              *Tyrrall Flannon*

COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 8.72)

85 34769

Also: Homeland security. 2100 2nd st. S.W. wash. DC 20593.

Tyrell Farrow Conner
CDCR # T-91710 (EOP)
P.O. Box 8144 (D-1-110-J)
Blythe Calif. 92226

Confidential
Legal Mail

RECEIVED - EASTERN DIVISION
CLERK U.S. DIST. COURT

MAY 20 2008

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY





Chief Justice
United States Courthouse
3470 Twelfth Street
Riverside Calif. 92501

UNITED STATES POSTAGE
$01.34⁰
02 1A
0004624898
MAILED FROM ZIPCODE 92225
MAY 19 2008
PITNEY BOWES



UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

312 North Spring Street, Room G-8  Los
Angeles, CA  90012
Tel: (213) 894-7984

**SOUTHERN DIVISION**

411 West Fourth Street, Suite 1053
Santa Ana, CA 92701-4516
(714) 338-4570

**SHERRI R. CARTER**
District Court Executive
and Clerk of Court

Friday, May 23, 2008

**EASTERN DIVISION**

3470 Twelfth Street, Room 134
Riverside, CA 92501
(951) 328-4450

**TYRRALL FARROW CANNON**
**CDC#T91710**
**P. O. BOX 2199**
**BLYTHE, CA 92226**

Dear Sir or Madam:

Your complaint has been lodged and assigned a civil case number ___ **EDCV08- 713**

Upon the submission of your complaint, it was noted that you did not pay the appropriate filing fee of $350.00. If you are unable to pay the entire filing fee at this time, you must sign and complete the form indicated below in its entirety:

☐ *Declaration in Support of Request to Proceed in Forma Pauperis (CV-60)*
☒ *Declaration in Support of Request to Proceed Without Prepayment of Filing Fees (CV-60P)*

If you do not respond within THIRTY DAYS from the date above, your action will be dismissed and the file closed. If you submit the Declaration or pay the filing fee within THIRTY DAYS, judges will be assigned to your case. If you submit the Declaration, you will automatically be liable for the full filing fee, regardless of your present ability to pay the full amount of the fee. The fee can be paid in partial payments pursuant to a court ordered schedule.

Enclosed you will find this court's current Declaration form which you must complete in its entirety.

Sincerely,

Clerk, U.S. District Court

By: _____
    CSAWYER

Deputy Clerk

encls

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

*Tyrrall Farr ow Cannon*

PRISONER/PLAINTIFF,

*Knights of the Ku Klux Klan et al.*

DEFENDANT(S).

CASE NUMBER

*EDCV08-713.*

REQUEST TO PROCEED WITHOUT
PREPAYMENT OF FILING FEES WITH
DECLARATION IN SUPPORT

I, *Tyrrall Farrow Cannon*____, declare under penalty of perjury, that the following is true and correct; that I am the prisoner-plaintiff in the above entitled case;  that in support of my request to proceed without prepayment of fees under 28 U.S.C. Section 1915, I declare that because of my poverty I am unable to pay the full costs of said proceedings or to give security therefore and that I am entitled to redress.

I further declare under penalty of perjury that the responses which I have made to the questions and instructions below are true, correct and complete.

1. Are you presently employed in prison? ☐Yes  ☒No

   a. If the answer is yes, state the number of hours you work per week and the hourly rate of pay:

   _____

   _____

   b. State the place of your incarceration _____.
      Have the institution fill out the Certificate portion of this application and attach a certified copy of your prison trust account statement showing transactions for the past six months.

2. Have you received, *within the past twelve months*, any money from any of the following sources?
   a. Business, profession or form of self-employment?  ☐Yes ☒No
   b. Rent payments, interest or dividends?  ☐Yes ☒No
   c. Pensions, annuities or life insurance payments?  ☐Yes ☒No
   d. Gifts or inheritances?  ☐Yes ☒No
   e. Any other income (other than listed above)?  ☐Yes ☒No
   f. Loans?  ☐Yes ☒No

   If the answer to any of the above is yes, describe such source of money and state the amount received from each

   source during the past twelve (12) months: *My Citizen allegely has been suspended some hars, all property including contracts have been taken to support the communist movement 42USCA8 1985. et seq. 18USCA 1961, 1962*

3. Do you own any cash, or do you have money in a checking or savings account? (Include any funds in prison accounts, if applicable.) ☐ Yes ☒ No

   If the answer is yes, identify each account and separately state the amount of money held in each account for each of the *six (6) months prior* to the date of this declaration.

4. Do you own any real estate, stocks, bonds, notes, automobiles, or other valuable property (excluding ordinary household furnishings and clothing)? ☐ Yes ☒ No

   If the answer is yes, describe the property and state it approximate value: *Slaves Can not own property, They are Property. Scott V. Sandbild (1857) USC, (See President Bush, address to the nation. 1, 2.)*

5. In what year did you last file an Income Tax Return? *2002*

   Approximately how much income did your last tax return reflect? *Unknown*

6. List the persons who are dependent upon your for support, state your relationship to those persons, and indicate how much you contribute toward their support:

   *Slaves Can not be dependent upon, They have no rights to make Contracts*

   I understand that a false statement or answer to any question in this declaration will subject me to penalties for perjury. I further understand that perjury is punishable by a term of imprisonment of up to five (5) years and/or a fine of $250,000 (18 U.S.C. Sections 1621, 3571).

   *California*
   State

   *Riverside*
   County (or City)

   I, *Tyrall Farrow Cannon,* declare under penalty of perjury that the foregoing is true and correct.

   *June/05/2008*
   Date

   *Tyrall Cannon*
   Prisoner/Plaintiff (Signature)

## PRISONER AUTHORIZATION

If my request to proceed without prepayment of filing fees is granted, I understand that I am required by statue to pay the full amount of the filing fees for this case, regardless of my forma pauperis status and the disposition of this case. I further authorize the prison officials at this institution to assess, collect and forward to the Court the full amount of these fees, in monthly payments based on the average of deposits to or balance in my prison trust account in accordance with 28 U.S.C. Section 1915.

_____

Prisoner-Plaintiff (Signature)

## CERTIFICATE OF AUTHORIZED OFFICER

I hereby certify that the Prisoner-Plaintiff herein has credit in the sum of $_____ on account at the _____ institution where Prisoner-Plaintiff is confined.

I further certify that during the past six months the applicant's average monthly balance was $_____. I further certify that during the past six months the average of monthly deposits to the applicant's account was$_____.

A certified copy of the prisoner-plaintiff's trust account statement for the last six (6) months is attached.

_____          _____
        Date                       Authorized Officer of Institution (Signature)

EXHIBIT COVER PAGE 

EXHIBIT

Description of this Exhibit: *Select a case.*

Case No.

*CANNON VS.*

Number of pages to this Exhibit _____ pages.

JURISDICTION:

# Select A Case

This person is a party in 3 cases.

| | | |
|---|---|---|
| 2:05-cv-01736-UA-CT | Tyrrall F Cannon et al v. California State Legislative Council | filed 03/09/05  closed 04/04/05 |
| 2:97-cv-02987-UA | Cannon v. McCrary, et al | filed 04/25/97  closed 04/29/97 |
| 5:05-cv-01005-UA-CT | Tyrrall F Cannon et al v. California State Legislative Council et al | filed 10/31/05  closed 12/01/05 |

# Select A Case

This person is a party in 16 cases.

| | | | |
|---|---|---|---|
| 2:00-cv-00350-UA | Tyrrall F Cannon v. Stevenson, et al | filed 01/10/00 | closed 01/28/00 |
| 2:02-cv-09335-UA-CT | Tyrrall F Cannon v. CA Dept of Justice, et al | filed 12/10/02 | closed 12/20/02 |
| 2:03-cv-01609-UA-CT | Tyrrall F Cannon v. San Bernardino Cty, et al | filed 03/06/03 | |
| 2:04-cv-04674-AHM-CT | Tyrrall F Cannon v. People of the State of California et al | filed 06/28/04 | closed 07/20/04 |
| 2:04-cv-05660-CAS-CT | Tyrrall Farrow Cannon v: People of The State of California et al | filed 07/16/04 | closed 07/22/04 |
| ~habeas~<br>2:06-cv-00777-RGK-CT | Tyrrall Farrow Cannon v. California State of et al | filed 02/10/06 | closed 02/16/06 |
| 2:06-cv-01320-UA-CT | Tyrall Farrow Cannon v. United States Full House of Representatives et al | filed 03/02/06 | closed 05/16/06 |
| 2:07-cv-01890-UA | Tyrrall Farrow Cannon v. California Correctional Peace Officer Association et al | filed 03/21/07 | |
| 2:99-cv-00694-UA | Tyrrall F. Cannon v. Danial Lungren, et al | filed 01/22/99 | closed 01/28/99 |
| 2:99-cv-11588-UA | Tyrrall F Cannon v. R Moody, et al | filed 11/09/99 | closed 11/22/99 |
| 5:03-cv-00505-RGK-CT | Tyrrall F Cannon v. Bill Lockyer, et al | filed 05/06/03 | closed 05/13/03 |
| 5:04-cv-00074-UA-CT | Tyrrall Farrow Cannon et al v. State of California Legislative Council | filed 01/21/04 | closed 02/06/04 |
| 5:04-cv-01287-CJC-CT | Tyrrall Farrow Cannon v. People of the State of California et al | filed 10/12/04 | closed 07/11/06 |

habeas

5:06-cv-00185-
RGK-CT            Tyrrall Farrow Cannon v. James Hall et al                    filed 02/21/06  closed 02/24/06

√ 5:06-cv-00744-UA    Tyrrall Farrow Cannon v. San Bernardino County of et al    filed 07/13/06  closed 08/02/06

5:06-cv-00829-UA-
DUTY              Tyrrall Farrow Cannon v. San Bernardino County of            filed 08/03/06  closed 08/22/06



**U.S. Department of Justice**

Federal Bureau of Investigation

Washington, D. C. 20535-0001

May 21, 2008

Mr. Tyrrall Cannon, #T-91710
Post Office Box 2199
Blythe, CA   92226

Dear Mr. Cannon:

        This letter is in response to the correspondence
that you addressed to the FBI.

        The allegations that you have brought to our attention
do not warrant any action by the FBI.  You may wish to pursue
these issues through the prison grievance process with the
assistance of an attorney.

                         Sincerely yours,

                         Carlton L. Peeples

                         Carlton L. Peeples
                         Chief, Civil Rights Unit
                         Criminal Investigative Division



**U. S. Department of Justice**

Civil Rights Division

TW:  bl
DJ 144-12C-0

*Washington, D.C. 20530*

March 12, 2004

Mr. Tyrrall F. Cannon
#T-91710
Ironwood State Prison
P.O. Box 2199
Blythe, California 92226

Dear Mr. Cannon:

This is in reply to your correspondence to the President.
We apologize for the delay of this response.

The matter you mentioned in your letter is one within the
jurisdiction of the courts or the state.  This Department has no
authority to take any action in this matter.

Sincerely,

Theresa Weathers
Civil Rights Division

(Appendix K.)



**U.S. Department of Justice**

Office of the Pardon Attorney

NOV 17 2005

Tyrral Farrow Cannon
CDC #T-91719 (ISP)
Post Office Box 2199
Blyth, California 92226

## Requests for Assistance
### Involving
### Violations of State Law

Your recent correspondence concerns a violation of state law. The President's clemency powers under the Constitution are limited to federal offenses. Furthermore, as a matter of policy, the President does not seek to intervene in state clemency matters. Therefore, we are not in a position to be of assistance regarding executive clemency in this case. You may wish to contact the Governor or other state authorities to determine whether any relief is available under state law.

Re: Your letter of November 1, 2005.

---

**U.S. Department of Justice**

Office of the Pardon Attorney

DEC -8 2004

Tyrrall Farrow Cannon
CDC# T-91710  A-1-126up
Ironwood State Prison
Post Office Box 2199
Blythe, California 92226

## Requests for Assistance
### Involving
### Violations of State Law

Your recent correspondence concerns a violation of state law. The President's clemency powers under the Constitution are limited to federal offenses. Furthermore, as a matter of policy, the President does not seek to intervene in state clemency matters. Therefore, we are not in a position to be of assistance regarding executive clemency in this case. You may wish to contact the Governor or other state authorities to determine whether any relief is available under state law.

Re: Your letter of November 25, 2004.



**U. S. Department of Justice**   

Civil Rights Division

TW:   dha
DJ 144-12C-0

*Washington, D.C. 20530*

January 12, 2005

Mr Tyrrall F. Cannon
#T-91710
P.O. Box 2199
Blythe, California 92226

Dear Mr Cannon:

This is in reply to your correspondence to the Department.
We apologize for the delay of this response.

The Department of Justice is not authorized to give legal
assistance to private citizens or to represent them.   Therefore,
we have no authority to take any action.

Sincerely,

Theresa Weathers
Civil Rights Division



**U.S. Department of Justice**

Federal Bureau of Investigation

Washington, D. C. 20535-0001

May 15, 2006

Mr. Tyrrall Cannon, #T-91710
Post Office Box 2199
Blythe, CA  92226

Dear Mr. Cannon:

  This letter is in response to your correspondence
addressed to the FBI.

  The matters that you have brought to our attention
do not warrant an FBI investigation.  You may wish to pursue
this matter with private legal counsel.

       Sincerely yours,

       Mark R. Vukelich /srt
       Mark R. Vukelich
       Chief, Civil Rights Unit
       Criminal Investigative Division

UNITED STATES COMMISSION ON CIVIL RIGHTS

624 NINTH STREET, NW, WASHINGTON, DC 20425                    www.usccr.gov

## COMPLAINT REFERRAL

February 16, 2007

Tyrrall Cannon
CDCR # T-91710
Iron State Prison
PO Box 2199 (D-1-110L)
Blythe, CA  92226

Dear Mr. Cannon:

The U.S. Commission on Civil Rights has received your supplemental correspondence. As stated in our initial response to you, if you have any additional information or questions concerning your complaint, please contact the agency to which you were referred (Department of Justice). We are returning your correspondence so that you may send it directly to that agency.

Sincerely,

MARGARET BUTLER
Acting Deputy Assistant Staff Director
of Civil Rights Evaluation

Enclosures



UNITED STATES COMMISSION ON CIVIL RIGHTS

624 NINTH STREET, NW, WASHINGTON, DC 20425                    www.usccr.gov

December 22, 2006

Tyrrall Cannon
CDCR # T-9A10
(ISP)
PO Box 2199 (D-1-110L)
Blythe, CA 92226

Dear Mr. Cannon:

The United States Commission on Civil Rights recently received your complaint.

The Commission was established to conduct studies, hold hearings, issue reports, and serve as a national clearinghouse for civil rights information. As such, the Commission has no authority to provide direct remedial assistance or offer an opinion as to the soundness of individual allegations.

In order to be helpful, we have forwarded your complaint to:

Assistant Attorney General
Civil Rights Division
US Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530

This agency is authorized to help resolve the problem you described. We have requested that the agency notify you in writing concerning all actions taken to resolve your complaint. Should you need to communicate further concerning this matter, please contact the above agency directly.

Sincerely,

MARGARET BUTLER
Acting Deputy Assistant Staff Director
of Civil Rights Evaluation



U.S. Department of Justice

Federal Bureau of Investigation

*Washington, D.C. 20535*

December 2, 2005

Mr. Tyrrall Farrow Cannon
\*\*T-91710
Post Office Box 2199
Blythe, CA  92226

Dear Mr. Cannon:

This is in response to your Freedom of Information Act (FOIA)request.

The FOIA provides for access to Government records where the records sought are "reasonably described" [Title 5, United States Code, Section 552(a)(3)(A)]. Your letter does not contain enough descriptive information to permit a search of our records. In accordance with Title 28, Code of Federal Regulations, Part 16.3(b), please provide us more specific information. Any information that would help locate the records with a reasonable amount of effort would be appreciated, such as complete names of individuals, organizations or events, dates and places of birth and the approximate time frame of the information sought, etc.

Sincerely yours,

David M. Hardy/erl

David M. Hardy
Section Chief
Record/Information
    Dissemination Section
Records Management Division

DIANNE FEINSTEIN
CALIFORNIA

COMMITTEE ON APPROPRIATIONS
COMMITTEE ON THE JUDICIARY
COMMITTEE ON RULES AND
ADMINISTRATION—CHAIRMAN
SELECT COMMITTEE ON INTELLIGENCE

# United States Senate

WASHINGTON, DC 20510–0504

http://feinstein.senate.gov

January 21, 2008

Mr. Tyrrall Farrow Cannon
CDC #T-91710
P.O. Box 2199
Blythe, California 92226

Dear Mr. Cannon:

I have received your letter requesting additional assistance. I understand your desire to have this issue resolved, but I am limited in taking any further action on this matter.

If there is some way I can assist you with another federal matter, please feel free to contact me again. Thanks for giving me the opportunity to try to help.

With warmest personal regards.

Sincerely,

Dianne Feinstein
United States Senator

DF:dc

FRESNO OFFICE:
2500 TULARE STREET
SUITE 4290
FRESNO, CA 93721
(559) 485-7430

LOS ANGELES OFFICE:
11111 SANTA MONICA BOULEVARD
SUITE 915
LOS ANGELES, CA 90025
(310) 914-7300

SAN DIEGO OFFICE:
750 B STREET
SUITE 1030
SAN DIEGO, CA 92101
(619) 231-9712

SAN FRANCISCO OFFICE:
ONE POST STREET
SUITE 2450
SAN FRANCISCO, CA 94104
(415) 393-0707

DIANNE FEINSTEIN
CALIFORNIA

COMMITTEE ON APPROPRIATIONS
COMMITTEE ON THE JUDICIARY
COMMITTEE ON RULES AND
ADMINISTRATION—CHAIRMAN
SELECT COMMITTEE ON INTELLIGENCE

## United States Senate

WASHINGTON, DC 20510–0504
http://feinstein.senate.gov

September 6, 2007

Mr. Tyrrall Farrow Cannon
CDC #T-91710
P.O. Box 2199
Blythe, California 92226

Dear Mr. Cannon:

Thank you so much for contacting my office and sharing your concerns with me. I appreciate your trust and am sorry to hear of your difficulties.

I sympathize with your concern and your desire to have your problem resolved. However, as a United States Senator I cannot intervene in, or comment on, a matter that is within the jurisdiction of the courts. This policy is to preserve the separation of powers doctrine, assigned by the Constitution to the branches of government, and the integrity of our system of justice.

I appreciate your contacting me and do wish I could be more helpful to you. If there is any way my office can assist you with problems involving the federal government, please get back in touch with me.

Sincerely,

Dianne Feinstein
United States Senator

DF:dc

FRESNO OFFICE:
2500 TULARE STREET
SUITE 4290
FRESNO, CA 93721
(559) 485–7430

LOS ANGELES OFFICE:
11111 SANTA MONICA BOULEVARD
SUITE 915
LOS ANGELES, CA 90025
(310) 914–7300

SAN DIEGO OFFICE:
750 B STREET
SUITE 1030
SAN DIEGO, CA 92101
(619) 231–9712

SAN FRANCISCO OFFICE:
ONE POST STREET
SUITE 2450
SAN FRANCISCO, CA 94104
(415) 393–0707

DIANNE FEINSTEIN
CALIFORNIA

COMMITTEE ON APPROPRIATIONS
COMMITTEE ON THE JUDICIARY
COMMITTEE ON RULES AND
ADMINISTRATION—CHAIRMAN
SELECT COMMITTEE ON INTELLIGENCE

# United States Senate

WASHINGTON, DC 20510–0504

http://feinstein.senate.gov

June 11, 2007

Mr. Tyrrall Farrow Cannon
CDC #T-91710
P.O. Box 2199
Blythe, California 92226

Dear Mr. Cannon:

Thank you so much for contacting my office and sharing your concerns with me. I appreciate your trust and am sorry to hear of your difficulties.

I sympathize with your concern and your desire to have your problem resolved. However, as a United States Senator I cannot intervene in, or comment on, a matter that is within the jurisdiction of the courts. This policy is to preserve the separation of powers doctrine, assigned by the Constitution to the branches of government, and the integrity of our system of justice.

I appreciate your contacting me and do wish I could be more helpful to you. If there is any way my office can assist you with problems involving the federal government, please get back in touch with me.

Sincerely,

Dianne Feinstein
United States Senator

DF:sl

FRESNO OFFICE:
2500 TULARE STREET
SUITE 4290
FRESNO, CA 93721
(559) 485-7430

LOS ANGELES OFFICE:
11111 SANTA MONICA BOULEVARD
SUITE 915
LOS ANGELES, CA 90025
(310) 914-7300

SAN DIEGO OFFICE:
750 B STREET
SUITE 1030
SAN DIEGO, CA 92101
(619) 231-9712

SAN FRANCISCO OFFICE:
ONE POST STREET
SUITE 2450
SAN FRANCISCO, CA 94104
(415) 393-0707

DIANNE FEINSTEIN
CALIFORNIA

COMMITTEE ON APPROPRIATIONS
COMMITTEE ON THE JUDICIARY
COMMITTEE ON RULES AND
ADMINISTRATION—CHAIRMAN
SELECT COMMITTEE ON INTELLIGENCE

# United States Senate

WASHINGTON, DC 20510–0504

http://feinstein.senate.gov

February 2, 2007

Mr. Tyrrall Farron Cannon
T- 91710 (ISP)
P.O. Box D-1-1101
Blythe, California 92226

Dear Mr. Cannon:

Thank you so much for contacting my office and sharing your concerns with me.  I appreciate your trust and am sorry to hear of your difficulties.

I sympathize with your concern and your desire to have your problem resolved. However, as a United States Senator I cannot intervene in, or comment on, a matter that is within the jurisdiction of the courts.  This policy is to preserve the separation of powers doctrine, assigned by the Constitution to the branches of government, and the integrity of our system of justice.

I appreciate your contacting me and do wish I could be more helpful to you.  If there is any way my office can assist you with problems involving the federal government, please get back in touch with me.

Sincerely,

Dianne Feinstein
United States Senator

DF: jh

FRESNO OFFICE:
2500 TULARE STREET
SUITE 4290
FRESNO, CA 93721
(559) 485-7430

LOS ANGELES OFFICE:
11111 SANTA MONICA BOULEVARD
SUITE 915
LOS ANGELES, CA 90025
(310) 914-7300

SAN DIEGO OFFICE:
750 B STREET
SUITE 1030
SAN DIEGO, CA 92101
(619) 231-9712

SAN FRANCISCO OFFICE:
ONE POST STREET
SUITE 2450
SAN FRANCISCO, CA 94104
(415) 393-0707

DIANNE FEINSTEIN
CALIFORNIA

COMMITTEE ON APPROPRIATIONS
COMMITTEE ON ENERGY AND NATURAL RESOURCES
COMMITTEE ON THE JUDICIARY
COMMITTEE ON RULES AND ADMINISTRATION
SELECT COMMITTEE ON INTELLIGENCE

# United States Senate

WASHINGTON, DC 20510–0504

http://feinstein.senate.gov

October 24, 2005



U.S. COURT OF APPEALS FOR
DISTRICT OF COLUMBIA CIRCUIT

OCT 0 2 2006

RECEIVED

Mr. Tyrrall Farrow Cannon
CDC #T-91710
P.O. Box 2199
Blythe, California 92226

Dear Mr. Cannon:

Thank you so much for contacting my office and sharing your concerns with me. I appreciate your trust and am sorry to hear of your difficulties.

I sympathize with your concern and your desire to have your problem resolved. However, as a United States Senator I cannot intervene in, or comment on, a matter that is within the jurisdiction of the courts. This policy is to preserve the separation of powers doctrine, assigned by the Constitution to the branches of government, and the integrity of our system of justice.

I appreciate your contacting me and do wish I could be more helpful to you. If there is any way my office can assist you with problems involving the federal government, please get back in touch with me.

Sincerely,

Dianne Feinstein
United States Senator

DF: jpc

FRESNO OFFICE:
1130 O STREET
SUITE 2446
FRESNO, CA 93721
(559) 485-7430

LOS ANGELES OFFICE:
11111 SANTA MONICA BOULEVARD
SUITE 915
LOS ANGELES, CA 90025
(310) 914-7300

SAN DIEGO OFFICE:
750 B STREET
SUITE 1030
SAN DIEGO, CA 92101
(619) 231-9712

SAN FRANCISCO OFFICE:
ONE POST STREET
SUITE 2450
SAN FRANCISCO, CA 94104
(415) 393-0707



COMMITTEE:
**ENERGY AND COMMERCE**

SUBCOMMITTEES:
**COMMERCE, TRADE AND
CONSUMER PROTECTION**
**ENERGY AND AIR QUALITY**
**ENVIRONMENT AND
HAZARDOUS MATERIALS**
**HEALTH**

WASHINGTON OFFICE:
405 CANNON HOUSE OFFICE BUILDING
WASHINGTON, DC 20515
(202) 225–5330
FAX: (202) 225–2961

DISTRICT OFFICES:
707 EAST TAHQUITZ CANYON WAY
SUITE 9
PALM SPRINGS, CA 92262
(760) 320–1076
FAX: (760) 320–0596

1600 EAST FLORIDA AVENUE
SUITE 301
HEMET, CA 92544
(951) 658–2312
FAX: (951) 652–2562

## Mary Bono
## Congress of the United States
### 45th District, California

May 30, 2008

Mr. Tyrrall F. Cannon
CDCR#T-91710 (ISP)
P.O. Box 2199
Blythe, CA 92226

Dear Mr. Cannon:

Thank you for contacting Congresswoman Mary Bono's Hemet
district office regarding the difficulties you have encountered
with legal issues.

As much as our office would like to be able to help you, the
matter you described does not fall within our jurisdiction. The
attorneys for the House Ethics Committee have informed our
office that it is inappropriate for the Congresswoman, or any of
her staff, to intervene in cases involving legal issues.

If our office can be of service in a matter within our federal
jurisdiction, please do not hesitate to contact our office.

Sincerely,

MARY BONO
Member of Congress

MB/kb

COMMITTEE:
**ENERGY AND COMMERCE**

SUBCOMMITTEES:
**COMMERCE, TRADE AND
CONSUMER PROTECTION**
**ENERGY AND AIR QUALITY**
**ENVIRONMENT AND
HAZARDOUS MATERIALS**
**TELECOMMUNICATIONS
AND THE INTERNET**



## Mary Bono
## Congress of the United States
### 45th District, California

WASHINGTON OFFICE:
404 CANNON HOUSE OFFICE BUILDING
WASHINGTON, DC 20515
(202) 225-5330
FAX: (202) 225-2961

DISTRICT OFFICES:
707 EAST TAHQUITZ CANYON WAY
SUITE 9
PALM SPRINGS, CA 92262
(760) 320-1076
FAX: (760) 320-0596

1600 EAST FLORIDA AVENUE
SUITE 301
HEMET, CA 92544
(909) 658-2312
FAX: (909) 652-2562

April 2, 2007

Mr. Tyrrall Cannon
CDCR#T-91710 (ISP)
P.O. Box 2199
Blythe, CA 92226

Dear Mr. Cannon:

Thank you for contacting Congresswoman Mary Bono's Palm Springs district office regarding the difficulties you have with *your civil action #06-0387 request for assistant of counsel.*

As much as our office would like to be able to help you, the matter you described does not fall within our jurisdiction.   The attorneys for the House Ethics Committee have informed our office that it is inappropriate for the Congresswoman, or any of her staff, to intervene in cases involving legal issues.

If our office can be of service in a matter within our federal jurisdiction, please do not hesitate to contact our office.

Sincerely,

Lorena DaCosta
Caseworker

STATE OF CALIFORNIA—DEPARTMENT OF CORRECTIONS AND REHABILITATION                    ARNOLD SCHWARZENEGGER, *GOVERNOR*

**OFFICE OF INTERNAL AFFAIRS**

Headquarters Office
10111 Old Placerville Road, Ste 200
Sacramento, CA 95827



January 18, 2007

Mr. Tyrrall Cannon
T-91710, D1-110L
P.O. Box 2199
Blythe, CA, 92226

Dear Mr. Cannon:

The California Department of Corrections (CDCR), Office of Internal Affairs (OIA) is in receipt of your correspondence which appears to be your notice of appeal to the United States Court of Appeals for the Ninth Circuit. I am at a lost as to why you have sent your court information to the OIA; therefore, we are returning your information back to you.

Sincerely,

WILLIAM WELLS
Special Agent
Office of Internal Affairs - Headquarters

## Of Interest to Lifers

### CDCR DEATH STATISTICS (#)
(Breakdown by Age Groups also Available)

|  | Lifer | Non-Lifer | Total |
|---|---|---|---|
| 2000 | 86 | 211 | 297 |
| 2001 | 101 | 197 | 298 |
| 2002 | 119 | 227 | 346 |
| 2003 | 108 | 225 | 333 |
| 2004 | 130 | 219 | 349 |
| 2005 | 140 | 245 | 385 |
| 2006 | 169 | 243 | 412 |
| 2007 to date | 71 | 79 | 150 |
| Totals: | 924 | 1,646 | 2,570 |

## NEW PRISON PUBLICATIONS

*Voices.Con*, described as "California prison parole indeterminate sentencing lifer prison reform free newsletter," for "Term-to-Life Prisoners" is an informative publication available free of charge: BEZANT.NET, voicesinfo@cox.net, or through http//www.emitime.com/voices.con.

*Corcoran Sun* is an interesting illustrated monthly newsletter distributed at Corcoran. Contact: D. Babb, P-30582, Box 5242 (D3-142-L), Corcoran CA 93212.

*Coalition for Prisoner's Rights Newsletter* is a well-written and recommended monthly publication: Coalition for Prisoners' Rights/Prison Project of Santa Fe, P.O. Box 1911, Santa Fe, NM 87504-1911 (free to prisoners, $12/year for others, $25/year for-profit and government entities).

## CDCR PROPOSES INTEGRATED HOUSING RULES
*RN 07-05 (#)*

The Department has issued proposed regulations (RN 07-05) to govern the integrated housing of its inmates necessitated by a recent Supreme Court ruling,. The Notice, Text of Proposed Regulations, and Statement of Reasons may be obtained through *CLN* or the individual named below. Your comments and objections to the proposal directed to that individual in a timely manner must be considered by OAL (the Office of Administrative Law) in reviewing the application.

Timothy M. Lockwood, Chief
Regulations & Policy Management Branch
Department of Corrections & Rehabilitation
P.O. Box 942883
Sacramento, CA 94283-0001

## OAL HOLDS CDCR RULE REQUIRING INMATES TO ACCEPT DOUBLE CELL ASSIGNMENTS TO BE INVALID

In February the OAL invalidated CDCR's April 2003 Memorandum (DD58-03) subjecting inmates who refuse to accept double-cell assignments to discipline. The rule requires inmates to accept their cell assignments or be disciplined. Christopher Harbridge and Darryl Wakefield, who were disciplined for failure to comply, sought review of the policy. OAL found the memorandum and its rules to constitute an illegal underground regulation because the provisions had not been adopted in title 15 in accordance with the Administrative Procedures Act (APA).

## IS CLN AVAILABLE IN YOUR LAW LIBRARY?

We distribute gratis copies of *CLN* to all CDCR law libraries. We've heard rumors that some librarians trash the issues. –If you have tried to access *CLN* at your law library but failed, please send us the details. Thank you

## PUBLICATIONS & RECENT ARTICLES

Space does not permit more than a listing of the following articles and publications that *CLN* can make available to interested parties (please see postage/ photocopy rates at page 26):

**Prison Medical Reform Plan is Released** (article); *L.A. Times* (#)

**Prison Cop-out** (editorial) *L.A. Times* (Legislature's prison reform plan a "dodge") (#)

**Prison Plan Ignores Major Issues** (article) *L.A. Times* (#)

**Creating and Passing a Successful Sentencing Commission in California** (Stanford Law School, 2006 [70 pages]) (#)

(Continued on page 22)

*Exh #.*

*18*

# APPELLATE DEFENDERS, INC.

555 WEST BEECH STREET
SUITE 300
SAN DIEGO, CA 92101-2939

(619) 696-0282
Automated Attendant: (619) 696-0284

August 19, 2003

Tyrall Farrow Cannon
CDC # T91710
I.S.P.
P.O. Box 2199
Blythe, CA 92226

Re:    People v. Cannon, Case No. E033596

Dear Mr. Cannon:

Thank you for your letter dated August 13, 2003, inquiring about the transcripts of your trial level proceedings. Our records show the record is not yet completed and has not yet been certified to the Court of Appeal.

As you know, you are entitled to one free copy of the record, which your appointed counsel will need in order to handle your appeal. Thus, the court will forward a copy of the record directly to your appellate attorney when it is completed. Usually, the appellate attorney must retain the record throughout the appeal in order to file the briefs on your behalf, and to address assertions made by the government in its brief. When Mr. Stuetz is finished with the records, he will forward them to you.

If you have any questions, please contact Mr. Stuetz directly.

Sincerely,

Carmela F. Simoncini
Staff Attorney

CFS:mb
cc: Jeffrey Stuetz, Esq.

*Matthew L. Cate, Inspector General*



*Office of the Inspector General*

April 11, 2007

Tyrall Cannon, T-91710
Ironwood State Prison
P. O. Box 2199
Blythe, CA  92226

Dear Mr. Cannon:

The Office of the Inspector General has received your correspondence.

After reviewing your correspondence, we determined that the issues you raise could be more effectively addressed through a general approach rather than individually. Given the volume and complexity of the complaints we receive, it is not possible for us to fully research and respond separately to each complaint. Therefore, we attempt to focus our audit and investigative resources on issues where the greatest needs exist. We believe that in this way we can provide the greatest benefit to you and others who have been affected. If we conduct an audit or investigation of the issues you raise, you may be contacted later.

The Office of the Inspector General considers this matter closed. Thank you for bringing your concerns to our attention.

Sincerely,

DEMETRI DARTIS
Deputy Inspector General

DD:vh:07-0008246-01

*Arnold Schwarzenegger, Governor*

BLECKMAN & BLAIR
ATTORNEYS AT LAW

MARTIN JERRY BLECKMAN
JANYCE KEIKO IMATA BLAIR

SUITE 3 OCEAN PLAZA
302 WEST GRAND AVENUE
EL SEGUNDO, CALIFORNIA 90245

TELEPHONE (310) 606-9262
FACSIMILE (310) 606-9267

April 17, 2007

<u>VIA UNITED PARCEL SERVICE</u>

Tyrrall F. Cannon T91710
Ironwood State Prison
19005 Wiley's Well Road
Blythe, CA  92225

Dear Mr. Cannon:

I return under cover of this letter your mailing to me, comprising multiple legal documents, postmarked March 29, 2007, in its entirety.

My records do not show that I ever represented you in any capacity. I am at a loss to understand why these materials were forwarded to me, nor did the materials contain any explanation as to why they were directed to me.

Please do not forward any more mailings to me.

Very truly yours,

JANYCE KEIKO IMATA BLAIR

---

**FROM**

BLECKMAN & BLAIR
ATTORNEYS AT LAW
SUITE 3 OCEAN PLAZA, 302 WEST GRAND AVENUE
EL SEGUNDO, CALIFORNIA 90245

**TO**

Tyrrall F. Cannon T91710
Ironwood State Prison
19005 Wiley's Well Road
Blythe, CA  92225

# American Civil Liberties Union
OF NORTHERN CALIFORNIA
1663 MISSION STREET, SUITE 460
SAN FRANCISCO, CALIFORNIA 94103

November 8, 2005

Tyrrall Farrow Cannon, #T-91710
I.S.P
P.O. Box 2199 (B-4-202UP)
Blythe, CA 92226

Dear Tyrrall Farrow Cannon:

Your letter to the American Civil Liberties Union of Northern California has been received. Thank you for your comments. We will keep this correspondence on file as requested.

Sincerely,

Pat Johnson
Legal Assistant

# American Civil Liberties Union

OF NORTHERN CALIFORNIA
1663 MISSION STREET, SUITE 460
SAN FRANCISCO, CALIFORNIA 94103

October 25, 2005

Tyrall Farrow Cannon, CDC #T-91710 (ISP)
P.O. Box 2199
Blythe, CA 92226

Re:  Request for Legal Assistance

Dear Tyrall Farrow Cannon:

Your letter to the American Civil Liberties Union of Northern California has been received. Unfortunately, we are unable to offer you legal advice or assistance. The ACLU is a private, non-profit organization and our limited resources do not allow us to function as a general provider of legal services. Nor can our small staff do research or investigate many of the problems that come to our attention, no matter how legitimate they may be. In general, we must confine our involvement to a limited number of cases which raise new constitutional issues or which affect large numbers of people, and these are usually at the appellate level. Because of these criteria, we will not be able to provide you with legal assistance.

Again, we regret that we cannot be of assistance to you.

Sincerely,

Pat Johnson
Legal Assistant



# Office of the Court Executive
## Superior Court of the State of California
### County of Kings

**Todd H. Barton**
*Court Executive Officer/*
*Jury Commissioner*

**Jeff Lewis**
*Assistant Court Executive*
*Officer/Assistant Jury*
*Commissioner*

**Serge Zelnick**
*Deputy Court Executive*
*Officer/Court Financial*
*Officer*

**Barbara Maselli**
*Court Human Resources/*
*Training Officer*

**Cindy Torres**
*Manager of Courtroom*
*Services & Training*

**Krystina Cifuentez**
*Court Manager*
*Civil/Family Law*

**Barbara Torres**
*Court Manager*
*Criminal/Traffic/Juvenile*

--------------------------

☐ **Hanford Division**
*Civil/Small Claims*
1426 South Drive
Hanford, CA 93230
(559) 582-3211
  exts. 2865 & 2436
Fax (559) 584-0319

☐ **Hanford Division**
*Traffic/Criminal/Juvenile*
1426 South Drive
Hanford, CA 93230
(559) 582-3211, ext. 2781 &
  ext. 4838
Fax (559) 584-7054

☐ **Avenal Division**
501 E. Kings Street
Avenal, CA 93204
(559) 386-5225
Fax (559) 386-9452

☐ **Corcoran Division**
1000 Chittenden Ave.
Corcoran, CA 93212
(559) 992-5194
Fax (559) 992-5933

☐ **Lemoore Division**
449 "C" Street
Lemoore, CA 93245
(559) 924-7757
Fax (559) 925-0319

April 21, 2003

Tyrrall F. Cannon
0209342301
9500 N. Etiwanda Avenue
Rancho Cucamonga, Ca 91739

Re: Copies of Writ 94 W 0001 B

Dear Sir:

This court is in receipt of your request of copies of the above mentioned Writ of Habeas Corpus. In researching this, the court finds that there are <u>152</u> pages that you are requesting to be copies for your records.

● Copies are $.50 per page.      ● Certification is $6.00 per document
<u>152</u> pages @ .$50 = $ <u>76.00</u>      (please specify, if desired)
                                _____ certification @ $6.00 = $

The total is $ <u>76.00</u>. Make check or money order payable to "KINGS COUNTY SUPERIOR COURT". Please submit the appropriate funds (Attention: Writ/Criminal Division). Include a self-addressed stamped envelope, and the court will forward the documents being requested to you.

Sincerely

Todd H. Barton
Court Executive Officer

NH
Deputy Clerk

Enclosure

*Slovery Activity*

 NAACP LEGAL DEFENSE AND EDUCATIONAL FUND, INC.
1444 Eye Street, NW, 10th Floor • Washington, DC 20005 • 202.682.1300 • Fax 202.682.1312 • www.naacpldf.org

November 6, 2006

Tyrrall Farrow Cannon
CDCR #T-91710 (ISP)
P.O. Box 2199
Blythe, CA 92226

Dear Mr. Cannon:

This is in response to your request for assistance in locating an attorney who may be able to assist you with the legal problem that you are having.

The Legal Defense Fund has a very limited staff and budget and is unable to become involved in many of the cases in which our assistance is sought. Therefore, we cannot assist you in this matter. We do not have salaried attorneys around the country to whom we can assign cases, nor do we operate a lawyer referral service. Which means we are unable to identify attorneys in your area who have relevant experience in dealing with the kind of problem you are having or attorneys who will definitely be able to offer you consultation, advice, or representation. Furthermore, I regret that we are unable to be of any assistance to you. However, you may wish to contact your state/local bar association.

I am not expressing any view on the merits of your case and I wish you the best in its resolution.

Lastly, although your envelope is addressed to the NAACP Legal Defense Fund, often times people contact us believing that we are the NAACP. For your information, we are a totally separate organization from the NAACP. Just in case you have reached us in error, their address is:

NAACP
4805 Mount Hope Drive
Baltimore, MD 21215

Sincerely,

The NAACP Legal Defense Fund

National Office
99 Hudson Street, Suite 1600
New York, NY 10013
212.965.2200 Fax 212.226.7592

Western Regional Office
1055 Wilshire Boulevard, Suite 1480
Los Angeles, CA 90017
213.975.0211 Fax 213.202.5773

The NAACP Legal Defense and Educational Fund, Inc. (LDF) is not a part of the National Association for the Advancement of Colored People (NAACP) although LDF was founded by the NAACP and shares its commitment to equal rights. Since 1957, LDF has been a completely separate organization. Contributions are deductible for U.S. income tax purposes.

...tional Association for the
...vancement of Colored People
NAACP Headquarters
4805 Mt. Hope Drive
Baltimore, MD 21215



02 1A
0004392438         OCT 27  2005
MAILED FROM ZIP CODE 21215

$ 00.23⁰

"THE RACE IS ON"

B4  2020

Tyrrall Farrow Cannon
CDC #T-91710 A-1-126UP
Ironwood State Prison
P.O. Box 2199
Blyth, California  92226

B022

---

CHOOSE FREEDOM

"I felt that one had better die fighting against injustice
than to die like a dog or rat in a trap."

Ida B. Wells (1862-1931)

Thank you for contacting the National Association for the Advancement of
Colored People. Although we are unable to accept your case, the NAACP will
enter pertinent data from your correspondence into our database of complaints,
which may assist us in helping others in the future. Thank you for bringing this
matter to our attention.

General Counsel

NAACP Legal Department
4805 Mt. Hope Drive
Baltimore, MD 21215
Phone 410-580-5790  Fax 410-368-9850

THE STATE BAR
OF CALIFORNIA

OFFICE OF THE CHIEF TRIAL COUNSEL
INTAKE

1149 SOUTH HILL STREET, LOS ANGELES, CALIFORNIA 90015-2299

TELEPHONE: (213) 765-1000
TDD: (213) 765-1566
FAX: (213) 765-1168
http://www.calbar.ca.gov

October 13, 2005

Tyrall Cannon
ISP 91710 B-4-2002 up
P.O. Box 2199
Blythe, CA. 92226

RE:    Inquiry Number:    05-12973
       Respondent:       Jeffrey John Stuetz

Dear Mr. Cannon:

We have received your complaint, on 8/16/05, against Jeffrey John Stuetz. Your allegations may be
grounds for a criminal appeal or a civil claim for damages but they do not form the basis for discipline.
You may wish to consult with an attorney with regard to the criminal appeal or any civil remedies.

Our decision to close your complaint is not a determination that the attorney acted properly, it is only a
determination that there is insufficient evidence that the attorney wilfully violated the applicable ethical
rules. In the event that the court makes a finding that the attorney(s) committed misconduct, please
provide that information along with copies of any relevant court papers and we will re-evaluate your
complaint at that time.

OFFICE OF THE CHIEF TRIAL COUNSEL/INTAKE
N11



State of California
Commission on Judicial Performance
455 Golden Gate Avenue, Suite 14400
San Francisco, CA 94102-3660
(415) 557-1200
FAX (415) 557-1266
Web Site: http://cjp.ca.gov

December 14, 2005

Tyrall F. Cannon, T-91710
Ironwood State Prison
P.O. Box 2199 (A-1-126up)
Blythe, CA 92226

Dear Mr. Cannon:

Your further correspondence concerning a California judge has been considered in order to determine whether there is any basis for action by this commission.

It has been concluded that the contents of your submissions do not provide grounds for proceeding further. In order to go forward with a judicial investigation, a basis for such an investigation must be shown. Conclusions about a judge's behavior, or categorizations of a judge's behavior, without specifics, are insufficient to warrant an investigation by this agency. Specific allegations may be supported by transcripts, tapes, orders or other evidence. A sufficient basis to go forward with an investigation is required; which means that the factual information presented indicates that an investigation is warranted. Your submissions do not contain this type of information.

The rules which govern commission proceedings do not provide for a formal appeal from a commission decision not to take further action on a complaint. However, if you wish to provide further information, the decision to close your complaint will not preclude consideration of further information.

We regret the delay in responding to your correspondence.

Very truly yours,

Karen Clay
Staff Counsel

KC:al/L1214cannon

Confidential under California Constitution,
Article VI, Section 18, and Commission Rule 102



# OFFICE OF THE GOVERNOR

July 21, 2004

Mr. Tyrall F. Cannon
T-91710, Cell 126
Post Office Box 2199
Blythe, CA 92226

Dear Mr. Cannon:

This office has received your correspondence concerning your application for executive clemency.

This Governor's administration is working on reducing the backlog of hundreds of pardon applications that have accumulated during previous administrations. Due to the volume of applications that have been submitted and continue to be submitted to this office each week, it is impossible to provide you with an estimate of when your application will be considered for review.

Sincerely,

*N. Dow*

N. DOW
Legal Assistant

LEGISLATIVE COUNSEL

Diane F. Boyer-Vine

CHIEF DEPUTIES

Jeffrey A. DeLand
Daniel A. Weitzman

PRINCIPAL DEPUTIES

Michael J. Kersten
Robert G. Miller
John T. Studebaker
Christopher Zirkle

Joe Ayala
Lara K. Bierman
Edward Ned Cohen
Alvin D. Gress
Jana T. Harrington
David B. Judson
Michael R. Kelly
Kirk S. Louie
James A. Marsala
Michael B. Salerno
William K. Stark
Jeff Thom
Michael H. Upson
Richard B. Weisberg

DEPUTIES

Amy C. Alley
Paul Antilla
Scott A. Baxter
Robert F. Bony
Ann M. Burastero
Eileen J. Buxton
Cindy M. Cardullo
Sergio E. Carpio
Emilia Cutrer
Ben E. Dale
Byron D. Damiani, Jr.
J. Christopher Dawson
Clinton J. deWitt
Linda B. Dozier
Krista M. Ferns
Sharon R. Fisher
Debra Zidich Gibbons
Shira K. Gilbert
Lisa C. Goldkuhl
Kristen A. Goodwin-Alexander
Dulcinea A. Grantham
Maria Hilakos Hanke
Baldev S. Heir
Thomas R. Heuer
Russell H. Holder
Debra R. Huston
Oksana G. Jaffe
Marian M. Johnston
Valerie R. Jones
Patricia Hart Jorgensen
Lori Ann Joseph
Michael J. Kanotz
Thomas J. Kerbs
Jacqueline R. Kinney
Eve B. Krotinger
L. Erik Lange
Kristina M. Launey
Felicia A. Lee
Diana G. Lim
Romulo I. Lopez
Mira A. Macias
Mariana Marin
Anthony P. Márquez
Francisco A. Martin
Daniel M. Maruccia
Judy-Anne McGinley
William E. Moddelmog
Abel Muñoz
Michelle E. O'Connor-Ratcliff
Gerardo Partida
Christine N. Paxinos
Robert A. Pratt
Stephanie Ramirez-Ridgeway
Patricia Gates Rhodes
Beth A. Salamon
Amanda H. Saxton
Jessica L. Steele
Michelle L. Stowell
Ellen Sward
Deborah Teitler
Mark Franklin Terry
Bradley N. Webb
Lisa M. Wright
Jack G. Zorman

OFFICE OF LEGISLATIVE COUNSEL

State Capitol, Suite 3021
Sacramento, California 95814

TELEPHONE (916) 341-8000
FACSIMILE (916) 341-8020
INTERNET www.legislativecounsel.ca.gov
EMAIL administration@legislativecounsel.ca.gov

Legislative
Counsel
of
California

January 6, 2004

Jan Stuter, Principal Librarian
California Department of Corrections
Education and Inmate Programs
P. O. Box 942883-001
Sacramento, CA 95814

Dear Ms. Stuter:

As agreed, I am forwarding to you a request from a prisoner at a state institution, with the expectation that you can arrange for the provision of the information requested.

Because the Legislative Counsel Bureau is generally authorized to provide services only to legislators and their staff members, and its library is not authorized to provide service to the general public, this seems to be the most appropriate way to handle this request.

Thank you for your helpful response.

Very truly yours,

Legislative Counsel

By
Linda Heatherly
Librarian

cc: Tyrrall F. Cannon ✓

Exh #3.



**Core Volunteers**

BQ (rita d. brown)

Tara Gardner

Max Harris

Madrone Phoenix

Taeva Shefler

Aaron Shuman


**Community**

**Advisory Board**

Rose Braz

BQ (rita d. brown)

Angela Davis

Linda Evans

Pam Fadem

Ruthie Gilmore

Holmes Hummel

Dorsey Nunn

Andrea Pritchett

Francis Free Ramos

Elihu Rosenblatt


**Prison Advisory**

**Board**

Marilyn Buck

Ndume Olatushani

Yvonne Roach

Dr. Mutulu Shakur

*The Angola 3:*

Albert Woodfox,

Herman Wallace,

Robert King

Wilkerson (free!)

**PRISON SUPPORT DIRECTORY EVALUATION FORM**

Please fill out this form so that we know what is/is not working in our directory. Please mail this evaluation to our office:

PO Box 70447

Oakland, CA 94612

In the Prisoner Support Directory (enclosed) which categories of resources have you used? (check the slots)

___Advocacy Organizations

___Art and Music Programs

___Books and Reading Projects

___Death Penalty Resources

___Family and Visiting Resources

___Legal Resources

___Parole/Pre-Release Information

___Publications and Magazines

___Rehabilitation/Nonviolence Programs

___Social Support Agencies


___CHECK THIS OUT! section

___surveys

___PARC's INDEX

___Standard Minimum Rules for the Treatment of Prisoners

___Mail Order Publications


Please write down the names of any group/s that you have written to that have not responded in over 3 months:



We need your explicit written permission in order to publish your letter with your name and mailing address. Sign the statement below to grant this permission:

"I grant to the Prison Activist Resource Center permission to publish my correspondence, and if published, permission to publish with my name and mailing address:


Signature:_____    Mailing Address: _____

U.S. Department of Justice

**Executive Office of Immigration Review**

**Immigration Court**

*606 South Olive Street, 15th Floor*
*Los Angeles, California 90014*

To:  *Tyrel F. Cannon*

Date:  *11-28-07*

The attached/enclosed document(s) are being sent/returned to you for one or more of the reasons indicated below. Please follow the instructions, if any, carefully. If the instruction and/or information is unclear, do not hesitate to contact this office at (213)894-2811.

_____ This case is not currently pending before the Immigration Judge.
   _____ Final order was issued on     _____
   _____ Case Administratively         _____
   ——— Closed    Please submit
         directly to:
_____ Jurisdiction is with the BIA-Last Decision   _____
         Mail to: BIA-Appeal Processing Unit
         5107 Leesburg Pike, Suite 1711
         Falls Church, VA 22041

_____ You have submitted the item without entering a Notice of Representation. This must be done on form EOIR-28 (green). We cannot accept any motion or representation unless the respondent/applicant submits in his/her own name or an attorney/representative of record makes the submission.

_____ Motion must contain proper Certificate of Service upon the opposing party,
   i.e.,    Department of Homeland Security- Trial Attorney Unit
         606 So. Olive Street, 8th Floor
         Los Angeles, CA. 90014

_____ Filing fee has not been paid.

_____ The attached foreign language document is unacceptable, unless accompanied by an English language translation.

_____ This office does not have jurisdiction for this case.
   _____ Please forward to the appropriate office.
   _____ We have no record of this case at the Los Angeles Immigration Court.

**X**    Other:    We need an A# if you've ever been before one of our judges here in Los Angeles Immigration Court.

*Los Angeles Immigration Court*
*Terry Martinez /legal assistant*

# UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII
OFFICE OF THE CLERK
300 ALA MOANA BLVD., RM C-338
HONOLULU, HAWAII 96850

**SUE BEITIA**
**CLERK**

TEL (808) 541-1300
FAX (808) 541-1303

January 15, 2008

Mr. Tyrral Farrow Cannon
CDCR #T-91710 (ISP)
P.O. Box 2199 (D-1-1102)
Blythe, CA   92226

Re: Enclosed copies of documents with no Civil Number

Dear Mr. Cannon,

I am returning your documents.  It is unclear to me as to what your instructions are.  Thank you very much.

Sincerely,
Sue Beitia, Clerk
By
Deputy Clerk

lg
encls.



Chambers of
**RICHARD T. FIELDS**
Presiding Judge

4075 Main Street, Suite 310
Riverside, CA 92501

# Superior Court of California
County of Riverside

June 26, 2007

Tyrrall Farrow Cannon
CDCR# T-91710
P.O. Box 2199
Blythe, CA 92226

Dear Mr. Cannon:

I am in receipt of your letter dated June 21, 2007. In your letter, you complain about the actions of Justice Gaut. As Presiding Judge of the Riverside Superior Court, I do not have any supervisory authority over Justice Gaut. I note that you did send your complaint to the Court of Appeal also. As you know, Justice Gaut is a justice of the California Court of Appeal.

This will conclude my review of this matter. I am sorry that I am unable to assist further in this matter.

Sincerely,

RICHARD T. FIELDS
Presiding Judge

RTF:js



THE
# SENTENCING
## PROJECT
RESEARCH AND
ADVOCACY FOR REFORM

## LIST OF PUBLICATIONS

### Who We Are

The Sentencing Project was established in 1986 to improve sentencing advocacy and to develop sentencing programs that promote alternatives to incarceration, particularly for indigent defendants. The Sentencing Project blends practical experience in criminal cases with its well-publicized research findings to advocate for change in the way Americans think about crime and punishment. Our research and analysis have shaped the way that Americans view issues of crime and punishment. Our major findings include:

- The United States has now become the world leader in its rate of incarceration.
- One in three young African American males is under the supervision of the criminal justice system.
- Four million Americans are disenfranchised from voting as a result of a felony conviction.

Law Clinic Programs

March 12, 2008

Mr. Tyrrall F. Cannon
#T-91710, D-1-110L
ISP
P.O. Box 2199
Blythe, CA 92226

THE UNIVERSITY OF

ALABAMA

SCHOOL OF LAW

re:     your correspondence

Dear Mr. Cannon:

Capital Defense Law Clinic

I am in receipt of your correspondence post-dated March 7, 2008. The law school
has asked me to respond. Our Clinical Department does not have any programs that
handle cases such as yours. Our programs are limited in scope and we cannot accept

Civil Law Clinic

any cases which do not fit within our parameters. It appears from the documentation
that you sent that you are involved in post conviction litigation with the State of
California. The only Clinics which handle appeals of any sort are restricted to

Community Development Law Clinic

handling Alabama cases in which the death penalty has been imposed. Because of the
limits of our program we cannot consider your case for acceptance.

Criminal Defense Law Clinic

Good luck with your case.

Domestic Violence Law Clinic

Yours very truly,

Elder Law Clinic

Talitha Powers Bailey

Box 870392
Tuscaloosa, Alabama 35487-0392
PHONE (205) 348-4960
FAX (205) 348-6851

T 213.736.1145 | 919 Albany Street
F 213.382.5403 | Los Angeles, CA 90015-1211
| www.lls.edu/community/ccr

# LOYOLA
**LAW SCHOOL | LOS ANGELES**

**THE CENTER FOR
CONFLICT RESOLUTION**

Mary B. Culbert, *Director*
Marta S. Gallegos, *Associate Director*
Bill Hobbs, *Founding Director*

*Mediators*
Sara Campos
Monica Ruvalcaba Gerken
Claudia A. Natera
Patrick Quinlan
John S. Rodriguez

March 16, 2007

Tyrrall Cannon, T-91710
Ironwood State Prison
P.O. Box 2199
Blythe, CA 92226

  **RE: Original Documents
    File Number: 200609019**

Dear Mr. Cannon:

  This letter is to inform you that we received the original documents that you sent us in reference to your case. Unfortunately we are a neutral mediation service that cannot provide any legal advice nor legal representation. Accordingly we are returning all of the original documents to you. In reference to your request for courses on legal studies, we are enclosing referrals for correspondence courses.

  We wish you the best of luck in pursuing your appeal.

       Sincerely,

       Marta S. Gallegos
       Associate Director

MSG/aa
Enclosures: Correspondence Courses Referrals

F 213.382.5403 | Los Angeles, CA 90015-1211
www.lls.edu/community/ccr



LAW SCHOOL | LOS ANGELES

THE CENTER FOR
CONFLICT RESOLUTION

Mary B. Culbert, *Director*
Marta S. Gallegos, *Associate Director*
Bill Hobbs, *Founding Director*

*Mediators*
Sara Campos
Monica Ruvalcaba Gerken
Claudia A. Natera
Patrick Quinlan
John S. Rodriguez

November 27, 2006

Tyrrall Cannon, T-91710
Ironwood State Prison
P.O. Box 2199
Blythe, CA, 92226

> **RE:    Appellate Referrals**
> **File #: 200609019**

Dear Mr. Cannon:

Thank you for contacting **The Center For Conflict Resolution.** I am sorry that we cannot provide any legal advice nor legal representation. In reference to your request for an attorney referral, you may contact the following programs or projects. These programs help people in need of appellate representation, accordingly, we are enclosing all of the materials that you have previously sent to us. Please see the enclosed page for the list of referrals.

When writing, please include:

1. Your full name and address, including ID#.
2. Your date of birth.
3. County you were sentenced in
4. Date you were sentenced
5. Superior Court case number.

Please contact them right away in case there is a time limit that might affect your case. We wish you the very best of luck in your efforts to prove your innocence

Sincerely,

Marta S. Gallegos
Associate Director

MSG/mjb
Enclosures: Criminal Appellate Referrals



March 10, 2008


Mr. Tyrrall F. Cannon
CDCR # T-91710
P.O. Box 2199
Blythe, California 92226

Dear Mr. Cannon:

I received your letter dated March 2, 2008, in which you
requested assistance. Unfortunately, I am not in a
position to assist you at this time. Due to a heavy
workload, I simply cannot devote any resources to your
request. I am, therefore, returning your letter to you.

Sincerely,


J. Dean Carro
Attorney at Law
DIRECTOR, APPELLATE REVIEW OFFICE

jdc/slg

Enc.



PRISON LAW OFFICE
General Delivery, San Quentin, CA 94964-0001
Telephone (415) 457-9144 • Fax (415) 457-9151
www.prisonlaw.com

*Director:*
Donald Specter

*Staff Attorneys:*
Susan Christian
Steven Fama
Rachel Farbiarz
Brittany Glidden
Penny Godbold
Megan Hagler
Alison Hardy
Millard Murphy
Sara Norman
Judith Rosenberg
Zoe Schonfeld
E. Ivan Trujillo

Re: Request for Legal Assistance

Dear Sir or Madam:

We received your letter, asking for our help, information, or legal advice. Unfortunately, we cannot help you at this time. We receive many more requests than we can possibly handle. We must choose our cases very carefully to ensure that we use our limited resources in the most efficient way.

This means there are going to be many cases that have merit that we cannot pursue, and cases in which we cannot provide requested information or advice. This is unfortunate but necessary, given the large number of cases and requests we handle. We do not like the fact that we can't help everyone who writes. Please understand that our decision not to help does not necessarily mean that you do not have a real problem or worthy case. It is just that we have a small office and can't help everybody who writes.

To help you determine whether your case is worth pursuing on your own, we have enclosed any self-help material that is relevant to your problem. If no material is enclosed, we do not have any helpful information. You may be able to find useful information in the California State Prisoners' Handbook (3rd Edition) published in 2001. Ask for the Handbook in the prison law library. If you want information on how to order a copy of the Handbook, write to us.

We are sorry that we cannot help you. We hope that in the future we will be able to expand our services to help more prisoners throughout California.

Sincerely,

Prison Law Office

Board of Directors
Penelope Cooper, President • Michele WalkinHawk, Vice President • Marshall Krause, Treasurer
Honorable John Burton • Felecia Gaston • Christine Hipps • Margaret Johns
Cesar Lagleva • Laura Magnani • Michael Marcum • Ruth Morgan • Dennis Roberts

# Criminal Appeals

| Name | Address | City | State | Zip | Phone | Fax |
|---|---|---|---|---|---|---|
| Ronald S. Smith, A Law Corporation | 8383 Wilshire Blvd. Ste. 341 | Beverly Hills | CA | 90211 | (323)653-2345 | (323)653-1314 Fax |
| Appellate Defenders | 555 W. Beach St. Ste. 300 | San Diego | CA | 92101 | (619)696-0282 | (619)696-7789 Fax |
| Marilee Marshall & Associates, Inc. | 523 W. Sixth Street, Ste 1109 | Los Angeles | CA | 90014 | (213)489-7715 | (213)489-3754 Fax |
| Asian Pacific American Legal Center of Southern California | 1145 Wilshire Boulevard, 2nd Floor | Los Angeles | CA | 90017 | (213)977-7500 | (213)977-7595 Fax |
| CDC Ombudsperson - Sacramento | P.O. Box 348780 | Sacramento | CA | 95834 | | (916)324-8293 Fax |
| Central California Appellate Program | 2407 J St. Ste. 301 | Sacramento | CA | 95816 | (916)441-3792 | (916)442-0330 Fax |
| Families Against Mandatory Minimums | 1612 K St. NW Ste. 700 | Washington | DC | 20006 | (202)822-6700 | (202)822-6704 Fax |
| First District Appellate Project | 730 Harrison St. Ste. 201 | San Francisco | CA | 94107 | (415)495-3119 | (415)495-0166 Fax |
| National Criminal Justice Reference Service | P.O. Box 6000 | Rockville | MD | 20849 | (800)851-3420 | (301)519-5512 Fax |
| Office of Internal Affairs – Rick Ehle, Assistant Director (investigate corrections staff misconduct) | P.O. Box 3009 | Sacramento | CA | 95812 | (916)255-1300 | |
| Office of Inspector Gnrl.- Youth & Adult Correctional Agency | P.O. Box 348780 | Sacramento | CA | 95834 | | |
| The California Innocence Project- CA Western School of Law | 225 Cedar St. | San Diego | CA | 92101 | (619)525-1485 | |
| The California Innocence Project- Santa Clara U. School of Law | 900 Lafayette St. #604 | Santa Clara | CA | 95050 | (408)554-1945 | |
| The Innocence Project - Benjamin N. Cardozo School of Law | 100 Fifth Ave., 3rd Fl. | New York | NY | 10011 | (212)364-5340 | |
| The Prison Activist Resource Center | P.O. Box 339 | Berkeley | CA | 94701 | (510)893-4648 | |
| USC Law School -Post Conviction Justice Project | 699 Exposition Blvd. | Los Angeles | CA | 90089 | (213)740-2586 | (213)740-5502 Fax |
| University of California at Irvine- School of Social Ecology, Criminology, Law and Society | | Irvine | CA | 92697 | (949)824-5575 | |
| University of New Mexico School of Law | 1117 Stanford NE | Albuquerque | NM | 87131 | (505)277-2146 | |

# BY THE NUMBERS

Fast facts about California's three-strikes law

## 25
The minimum sentence in years for a third strike

## 42,240
Number of second- and third-strikers as of June 30, 2002.

## 3,629
Approximate number of third-strikers who have received at least a 25-years-to-life sentence for nonviolent and nonserious offenses

## 23,511 to 162,000
The change in the state's prison population, 1980-2000

## 217
The percentage of California's prison population, compared with capacity

## 45
Percentage of third-strikers who are African-Americans

## 26
Percentage of third-strikers who are Latinos

## 39
The percentage of African-American men in their 20s in prisons, on probation or parole

## $6.1 billion
The amount spent on prisons and jails

## $26,500
Spent per year to house a third-striker in a maximum security prison, excluding medical costs estimated at $60,000 per year for prisoners over the age of 55

## $113,187
Per bed to build a maximum security prison

## $5.4 million
The annual budget of the California department of corrections in 1945

## $4.8 billion



## CRIME-RATE DROPS DURING FIRST SEVEN YEARS OF THREE STRIKES
### 1993-2000
■ California   ▨ U.S.

Violent crime, Property crime, Homicide, Forcible rape, Robbery, Aggravated assault, Burglary, Larceny-theft, Motor vehicle theft

-23.60, -23.40, -21.20, -26.50, -33.70, 18.40
-32.20, -34.30, -36.50, -31.60
-42.30, -42.00, -42.10, -43.40, -50.50, -47.50
-53.30
-56.10

Source: Secretary of State          Staff graph.

## THREE-STRIKERS BY RACE AND SEX

San Bernardino County – % of state total

| | Other | Black | Hispanic | White | Total |
|---|---|---|---|---|---|
| Female | 0 | 3 | 1 | 1 | 5 |
| Male | 10 | 186 | 119 | 131 | 446 |

Riverside County – 4% of state total

| | Other | Black | Hispanic | White | Total |
|---|---|---|---|---|---|
| Female | 0 | 0 | 1 | 1 | 2 |
| Male | 12 | 114 | 83 | 88 | 297 |

Source: California Department of Corrections          Staff graphic

## THREE-STRIKERS IN PRISON
San Bernardino County

| Offense | Prisoners |
|---|---|
| Murder | 17 |
| Robbery | 69 |
| Assault | 30 |
| Sex crimes | 33 |
| Kidnapping | 5 |
| Burglary/Theft | 152 |
| Drug related | 100 |
| Escape | 4 |
| Driving under the influence | 2 |
| Weapons possssion | 24 |
| Other offenses | 15 |
| TOTAL | 451 |

Source: Calif. Dept. Corrections  Staff graphic

## 21
The number of prisons built since 1984

## 1
The number of colleges and universities built since 1984

## $1.5 million and $2 million
Money the prison guard union gave Gov. Pete Wilson's and Gov. Gray Davis' election race

## 128,000
The estimated number of inmates in prison suffering from substance abuse

## 3,000
The estimated number of inmates receiving substantial treatment for substance abuse

## 15 times
The amount of crime the Rand Corp. estimates would be reduced if money were spent on treatment programs rather than prisons

## 41
California's rank among the

## 3 to 4 times
The amount of crime the Rand Corp. estimates would be reduced if money were spent on college graduation incentives for high-risk youth rather than prisons

## 84
The percentage of judges that were white appointed by Gov. Pete Wilson

## 85
The percentage of people polled in San Diego who wanted the third strike to be for only violent or serious felonies

## 3
The longest prison sentence in years given to those guilty of the $1.64 billion bankruptcy of Orange County

## 6

"You just can't imagine what it's like. The sentencing was worse than a funeral, because you know the person is. but it's they are re dead."

# A Gang Under Siege

They were 'saviors of the Senate.' But the Gang of 14 may pay a price at the polls.



**STUMPED:** Facing a tough primary challenge, Chafee called on McCain

**BY JONATHAN DARMAN AND HOLLY BAILEY**

FRAN DEWINE JUST WANTED to talk about apple pie. Campaigning last month for her husband, Ohio Republican Sen. Mike DeWine, she handed constituents a family cookbook, complete with Mike's favorite pie recipe and her own "Fran's Best Bread." But one voter was interested in a less appetizing topic: why had her husband defied his party leadership on judicial nominees and joined the Senate's so-called Gang of 14? Taken aback, Fran rambled on like a schoolteacher, explaining the nature of filibusters and the history of Republican appointees on Capitol Hill. Later, when pressed by a reporter, she was more succinct: her husband had defected, she confided, in order to save the Senate.

It is an odd political moment when a wife believes her husband's role in rescuing history's greatest deliberative body is something she has to explain. After all, in May 2005, when the seven Democrats and seven Republicans in the Gang of 14 announced they'd reached a deal on President George W. Bush's judicial nominees—preventing the dread "nuclear option" (where a majority would end a Democratic filibuster and destroy the rules of the Senate)—they were the first to proclaim they'd brought democracy back from the brink. With a classically senatorial mix of solemnity and self-congratulation, they wondered if their deal might be the start of a new civility in Washington. "We have lifted ourselves above politics," said the old Senate stalwart, West Virginia Democrat Robert Byrd. "Thank God for this moment."

But politics has a way of bringing senators back down to earth. With control of Congress on the line this November, both political parties are pressing the wedge issues—immigration, stem-cell research and, most prominently, Iraq. And creatures of the center are struggling to simply stay in the game. Nowhere is the struggle more

desperate than inside the Gang of 14, whose alliances across the aisle could cost three senators their jobs. Their fellow Gang members are helping where they can, but some wonder about the future of moderate coalitions in American politics. "This is an incredibly close election," says former Louisiana Democratic senator John Breaux, himself a celebrated centrist. "The bases of both parties don't like anyone who looks like they've helped the other side."

So far, DeWine has most artfully pulled off the balancing act—not surprisingly by stressing his partisan credentials. At first, his association with the Gang of 14 threatened to sink his political career—one state religious leader called him "an absolute embarrassment." But after the agreement, the Senate confirmed a slew of Bush's federal-court nominees and two Supreme Court justices, and DeWine skillfully recast his participation in the Gang as service to the conservative cause. DeWine tells NEWS-WEEK he has an easy answer when confronted by party members who still question the compromise: "Look, we got our judges ... We won." The strategy has helped DeWine shore up Republican support and focus on his Democratic challenger, whom he trails by some eight points.

He isn't the only one struggling. In Connecticut, Democrat Joe Lieberman is withering under charges he's too quick to jump into bed with the Republican Party. Across



   

RIGHT ON: Bush visited Ohio to help raise money for DeWine

the state line in Rhode Island, Republican Lincoln Chafee, a congenital compromiser, is in a dead heat with a conservative primary opponent who calls him, accurately, the most liberal Republican in the Senate. Fellow Gang member John McCain has lent Chafee some support—campaigning with him and appearing in an ad—but Chafee increasingly sounds like a man from another.

era. "I don't understand these people who win saying, 'I'm going to be even more polarizing'," he tells NEWSWEEK.

Inside the halls of the Senate, the Gang of 14 still offers its embattled members shelter from the storm. "The doors close and suddenly Democrats and Republicans are talking to each other without fear it's going to be used against us somewhere," Chafee says. Last month the Gang met in Arkansas Sen. Mark Pryor's office to discuss the nomination of William Haynes II, an architect of the Bush administration's detainee policy and Bush's pick for a seat on the U.S. Court of Appeals for the Fourth Circuit. Most of the Democrats and at least three GOP senators—McCain, Maine's Susan Collins and South Carolina's Lindsey Graham—raised doubts about Haynes's nomination. As they counted heads, they must have wondered how the fall election will affect their numbers. "The consequences to this nation of not being able to reach across party lines ... are monumental," Graham says. "If that ever gets to be impossible, our days as a great democracy are numbered." Among Gang members, he's preaching to the choir, but the choir may soon be shrinking. ■

---

ELECTION 2006 ★ HOT SPOTS

## Republican Fault Lines

Cracks in the Republicans' ranks may help boost the Democrats' electoral prospects this fall. Some GOP moderates to watch:

| 2004 SHARE OF VOTE Kerry win | Bush win | STATEWIDE TURNOUT JUN 2004 ELECTION | GOVERNOR'S PARTY Dem | GOP | PRES. BUSH'S APPROVAL RATING |
|---|---|---|---|---|---|
| XX% | XX% | XX% | | | XX% |

### TENNESSEE: Senate race


Clarksville • Nashville • Knoxville • Memphis • Chattanooga

The split: Conservative Republican Van Hilleary looked to be headed for the nomination, but recently, former Chattanooga mayor Bob Corker, a moderate, has been surging.


57% / 51%

The effect: If Corker gets the nod, he could win over some conservative Democrats—which would be trouble for the Dem opponent, Harold Ford Jr.

### CONNECTICUT: Districts 4, 5 House races

54% / 65%
Hartford • Bridgeport • CONNECTICUT

Stamford
51%

The split: Republican Chris Shays (Fourth District) criticizes his party and backs Sen. Joe Lieberman, but he defends his Iraq war support. In the Fifth, 12-term GOP moderate Nancy Johnson is getting lumped with Bush.

The effect: If neither can overcome the state's Bush blues, the Dems could sweep.

### MICHIGAN: District 7 House race

The split:
Both Bush and Sen. McCain support first-termer Joe Schwarz. But primary opponent Tim Walberg says Schwarz's pro-choice views are too liberal for this red district.


MICHIGAN • Grand Rapids • Lansing • Detroit

51% / 57%

The effect: In '04, Schwarz got 28% to Walberg's 18% in a six-way primary. But now it's a two-man race, and the right may rally around Walberg.

AS OF JULY 14, 2006. MAPS NOT TO SCALE. SOURCES: SURVEYUSA, NEWS REPORTS, THE HOTLINE, CONGRESSIONAL QUARTERLY—DAVID GERLACH

★ CURRENT MAKEUP OF CONGRESS: House: 232 GOP, 201 Dem, 1 Ind., 1 vacancy (total: 435) Senate: 55 GOP, 44 Dem, 1 Ind. (total: 100) ★

ADAM CAIRNS—COLUMBUS DISPATCH-AP



March 26, 2008

Mr. Tyrrall F. Cannon
CDCR #T-91710; D-1-1102
P.O. Box 2199
Blythe, CA 92226

Dear Mr. Cannon:

This is in response to your recent request for assistance from the ACLU Foundation of San Diego & Imperial Counties. We apologize for responding to your request for assistance with a form letter. However, because of the volume of requests we receive, it is necessary for us to use this form.

ACLU FOUNDATION
SAN DIEGO & IMPERIAL COUNTIES
P.O. BOX 87131
SAN DIEGO, CA 92138-7131
619/232-2121
WWW.ACLUSANDIEGO.ORG

Based on the information you provided, we have concluded that the ACLU will not be able to assist you in this matter. This decision reflects our own limited resources, and in no way reflects on the worthiness of your case. The ACLU is a non-governmental, non-profit organization that seeks to preserve and extend constitutional rights and principles found mainly in the Bill of Rights. We lack the staff and resources to act as a general legal clinic, however, and are able to accept only a small percentage of the cases we are requested to take.

If you believe you have a potential lawsuit, you should consult with an attorney immediately to ensure that you do not lose the right to bring a legal case due to any applicable time deadlines.

We're sorry that our response could not be more favorable, and hope that you will be able to resolve this matter satisfactorily.



*Matthew L. Cate, Inspector General*

*Office of the Inspector General*

January 23, 2007

Tyrrall Cannon, T-91710
Ironwood State Prison
P.O. Box 2199
Blythe, CA 92226

Re:    Appellate Referral

Dear Mr. Cannon,

This is in response to your request for appellate representation.  The Inspector General does not provide legal representation.  The Inspector General is authorized to conduct audits of investigatory practices and other audits, and conduct investigations of the Department of Corrections and Rehabilitation. (Penal Code § 6126.)

It appears by the documents you provided that one of your contacts recently forwarded your complaint to the Assistant Attorney General in Washington D.C. with a request that they contact you concerning all actions taken to resolve your complaint.

No action will be taken by this agency. The documents you provided are returned to you with this letter.

Sincerely,

Ann Bordenkircher
Legal Analyst

Enclosures



**U.S. Department of Justice**

National Institute of Corrections

_Washington, DC 20534_

October 12, 2007

Tyrrall Farrow Cannon F91710
CDCR
P.O. Box 2199
Blythe, CA 92226

Dear Mr. Farrow Cannon:

Your letter has been referred to my office for response.

The National Institute of Corrections' mission is to provide information, technical assistance and other correlative services to state and local correctional agencies. NIC has no jurisdiction over state or local correctional facilities and, therefore, does not provide services directly to state or local inmates, and has no authority to conduct investigations. In addition, NIC does not have any statutory authority to regulate operations within state or local facilities.

The letter you sent is being returned to you.

Sincerely,

Rita Rippetoe
Executive Assistant



**U.S. OFFICE OF SPECIAL COUNSEL**
1730 M Street, N.W., Suite 218
Washington, D.C. 20036-4505
(202) 254-3600

Mr. Tyrrall F. Cannon                                    NOV 0 7 2007
CDCR #T-91710 (ISP)
PO Box 2199 (D-1-110C)
Blythe, CA 92226

### Re: OSC File No. MA-08-0249

Dear Mr. Cannon:

This letter acknowledges receipt of the complaint that you filed with this Office against officials of the Federal Bureau of Prisons. You are seeking assistance in being released from illegal restraint

The Office of Special Counsel is authorized to investigate allegations of prohibited personnel practices and certain activities prohibited by civil service law, rule, or regulation 5 U.S.C. §§ 1214(a)(1)(A), 1216(a) and 2302(b). We have carefully reviewed your correspondence. However, based on our evaluation of the information you submitted, we have made a determination to close our file in this matter for lack of jurisdiction.

The provisions of 5 U.S.C. § 2302 establish that our authority to investigate prohibited personnel practices extends only to employees or applicants for employment to competitive or excepted service positions in Executive Branch departments and agencies of the federal government. Employee is defined in 5 USC § 2105. The information you provided indicates that you are not an employee or applicant for employment to a civilian position in any federal agency. Your complaint also does not appear to concern a federal employment matter or a prohibited personnel practice. Thus, we can be of no further assistance to you.

Should you wish to discuss your complaint, please contact me at (202) 254-3600.

Sincerely,

J. Sandra Thomas
Complaints Examiner



U.S. Office of Special Counsel
1730 M Street, N.W., Suite 218
Washington, D.C. 20036-4505

### 11/12/2007

### TO:    RECIPIENTS OF OFFICE OF SPECIAL COUNSEL SURVEY

A matter that you filed with the Office of Special Counsel (OSC) was closed during fiscal year (FY) 2007 (Oct. 1, 2006-Sep. 30, 2007). To better serve you and others who come to OSC for assistance, we hope that you will take a few minutes to complete our electronic survey (OMB Control No. 3255-0003 with exp. date 09/30/2008).

The nature of your contact with OSC falls into one of three categories, which you will be asked to identify when you begin the survey:

1. a Prohibited Personnel Practice (PPP) complaint;
2. a written Advisory Opinion concerning the Hatch Act (HA); or
3. a Uniformed Services Employment and Reemployment Rights Act (USERRA) complaint.

You are free to respond, or not to respond, to this survey. If you decide to respond, please fill out a survey online, http://www.osc.gov/esurvey by December 17, 2007. Prompt submission of the survey will ensure that your responses are included in our tabulations of survey results.

If more than one matter that you filed was closed by OSC in FY 2007, you will receive separate correspondence with unique survey access numbers - one for each matter closed. The type of matter you submitted is indicated by one of the following three acronyms which appear below the zip code on the address label of your envelope: PPP, HA, USERRA.

The OSC unit that administers the survey electronically does not handle questions or correspondence about individual cases. If you have any questions, or need additional information about OSC services, please call (800) 872-9855. Any of our representatives will be pleased to help you. You can also find information about OSC on our Web site. The address is: *< http://www.osc.gov >*.

To access the survey electronically, use the following electronic address:

## http://www.osc.gov/esurvey

*On the screen which opens up, insert your 2007 survey number:* **UPN1CC**

OSC would like to thank you for your participation in its annual survey.

*( Notice, over )*

# United States Court of Appeals

**District of Columbia Circuit**
**Washington, D.C. 20001-2866**

Mark J. Langer
Clerk

March 23, 2007

General Information
(202) 216-7000

Tyrrall Farrow Cannon
CDCR # T-91710 (ISP)
PO Box 2199
Blythe, CA 92226

Dear Mr. Cannon:

The court is in receipt of your new complaint mailed on February 1, 2007. While captioned United States Court of Appeals for the District of Columbia Circuit, the complaint appears to be a copy of a pleading sent to the United States District Court for the District of Columbia. Accordingly, the court will not take action.

Sincerely,

Nancy G. Dunn
Deputy Special Counsel

cc: Nancy Mayer-Whittington, Clerk
United States District Court for the District of Columbia



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Los Angeles District Office**

255 E. Temple Street, 4th Floor
Los Angeles, CA 90012
National Contact Center: (800) 669-4000
National Contact Center TTY: (800) 669-6820
Direct Line: (213) 894-1077
Los Angeles Direct Dial: (213) 894-1096
TTY (213) 894-1121
FAX (213) 894-1118

Tyrrall F. Cannon
CDCR# T-91710 (ISP)
P.O. Box 2199 (D-1-1102)
Blythe, CA 92226

Re: Civil Rights Complaint Pursuant to 42 U.S.C. § 1983

Dear Mr. Cannon:

This letter shall serve as an acknowledgment of receipt of your correspondence regarding the above referenced complaint on 02/29/08.

We have carefully reviewed your submitted document and would like to advise you that the EEOC handles only those claims that reflect employee/employer relationship and all the possible issues arising out of such relationship.

Due to the nature of your complaint and causes alleged therein, we will not be able to assist you with the resolution of those claims.

Sincerely,

Derek Li,
EEOC Supervising Trial Attorney



**U.S. Equal Employment Opportunity Commission**
**Los Angeles District Office**

255 E Temple St., 4th Fl
Los Angeles, CA 90012
(213) 894-1000
TTY (213) 894-1121
FAX (213) 894-1118
1-800-669-4000

May 29, 2008

Tyrrall F.Cannon
CDCR# T-91719 (ISP)
Post Office Box 2199 (D-1-1102)
Blythe, California 92226

Dear Mr. Cannon:

This letter is in response to the letter that sent to the Equal Employment Opportunity Commission (EEOC). First of all, it is important for you to know that the EEOC does not investigate every complaint that is filed with us. The EEOC can only investigate complaints of discrimination over which we have jurisdiction, which means that before we can investigate, complaints must meet certain legal requirements. If we are able to meet those legal requirements, then we must be able to find the evidence to prove the employment discrimination. From the letter that you have provided, it appears that we will not be able to conclude that the harm that you are complaining about establishes a violation of the laws enforced by EEOC. The reason for this conclusion is:

❏     Your issues fall outside the statutes enforced by EEOC.

Again, our conclusion was based on the information you provided in your pre-complaint questionnaire. If you have any questions about how we reached this conclusion, you may contact the undersigned at the phone number identified in this letter.

I must also tell you that even though, we will not be able to investigate your complaint of discrimination you still have the right to pursue your complaint in federal court, but in order to do so you must get permission from the EEOC. If you wish to pursue the matter in court, you will need to check the box below and return this letter to the undersigned. Please note that the EEOC will process your request so that you do not lose your federal rights to go to court. The EEOC will not investigate your complaint. Once we receive this returned letter, we will process your complaint and issue your Dismissal and Notice of Rights. The Dismissal and Notice of Rights will give you permission to file in Federal District Court. If you wish to enforce your rights to file in court, you must file your lawsuit in U.S. District

PAGE 2 OF 2

Court within <u>90 days</u> from the date you received the Notice  It is important for you to remember that once this 90-day period is over, your right to sue is lost.

    Check this box to receive a Dismissal and Notice of Rights and return this letter to:

Brian Nelson, CRTI Supervisor
255 East Temple Street, 4th Floor
Los Angeles, California  90012

Thank you for attention to this matter.

Sincerely,

*Karrie L. Maeda*

Karrie L. Maeda,
EEOC Representative

# Summary & Analysis

## Civil Rights—Procedure

### Slave Descendants Lack Standing to Assert Most Damages Claims Against Corporations

Descendants of slaves seeking damages under 42 U.S.C. § 1982 and state law against corporations that allegedly profited from providing services to or being slaveowners lack standing to assert most of those claims, the U.S. Court of Appeals for the Seventh Circuit held Dec. 13 (*In re African-American Slave Descendants Litigation*, 7th Cir., No. 05-3265, 12/13/06).

The causal chain of injury between the plaintiffs and their ancestors is too remote and speculative to satisfy Article III standing, Judge Richard A. Posner said. Claims of plaintiffs suing as legal representatives of their ancestors are time-barred, he said. But state fraud and consumer protection law claims alleging that the plaintiffs were deceived into buying products and services from the defendants because the sellers concealed their dealings with slaveowners should not have been dismissed at the outset, he added.

Ten class actions from around the country were consolidated in federal district court in Chicago for pretrial proceedings under the multidistrict litigation statute, 28 U.S.C. § 1407. The African American plaintiffs alleged that the defendants are companies that provided services such as transportation, finance, and insurance to slaveowners. The lender-predecessors of two of the defendants allegedly became owners of slaves who were pledged as collateral on defaulted loans. The plaintiffs alleged that the challenged transactions with slaveowners were illegal in Northern states even before the 13th Amendment barred slavery after the Civil War; they also alleged that occasional enslavement took place after the 13th Amendment passed.

The plaintiffs asserted federal claims under 42 U.S.C. § 1982, which provides that all U.S. citizens "shall have the same right . . . as is enjoyed by white citizens . . . to inherit, purchase, lease, sell, hold, and convey real and personal property." They also asserted federal diversity jurisdiction over all but one plaintiff's state law claims (dismissal of whose claims for lack of subject matter jurisdiction was affirmed).

The district court dismissed the suit with prejudice for lack of jurisdiction (citing the political question doctrine and lack of Article III standing), for lapse of the statute of limitations, and for failure to state a claim.

**Causal Link Too Remote.** The Seventh Circuit for the most part affirmed, but said that the dismissal should in the main have been without prejudice. "The political question doctrine bars the federal courts from adjudicating disputes that the Constitution has been interpreted to entrust to other branches of the federal government," the court said. If the plaintiffs had "sought reparations for the wrong of slavery," the doctrine would likely have barred their suit as exceeding judicial

capabilities. But they were "careful to cast the litigation as a quest for conventional relief," asking the federal court to apply Section 1982 and state law to the defendants' conduct, the court observed. Although Section 1982 cannot afford relief for conduct occurring before its enactment, and it is dubious that Northern states' antebellum laws were intended to confer benefits on 21st century slave descendants, the obstacles to this suit "have the form at least of conventional defenses" rather than political questions, the court said.

But the district court correctly dismissed most claims for lack of standing, the appeals court said. "It would be impossible by the methods of litigation to connect the defendants' alleged misconduct with the financial and emotional harm that the plaintiffs claim to have suffered as a result of that conduct," the court said. If a descendant could sue for wrongs to an ancestor, statutes of limitations would be "toothless," the court said. And the plaintiffs' argument that, if the defendants had not done business with slaveowners, there might have been less slavery and their ancestors might have had disposable income for them to inherit has too long a causal chain and "too many weak links for a court to be able to find that the defendants' conduct harmed the plaintiffs at all, let alone in an amount that could be estimated without the wildest speculation," the court said.

Recasting the relief as restitution rather than damages would not solve the problem, because restitution—a remedy for a legal wrong—presupposes an injury, and "there is no way to determine what if any injury the defendants inflicted on the members of the plaintiff classes," the court said.

The "remoteness" between the alleged injury to the ancestors and any injury to the plaintiffs is either a "limitation on Article III standing" as characterized in *McConnell v. FEC*, 540 U.S. 93, 72 U.S.L.W. 4015 (2003), or a "nonjurisdictional limitation on who may sue in federal court," as found in *Holmes v. SIPC*, 503 U.S. 258 (1992), the court said.

**Other Claims.** A few plaintiffs alleged that defendants tooks no steps to free them from involuntary servitude to which they were subjected as recently as the 1960s. But the court saw no basis for "any kind of Good Samaritan legal duty to eliminate a violation of the Thirteenth Amendment committed by someone else."

Plaintiffs claiming to sue in a representative capacity on behalf of their ancestors did not face the standing problem that plaintiffs suing on their own behalf do, but their claims were time-barred—no tolling doctrine can extend "to a century and more beyond" the limitations period—and thus were dismissed with prejudice.

One "buried" claim alleged that the plaintiffs would not have bought products or services from the defendants but for their concealment of their involvement with slavery. The court compared this consumer protection claim with that in *Kasky v. Nike Inc.*, 45 F.3d 243, 70 U.S.L.W. 1703 (Cal. 2002), which alleged that a manufacturer misrepresented conditions in its overseas



plants. While not passing on the merits of the claim, the court said that it was not barred "at the threshold."

Finally, one class action had originally been filed in California state court, then removed. Only those plaintiffs objected to venue in Chicago. The court read *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26 (1998), as "hint[ing]," without actually deciding, that a transferee court in multidistrict litigation may rule on a dispositive pretrial motion involving plaintiffs who have not agreed to let the court decide the merits of the case. Thus the California plaintiffs must await such motions in Chicago, the court said.

Chief Judge Frank H. Easterbrook and Judge Daniel A. Manion joined the opinion.

Bruce I. Afran, Princeton, N.J., Roger S. Wareham, Brooklyn, N.Y., and Barbara K. Ratliff, Los Angeles, argued for the plaintiffs. Alan S. Madans, Rothschild, Barry & Myers, Chicago, and Owen C. Pell, White & Case, New York, argued for the defendants.

*Full text at http://pub.bna.com/lw/053265.pdf.*

## Criminal Law—Search and Seizure

### Buie Can Allow Protective Sweep of Car Parked at Curb as Officers Search Home

A "protective sweep" of a vehicle parked on a public street during the execution of a search warrant at an adjacent residence is reasonable under the Fourth Amendment as long as reasonable police officers could believe that the vehicle conceals a person who poses a danger to officers at the search site, the U.S. Court of Appeals for the Eighth Circuit held Dec. 20 (*United States v. Jones*, 8th Cir., No. 06-2030, 12/20/06).

The court emphasized that, even though the vehicle swept in this case was not actually on the premises to be searched, its proximity to the residence, the nature of the evidence sought, and the defendant's conduct could have led officers reasonably to believe that someone within the car posed a threat to them.

A combined team of state and federal law enforcement officers gathered to execute a search warrant for drugs and weapons at the defendant's residence. During preliminary surveillance, they observed the defendant and several other people standing outside the house near the open passenger door of a car parked at the curb. When the officers approached and ordered the individuals by the car to turn around, the defendant instead leaned into the car, leaving the officers unable to see his upper body for a few seconds, then closed the car door and followed the officers' orders.

The officers believed that the defendant's conduct was consistent with participation in a drug transaction with someone in the car. However, dark tinting on the car's windows prevented them from seeing inside to determine whether anyone was in the car. The officer in charge decided to conduct a protective sweep of the vehicle, which yielded both drug and weapons evidence. The defendant subsequently sought suppression of this evidence, arguing that the sweep was not justified by the circumstances.

**Protective Sweep Jurisprudence.** The U.S. Supreme Court recognized the Fourth Amendment protective sweep doctrine in *Maryland v. Buie*, 494 U.S. 325

(1990), where it said that officers authorized to make an arrest in a home may conduct a cursory search of areas that they reasonably suspect may harbor dangerous individuals. The *Buie* court said:

> [A]s an incident to the arrest the officers could, as a precautionary measure and without probable cause or reasonable suspicion, look in closets and other spaces immediately adjoining the place of arrest from which an attack could be immediately launched. Beyond that, however, we hold that there must be articulable facts which, taken together with the rational inferences from those facts, would warrant a reasonably prudent officer in believing that the area to be swept harbors an individual posing a danger to those on the arrest scene.

Although post-*Buie* courts have differed over the requirements and scope of the "frisk of a home" authorized by that case, a few have made clear that the protective sweep doctrine is not limited to searches of residences where arrests are made. For example, in *United States v. Maddox*, 388 F.3d 1356 (10th Cir. 2004), the Tenth Circuit ruled that officers may detain individuals within the "arrest scene," including areas outside the house.

The *Maddox* court noted that *Buie* described the area in which a protective sweep may take place as the "arrest scene" but did not define that term. Thus, the Tenth Circuit said, *Buie* "does not expressly limit the protective sweep to areas within the home." The court then invoked the general Fourth Amendment reasonableness standard to determine what qualifies as the arrest scene, and said that "law enforcement officers may only detain individuals on the scene of an arrest who are not within the 'immediately adjoining' area of the arrest if the officers 'possess a reasonable belief based on specific and articulable facts[,]' that the individual poses a danger to them."

**Extension to Vehicle.** The Eighth Circuit has extended the protective sweep doctrine even further, holding in *United States v. Thomas*, 249 F.3d 725 (8th Cir. 2001), that *Buie*'s safety rationale may justify a protective sweep of an automobile during a traffic stop even when there is no arrest.

In *Thomas*, officers stopped a van driven by the defendant on the basis of their reasonable belief that he had just committed a bank robbery. They could not, however, see inside the van to determine whether anyone else was inside. Under these circumstances, the *Thomas* court said, "the search of the van was reasonably necessary for the officers' personal safety . . . because other occupants in the van could pose a significant danger to the officers."

The court, in an opinion by Judge Raymond W. Gruender, found the sweep of the parked car in this case similarly justified. The officers were lawfully at the scene to execute a search warrant, the court noted. Although the car was not on the property targeted by the warrant, it was parked on a public street immediately adjacent to the premises such that anyone in the car potentially posed a danger to the officers, it noted.

Additionally, the court said, the officers were aware that the warrant was designed to uncover evidence of drug dealing at the residence—"an enterprise that often involves drive-up transactions and the presence of firearms." They also knew that the defendant lived in the house to be searched and that he recently had been involved in a shooting and had a prior conviction for unlawful possession of firearms, the court pointed out.



U.S. Department of Justice

Federal Bureau of Investigation

In Reply, Please Refer to
File No.

1650 Spruce Street, Suite 200
Riverside, California  92507
(951) 686-0335

November 10, 2005

Tyrrall Farrow Cannon
CDC # T-91710
Ironwood State Prison
P.O. Box 2199
Blythe, CA 92226

Dear Mr. Cannon:

This letter is to acknowledge receipt of your correspondence
dated 8/31/2005.

The United States Department of Justice, Civil Rights Unit, and
the Federal Bureau of Investigation (FBI) require that specific
details of alleged civil rights violations, including
descriptions of the violation itself, injuries sustained, and
witness identities be provided prior to consideration being given
as to whether a criminal, civil rights investigation will be
initiated.

Your letter and the accompanying materials were reviewed,
however, they do not appear to support the initiation of a
federal, criminal investigation.  The criminal, appellate courts
appear to be the proper venue in which to address your concerns.

For the reason stated above, the FBI will not open an
investigation into your claims at this time.  You may submit
additional information to this office, if available, for further
review.

Sincerely,

FEDERAL BUREAU OF INVESTIGATION
RIVERSIDE RESIDENT AGENCY
CIVIL RIGHTS UNIT



U.S. **Department of Justice**

Federal Bureau of Investigation

In Reply, Please Refer to
File No.

11000 Wilshire Blvd
Los Angeles, California 90024
310-477-6565
February 20, 2006

Mr. Tyrrall Farrow Cannon
CDC #T-91710 (ISP)
P.O. Box 2199 (B-4 202 UP)
Blythe, California 92226

Dear Mr. Cannon:

This letter is to acknowledge receipt of your complaint
of February 1, 2006.

The United States Department of Justice, Civil Rights
Division, and the Federal Bureau of Investigation (FBI) have
established certain threshold requirements that must be met prior
to the initiation of a federal, criminal, civil rights
investigation. The information you provided does not contain
sufficient information for the FBI to initiate a federal civil
rights investigation. An investigation cannot be opened based
solely on conclusory allegations.

A detailed description of actual events and witnesses
need to be provided in order to evaluate the potential of a
criminal civil rights investigation being initiated.

For the reason stated above, the FBI will not be
conducting an investigation into this allegation.

Sincerely,

J. Stephen Tidwell
Assistant Director in Charge

By:
Susan E. O'Brien
Acting Supervisory Special Agent



**U.S. Department of Justice**

Federal Bureau of Investigation

---

Washington, D. C. 20535-0001

May 15, 2006

Mr. Tyrrall Cannon, #T-91710
Post Office Box 2199
Blythe, CA  92226

Dear Mr. Cannon:

      This letter is in response to your correspondence addressed to the FBI.

      The matters that you have brought to our attention do not warrant an FBI investigation. You may wish to pursue this matter with private legal counsel.

                  Sincerely yours,

                  *Mark R. Vukelich /srt*

                  Mark R. Vukelich
                  Chief, Civil Rights Unit
                  Criminal Investigative Division



**U. S. Department of Justice**          $Tw:5/$

Civil Rights Division

TW:  dha
DJ 144-12C-0

*Washington, D.C. 20530*

January 12, 2005

Mr Tyrrall F. Cannon
#T-91710
P.O. Box 2199
Blythe, California 92226

Dear Mr Cannon:

This is in reply to your correspondence to the Department.
We apologize for the delay of this response.

The Department of Justice is not authorized to give legal
assistance to private citizens or to represent them.  Therefore,
we have no authority to take any action.

Sincerely,

Theresa Weathers
Civil Rights Division



Chambers of
**RICHARD T. FIELDS**
Presiding Judge

4050 Main Street
Riverside, CA 92501

# Superior Court of California
## County of Riverside

September 25, 2007

Tyrrall Farrow Cannon
CDCR # T-91710
P.O. Box 2199
Blythe, CA 92226

Dear Mr. Cannon:

I am in receipt of your letter dated August 6, 2007. In your letter, you complain about prison conditions. Please be advised that, as Presiding Judge, I do not supervise the operations of the prison system. I would suggest you seek the legal representation of an attorney or a pro bono group to assist you.

Sincerely,

RICHARD T. FIELDS
Presiding Judge

RTF:js



**U.S. Department of Justice**

**Federal Bureau of Investigation**

*Washington, D.C. 20535*

December 2, 2005

Mr. Tyrrall Farrow Cannon
**T-91710
Post Office Box 2199
Blythe, CA   92226

Dear Mr. Cannon:

    This is in response to your Freedom of Information Act (FOIA) request.

    The FOIA provides for access to Government records where the records sought are "reasonably described" [Title 5, United States Code, Section 552(a)(3)(A)]. Your letter does not contain enough descriptive information to permit a search of our records. In accordance with Title 28, Code of Federal Regulations, Part 16.3(b), please provide us more specific information. Any information that would help locate the records with a reasonable amount of effort would be appreciated, such as complete names of individuals, organizations or events, dates and places of birth and the approximate time frame of the information sought, etc.

                               Sincerely yours,

                               David M. Hardy/erl

                               David M. Hardy
                               Section Chief
                               Record/Information
                                 Dissemination Section
                               Records Management Division